UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
Case No.: 1:24-cv-21929-Bloom

ZACHARY GRIFFIN,

    *Plaintiff*,

v.

MOTORSPORT GAMES INC.,

    *Defendant*.

_____/

## MOTION TO DISMISS

Plaintiff Zachary Griffin, a citizen and resident of Australia, deceptively alleges that Defendant Motorsport Games Inc. ("MSG") "hired" him and entered into an oral agreement with him, while omitting that he was "hired" not by MSG, but rather by MSG's foreign subsidiary, Motorsport Games Australia PTY LTD ("MSG Australia") pursuant to a written employment agreement that covers the precise terms of the alleged oral agreement.

Plaintiff's principal complaint is that MSG sought to relocate Plaintiff from Australia to Miami, that he failed to obtain a work visa from the U.S. Department of State, and the failure to obtain the work visa was due to a third-party lawyer that MSG had recommended. The "damages" Plaintiff claims are undefined but referenced as "moving expenses; travel expenses; lodging expenses; utility expenses; insurance expenses; and paying an income tax rate of 45% in Australia, as opposed to a rate of around 21% in Florida."

Plaintiff's complaint for breach of the alleged "oral agreement" to relocate to Miami must be dismissed because a) the written employment agreement requires amendments to be in writing and signed, b) the alleged oral agreement is amorphous and lacking essential terms, c) there is no breach of the alleged terms, d) Plaintiff himself pleads that the failure to relocate to Miami was

1

due to his inability to obtain a work visa from the U.S. Department of State, and not as a result of any breach of anything by MSG.

## ALLEGATIONS

Plaintiff's complaint alleges an extremely amorphous "oral agreement," which he defines as the "Relocation Agreement" not with his employer, MSG Australia, but rather with its parent company, MSG. Griffin alleges that "Pursuant to the Relocation Agreement terms, Griffin was to be promoted to Director of technology, with a base salary of $240,000 per year, plus an annual bonus of $70,000." DE 1 at ¶9. Plaintiff nowhere alleges any other "terms" of this alleged "Relocation Agreement" nor that either of these two terms (salary and bonus) was breached in any way. That failure to allege either essential terms or their breach requires dismissal of the breach of contract claim.

Instead of alleging breach of these terms, Plaintiff alleges that "[o]n or about May 6, 2022, Mr. Kozko [then MSG's Chief Executive Officer] requested that Griffin agree to a reduced bonus of $48,000 rather than the previously agreed $70,000, considering MSG's financial position. As an incentive to accept the reduced bonus, it was split into two payments, with the first payable in June." DE 1 at 9.

Plaintiff does not disclose to the Court that this change to the allege oral agreement was actually a specific written amendment to his written employment agreement, setting forth those precise terms:

May 6th, 2022

Sent via email – zach.griffin@motorsportgames.com

**PRIVATE & CONFIDENTIAL**

Dear Zach,

> This letter is to confirm that as of today, May 6th, 2022 The Schedule to your contract of employment, entered into as between you and Motorsport Games Australia Pty Ltd on March 19, 2021 is hereby amended as follows:
>
> Item 8 of the schedule titled "Remuneration" is hereby amended and restated as follows: Rate: $240,000 USD per annum, inclusive of superannuation.
>
> Item 9 of the schedule titled "Other Benefits", subsection ii) "Benefit 2"is hereby amended and restated as follows:
>
> An annual bonus of twenty percent (20%) of your annual remuneration to be paid in two instalments of ten percent (10%) each ($24,000), in January and June of each respective year during the term of your employment For the avoidance of doubt this change shall override the previous terms agreed in the contract and will not be in addition to the previous terms of this section.

A copy of the written amendment is attached as Exhibit A.[1] Of course, Plaintiff's written employment agreement with Defendant's foreign subsidiary, MSG Australia, also covers these same salary and bonus terms. See Exhibit B. Griffin does not allege any breach of his Employment Agreement or any claim at all against his Employer, MSG Australia, relating to work related travel as part of his planned relocation to Miami.

## I.     The Case is Barred By Plaintiff's Written Employment Agreement

Section 19.8 of Plaintiff's Employment Agreement specifies that the "Agreement contains the entire agreement between the parties with respect to the subject matter of this Agreement" and Section 19.3 provides that "[a]ny amendment, change or modification of this Agreement is void unless in writing and signed by both parties." If there is any doubt that this provision applies to Plaintiff's claims, as explained above, Plaintiff's allegation that the bonus portion of his alleged

---

[1] *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.")

oral "Relocation Agreement" was amended is true, but in fact it was a written amendment to the Employment Agreement as required by Section 19.8.

The fact that there is a written amendment, consistent with a written employment agreement that requires amendments to be in writing bars Plaintiff's claims in this action. In order to survive a motion to dismiss, a plaintiff must allege: "(a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); *and* (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); *and* (c) that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration)." *Energy Smart Indus., LLC v. Morning Views Hotels-Beverly Hills, LLC*, 660 Fed. Appx. 859, 862-63 (11th Cir. 2016) (*citing Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 995 (Fla. Dist. Ct. App. 2014); *Mathews v. Adjusterman*, LLC, 17-CV-62031, 2018 WL 259518, at *2 (S.D. Fla. Jan. 2, 2018) (dismissing oral modification claim where "there [were] no allegations indicating that . . . Adjusterman received and accepted a benefit it was not otherwise entitled to under the original written contract")

In this case, not only are Plaintiff's own allegation of a key "terms" of the oral agreement encompassed in a written amendment, but the alleged "damages" he references in the body of the complaint are all travel or relocation expenses, which are addressed specifically in Section 4 of his Employment Agreement, which provides that "Any work-related travel must be approved by the Employer in writing prior to bookings or other arrangements being made" and "Any necessarily incurred (and approved) reasonable travel, accommodation or other expense reimbursement will

be made after you provide the Employer satisfactory evidence of the expense being incurred by you in the performance of your duties."

In sum, Plaintiff is an employee of MSG's Australian subsidiary, has a written employment agreement that covers every aspect of his employment, and his desire to relocate to Miami, including written amendments to that agreement. Plaintiff does not allege any breach of that agreement, and the agreement itself forbids the exact type of "oral contract" claim that Plaintiff asserts here.

## II.     Plaintiff Fails to Allege Essential Terms of any Oral Agreement

Assuming Plaintiff's written Employment Agreement did not bar future oral agreements on the same subject, Plaintiff's claims still must be dismissed because he has "not alleged (i) facts sufficient to establish mutual assent, (ii) all of the essential terms, and (iii) facts sufficient to establish a material breach." *PNCEF, LLC v. Highlander Enter., LLC,* 09-80974-CIV, 2010 WL 11504754, at *3 (S.D. Fla. Mar. 2, 2010) (dismissing oral contract claim); *see also, e.g. Fernandez v. CheckAlt Eras, Inc.,* No. 20-CV-22746-UU, 2020 WL 13016337, at *5 (S.D. Fla. Aug. 31, 2020) ("The Complaint fails to allege any facts with respect to the … terms of the contract, and therefore, Count V fails to state a claim for breach of oral contract.")

With respect to essential terms, "[f]or an oral contract to be established, it must be shown that the parties reached a clear and definite agreement with *no essential terms left open.*" *Fernandez*, 2021 WL 7082947, at *4 (emphasis in original). The *Fernandez* court further explained that "aside from that wage, Plaintiffs once again fail to allege the terms of the purported contract …. [or] any allegations as to when the contract was executed, the expected duration of the contract, or the structure of payments under the contract." *Id. See also, e.g., Sanchez v. Bengoa Constr., Inc.*, 23-61770-CIV, 2024 WL 2797373, at *4–5 (S.D. Fla. Apr. 22, 2024) (dismissing

claims where "it is entirely unclear what the essential terms of the subject contract or contracts were").

Here, Plaintiff alleges that the only "terms" of the Relocation Agreement were a salary and a bonus. DE 1 at ¶9.  Plaintiff does not allege any other essential terms of the alleged oral agreement, such as its duration or other employee benefits or any of the other 21 separate terms set forth in the Plaintiff's 22-page written agreement. Plaintiff's failure to plead any other essential terms requires dismissal.

### III. Plaintiff Fails to Plead a Breach of any Oral Agreement

More importantly, Plaintiff fails to plead that the terms he did allege – salary and bonus – were breached.  This failure to plead a material breach of an essential term requires dismissal. *See, e.g., PNCEF, LLC v. Highlander Enter., LLC,* No. 09-80974-CIV, 2010 WL 11504754, at *3 (S.D. Fla. Mar. 2, 2010) (dismissing complaint where the counter-plaintiff failed to sufficiently plead a breach); *Bacallao v. J.H. Zidell, P.A.,* 1:16-CV-20709-UU, 2016 WL 11586556, at *2 (S.D. Fla. May 31, 2016) (Plaintiff "do[es] not allege how [Defendant] breached the contract or when this breach occurred, leaving the Court and [Defendant] to speculate as to the facts supporting [Plaintiffs'] allegations. The Court will not do so.").

To be sure, Plaintiff's complaint includes a number of other allegations about expenses being paid, but Plaintiff does not plead these were terms of the alleged oral agreement.  Judge Torres dismissed a very similar claim in *Rapar, LLC v. Mansfield,* ruling:

> [T]he SAC's allegations are too amorphous to constitute a valid contract. Mr. Mansfield alleges that the Counter-Defendants agreed to pay for his monthly expenses, including "rent, utilities, gas, travel, transportation, and other personal expenses." [SAC at ¶ 17]. The problem with the SAC is that – to state a claim for breach of contract – a plaintiff must allege that the "parties mutually assented to 'a certain and definite proposition' and left no essential terms open.

> As the SAC stands now, it is unclear how much the Counter-Defendants were required to pay Mr. Mansfield for his monthly expenses. It is equally unclear how that amount should have been calculated. All that we know is that the Counter-Defendants were required to provide some vague amount of money each month to cover rent, utilities, food, gas, travel, transportation, and other personal expenses.
>
> But, this is insufficient because, even in oral contracts, "Florida law requires that terms of compensation set forth in contracts be significantly more specific than the purported contract alleged in the Complaint." *Uphoff*, 2009 WL 5031345, at *3 (citing *Metropolitan Dade County v. Estate of Hernandez,* 591 So. 2d 1124 (Fla. 3rd DCA 1992) (oral contract lacks essential terms based on court's inability to "ascertain whether the amount of the settlement was $10,500.00 or $10,000.00")); *Irby v. Memorial Healthcare Group, Inc.,* 901 So. 2d 305, 306 (Fla. 1st DCA 2005) (letter proposing employment but failing to provide terms of employment or salary of the plaintiff is not an enforceable contract under Florida law). And equally problematic is Mr. Mansfield's allegation that the Counter-Defendants were required to compensate him for "other personal expenses," because he provides no clarity as to what is included in this category, how it should be calculated, or the amount owed. [SAC at ¶ 17]. Given these shortfalls, Mr. Mansfield has not presented a viable breach of contract claim and therefore the Counter-Defendants' motion to dismiss should be **GRANTED**.

No. 19-22903-CIV, 2020 WL 9549665, at *4 (S.D. Fla. Aug. 26, 2020). *See also, e.g., Belmore v. Encotech, Inc.,* No. 6:23-CV-1340-PGB-DCI, 2023 WL 7385803, at *3 (M.D. Fla. Nov. 7, 2023) ("Plaintiff's failure to plead sufficient specification of essential terms for that agreement means that she has inadequately alleged the existence of an oral contract. Accordingly, her claims will be dismissed.")

### IV. The United States Department of State's Failure to Issue a Work Visa for Plaintiff Is Not a Breach of Contract

Plaintiff alleges one breach in a conclusory manner: ""MSG has materially and substantially breached this contract. Specifically, MSG failed to relocate Griffin from Australia to its office in Miami." DE 1 at ¶ 44. However, Plaintiff's factual allegation rebut that. First, Plaintiff alleges that "MSG also promised to sponsor the visas for Griffin and his wife provided they use

7

the services of MSG's immigration attorney, Mark Katsman." DE 1 at ¶10. But Plaintiff does not allege that MSG reneged on this alleged promise to sponsor the visas. In fact, Plaintiff alleges that MSG not only paid for Mr. Katsman's legal services to procure the visas but also agreed to pay for a second lawyer, chosen by Griffin, to attempt to procure the work visas (id. at ¶¶27; 37-38), so Plaintiff himself alleges that MSG lived up to this alleged promise. The fact that the U.S. Department of State did not issue a work visa is not a breach of any oral agreement or any promise by MSG. Instead, a "party's contractual obligation is discharged when the party's performance of the contract is prevented by governmental order." *Leon Cnty. v. Gluesenkamp*, 873 So. 2d 460, 463 (Fla. 1st DCA 2004); *Sutherlin v. Wells Fargo & Co.*, 297 F. Supp. 3d 1271, 1278 (M.D. Fla. 2018), *aff'd sub nom. Sutherlin v. Wells Fargo Bank N.A.,* 767 Fed. Appx. 812 (11th Cir. 2019).

V. **Plaintiff Fails to Plead Causation**

"The burden is on the plaintiff in a contract dispute to prove that his damages were caused by a breach of the contract."  *Prestige Dev. Group, Inc. v. Russell,* 612 So. 2d 691, 692 (Fla. 1st Dist. App. 1993) (reversing judgment where not evidence that the damages were caused by any breach of contract). Here, Plaintiff alleges that his damages were caused not by MSG, but rather by either the U.S. Government's failure to issue a work visa or by a third-party attorney's failure to convince the U.S. Government to issue a work visa. In fact, the complaint pleads not only that MSG paid for the first attorney to secure a visa for Plaintiff, but also agreed to pay for a second attorney, "the new immigration firm, CammisaMarkel PLLC, to prepare visa applications for Griffin and his wife." DE 1 at ¶27. Thus, any failure to secure a work visa was caused by either one of two third party attorneys, or by the U.S. Government, but not by MSG.

VI. **The Statute of Frauds Bars Plaintiff's Claims**

The time frame of Plaintiff's alleged oral "Relocation Agreement" is revealed in paragraph 15 of the complaint, where he alleges that MSG "applied for a 15-month corporate lease with The

8

Bozzuto Group for an apartment in Miami for Griffin and his wife." DE 1 at 15. Of course, any oral agreement lasting more than one year is barred by the statute of frauds. *See OJ Com., LLC v. Ashley Furniture Indus., Inc.*, 817 Fed. Appx. 686, 689 (11th Cir. 2020) ( "The Florida Statute of Frauds Bars Plaintiff's Contract, Promissory Estoppel, and Misrepresentation Claims"); *Gatti as Tr. of Twin Palms Inc. v. Goodman*, 2018 WL 10699691, at *3 (M.D. Fla. Mar. 23, 2018) ("Plaintiffs' claims must be dismissed because they rely on an unenforceable oral agreement in violation of the statute of frauds."), *aff'd*, 780 Fed. Appx. 808 (11th Cir. 2019), and *aff'd*, 780 Fed. Appx. 808 (11th Cir. 2019).

### VII.   Plaintiff's Good Faith Claim Must Be Dismissed

Because this Court must dismiss Plaintiff's oral agreement claim, it must also dismiss his good faith and fair dealing claim, which exists only when a contract exists. *See, e.g., Brown v. Capital One Bank (USA), N.A.*, 15-60590-CIV, 2015 WL 5584697, at *3–4 (S.D. Fla. Sept. 22, 2015) ("The Court's dismissal of Plaintiffs' breach of contract claims against Defendant undermines Plaintiffs' ability to state a claim for breach of implied good faith.")

Moreover, "Florida law is clear—where a claim for breach of the covenant of good faith and fair dealing is indistinguishable from a claim for breach of contract, the claim for breach of the covenant of good faith and fair dealing is impermissibly duplicative and properly dismissed." *Alhassid v. Bank of Am., N.A.,* No. 14-20484-CIV, 2015 WL 11110557, at *8 (S.D. Fla. Nov. 4, 2015), *citing Trief v. American Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) (dismissing claim for breach of implied covenant of good faith and fair dealing as "duplicative" of the breach of contract claim); *Ioselev v. Schilling*, 2013 WL 271711, at *6 (M.D. Fla. Jan. 24, 2013) ("Here, Plaintiff alleges that Defendants violated their duty of good faith and fair dealing based on the same conduct he alleges in his breach of contract claim. As these two claims are duplicative, Plaintiff's claim for the breach of the implied duty of good faith and fair dealing is

due to be dismissed."); *Saxon Fin. Group, Inv. v. Rath*, 2012 WL 3278662, at *7 (S.D. Fla. Aug. 9, 2012) (finding that claim for breach of implied covenant of good faith and fair dealing "cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim").

Here, Plaintiff alleges that the express breach of contract was MSG's alleged failure to relocate him from Australia to Miami, and he alleges that the breach of covenant of good faith was MSG's using of a particular attorney who failed to get the work visa, which failure prevented the relocation from Australia to Miami. DE 1 at ¶52 & ¶54. These two allegations could not be any more duplicative.

### VIII.  Plaintiff's Fiduciary Duty Claim Must Be Dismissed

"Under Florida law, a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties." *Tulepan v. Roberts,* 14-CV-80574, 2015 WL 235441, at *13 (S.D. Fla. Jan. 16, 2015) (*quoting Detwiler v. Bank of Cent. Florida,* 736 So.2d 757, 759 (Fla.Dist.Ct.App.1999) "This is true because the duty is owed only as a result of the existence of the contract." *Id.*

Here, Griffin's breach of fiduciary duty claim is a carbon copy of his oral agreement claim. In Count IV, Griffin alleges that he "placed his confidence in and relied upon MSG to complete his relocation from Australia to Miami." DE 1 at ¶ 66.  That is the exact same thing as the alleged Relocation Agreement. Accordingly, the fiduciary duty claim must be dismissed. *See also, e.g., Maunlad Transp., Inc. v. Carnival Corp.,* No. 18-24456-CV, 2019 WL 11505389, at *7–8 (S.D. Fla. Nov. 25, 2019) ("Here, there can be no fiduciary duty imposed on Carnival because the *entire dispute* relates to alleged contractual obligations, negotiated at arm's length and purportedly breached by Defendant."), *report and recommendation adopted sub nom. Maunland Trans Inc. v. Carnival Corp.,* No. 18-24456-CIV, 2020 WL 7481450 (S.D. Fla. Feb. 6, 2020); *see* also *Leedom*

*Mgmt. Grp., Inc. v. Perlmutter*, 2012 WL 503904, at *6 (dismissing breach of fiduciary claim stemming from breach of alleged contractual relationship between the parties); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991) (there is no duty imposed on either party "to act for the benefit or protection of the other party" if the relationship comes about as the result of a contractual negotiation).

In addition to being duplicative of the contract count, Plaintiff also fails to allege the existence of a fiduciary relationship. *Mayan Islands, Inc. v. Grove,* 11-80628-CIV, 2011 WL 13319150, at *5 (S.D. Fla. Oct. 25, 2011) (dismissing complaint for failure to plead facts supporting a fiduciary relationship); *see Aero Techs., LLC v. Lockton Co. Intern., Ltd.,* 09-20610-CIV, 2011 WL 7657475, at *6 (S.D. Fla. Apr. 25, 2011), *aff'd,* 467 Fed. Appx. 824 (11th Cir. 2012) (Plaintiff's claims for breach of fiduciary duty "must be dismissed because they amount to no more than a 'formulaic recitation of the elements of a cause of action,' that are directly contradicted by Plaintiff's own allegations").

Here, Plaintiff does not even attempt to allege the existence of a fiduciary relationship, instead relying solely upon the lone allegation that "Griffin placed his confidence in, and relied upon MSG to complete his relocation from Australia to Miami." DE 1 at ¶ 66. This is even less than a "formulaic recitation of the elements" of a fiduciary duty and must be dismissed.

### IX.     Plaintiff's Promissory Estoppel Claim Must Be Dismissed

Plaintiff's promissory estoppel claims is barred because it is covered by Plaintiff's employment contract. "Where a written contract addresses the relevant issues . . .the remedy of promissory estoppel is unavailable." *Mangravite v. Univ. of Miami*, 838 F. Supp. 2d 1326, 1333-34 (S.D. Fla. 2011) (dismissing a promissory estoppel claim because the plaintiff's tenure allegedly promised by his employer was covered by his employment contract); *Bautech USA, Inc. v. Resolve Equip., Inc.*, No. 23-60703-CIV, 2023 WL 4186395, at *9 (S.D. Fla. June 26, 2023)

(dismissing promissory estoppel claim where plaintiff's complaint alleged privity of contract); *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's*, No. 09-60796-Civ, 2011 WL 13175618, at *5–6 (S.D. Fla. Feb. 28, 2011) (dismissing promissory estoppel claim where the conduct complained of was governed by valid contracts). Because Plaintiff's employment and expense reimbursements are governed by his written employment contract, as amended, the Court must dismiss the promissory estoppel count.

Even if not barred by his written employment agreement, "a truthful statement as to the present intention of a party with regard to his future act" cannot support a claim for promissory estoppel." *Remembrance Group, Inc. v. Centazzo,* No. 2:21-CV-675-JES-MRM, 2022 WL 1406673, at *6 (M.D. Fla. May 4, 2022) (*quoting Rekal Co. v. PGT Indus., Inc.,* No. 8:13-CV-1433-T-33TGW, 2013 WL 5487370, at *6 (M.D. Fla. Sept. 30, 2013) (granting motion to dismiss promissory estoppel claims). Here, Plaintiff does not plead anything more than MSG's truthful intention to assist Plaintiff in relocating to Miami.

In addition, "[p]romissory estoppel does not apply in situations where a promise is not "sufficiently definite in time or term or reasonableness." *Id. (quoting W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)). Here, Plaintiff's promissory estoppel count does not even identify any promises, but rather merely alleges "[f]rom September 8, 2021, to January 14, 2023, MSG made several unambiguous, definite, and substantial written and oral promises to Griffin, as detailed above." DE 1 at 60. Merely referencing "several" alleged "promises" made over 15 months regarding efforts to relocate an employee of a subsidiary is not sufficient to state a claim for promissory estoppel.

## Conclusion

Plaintiff's complaint fails to state any claim for breach of contract, good faith and fair dealing, promissory estoppel or breach of fiduciary duty and so must be dismissed.

Dated: July 8, 2024

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue,
Suite 201
Miami, FL 33127
Tel:  305.297.1878

By:  */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess
jeff@axslawgroup.com
eservice@axslawgroup.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 8th day of July, 2024.

*/s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess