# EXHIBIT B

# EMPLOYMENT AGREEMENT

BETWEEN:

## MOTORSPORT GAMES AUSTRALIA PTY LTD (A.C.N. 648 131 471)

(the **Employer**)

AND:

## THE PARTY described in Item 1 of the Schedule

(the **Employee**)

# Table of Contents

Clause                                                                                                   Page

1. FAIR WORK INFORMATION STATEMENT ................................................................................................ 1
2. JOB DESCRIPTION ................................................................................................................................... 1
   2.1 SUMMARY ............................................................................................................................................. 1
   2.2 APPLICATION OF AWARD ........................................................................................................................ 1
   2.3 PERFORMANCE EXPECTATIONS ................................................................................................................. 1
   2.4 WORK LOCATION AND HOURS ................................................................................................................. 2
   2.5 CONFLICTS OF INTEREST .......................................................................................................................... 2
3. REMUNERATION ..................................................................................................................................... 2
   3.1 YOUR REMUNERATION ........................................................................................................................... 2
   3.2 SUPERANNUATION PAYMENT .................................................................................................................. 2
   3.3 PAYMENT OF YOUR REMUNERATION ........................................................................................................ 2
4. TRAVEL AND EXPENSES ........................................................................................................................... 3
5. OFFSET AGAINST OTHER ENTITLEMENTS ................................................................................................ 3
6. LEAVE ENTITLEMENTS ............................................................................................................................. 3
   6.1 ARRANGEMENTS REGARDING TAKING OF PLANNED LEAVE .......................................................................... 3
   6.2 ANNUAL LEAVE ..................................................................................................................................... 3
   6.3 PERSONAL/CARER'S LEAVE ..................................................................................................................... 4
   6.4 COMPASSIONATE LEAVE ......................................................................................................................... 4
7. POLICIES AND PROCEDURES .................................................................................................................... 4
8. SECURITY AND SAFETY ............................................................................................................................ 4
9. WORK EQUIPMENT ................................................................................................................................. 5
   9.1 WORK COMPUTER ................................................................................................................................. 5
   9.2 MOBILE PHONE ..................................................................................................................................... 5
10. EMAIL COMMUNICATION ....................................................................................................................... 6
11. BUSINESS CARDS .................................................................................................................................... 6
12. EMPLOYER DOCUMENTS ......................................................................................................................... 6
13. INTELLECTUAL PROPERTY AND MORAL RIGHTS ...................................................................................... 7
14. CONFIDENTIALITY ................................................................................................................................... 8
15. FORCE MAJEURE AND STAND DOWN ...................................................................................................... 8
16. TERMINATION OF EMPLOYMENT ............................................................................................................ 9
   16.1 TERMINATION BY EMPLOYER ................................................................................................................. 9
   16.2 TERMINATION BY EMPLOYEE ................................................................................................................. 9
   16.3 GARDEN LEAVE .................................................................................................................................. 10
   16.4 CLAUSES SURVIVE EXPIRY OR TERMINATION ........................................................................................... 10
17. POST-EMPLOYMENT RESTRAINT ........................................................................................................... 10
18. PRIVACY – YOUR CONSENT TO DISCLOSURE .......................................................................................... 11
19. GENERAL PROVISIONS .......................................................................................................................... 11
   19.1 ANNOUNCEMENTS AND CONFIDENTIALITY ............................................................................................. 11

Employment Agreement
**Motorsport Games Australia Pty Ltd**

| | | |
|---|---|---|
| 19.2 | UNDERTAKING AS TO REASONABLENESS | 11 |
| 19.3 | AMENDMENTS | 11 |
| 19.4 | SEVERANCE | 11 |
| 19.5 | NOTICES | 11 |
| 19.6 | LEGAL EFFECT, REPRESENTATION AND ADVICE | 11 |
| 19.7 | COUNTERPARTS | 12 |
| 19.8 | ENTIRE AGREEMENT | 12 |
| 19.9 | GOVERNING LAW | 12 |
| **20.** | **INTERPRETATION** | **12** |
| **21.** | **DICTIONARY** | **13** |

Employment Agreement
**Motorsport Games Australia Pty Ltd**

## EMPLOYMENT AGREEMENT

Between:  **MOTORSPORT GAMES AUSTRALIA PTY LTD** (A.C.N. 648 131 471) of Level 1, 675 Victoria Street, Abbotsford, VIC 3067,

(the **Employer**, **we**, **our**);

And:  **THE EMPLOYEE** whose details are set out in Item 1 of the Schedule

(the **Employee**, **you** and **your**).

## RECITALS

A.  The Employer wishes to employ you on the terms set out in this Agreement.

B.  You wish to accept employment with the Employer and you agree to be bound by the terms set out in this Agreement.

The parties **AGREE AS FOLLOWS**:

## 1.  FAIR WORK INFORMATION STATEMENT

You acknowledge receipt of the Fair Work Information Statement published by the Fair Work Ombudsman, which is attached to this Agreement at **Annexure A**.

## 2.  JOB DESCRIPTION

### 2.1  Summary

(a)  You will be employed by the Employer:

(i)  On the basis set out in Item 2 of the Schedule; and

(ii)  In the position set out in Item 3 of the Schedule.

(b)  You will report to the person or position set out in Item 3 of the Schedule, and to such other persons as the Employer nominates from time to time.

(c)  Your employment will commence on the date set out in Item 4 of the Schedule (the **Start Date**).

### 2.2  Application of Award

(a)  The Award (if any) set out in Item 5 of the Schedule applies to your employment.

(b)  If an Award applies, as at the Start Date you are classified under that Award on the basis set out in Item 5 of the Schedule.

### 2.3  Performance expectations

(a)  The main tasks of your role are contained in the position description attached to this Agreement at **Annexure B**.

Motorsport Games Australia Pty Ltd

(b)    You agree to faithfully and diligently perform the duties and exercise the powers consistent with your position.  In addition, you are expected to perform the other duties the Employer may reasonably assign to you.  You must also carry out the other instructions and directions reasonably and lawfully given to you by the Employer.

## 2.4    Work location and hours

(a)    You will work from the location set out in Item 6 of the Schedule, and such other locations as the Employer may reasonably require you to work at from time to time.

(b)    You must work the ordinary hours specified in Item 7 of the Schedule for each week.

(c)    You may also be required to work reasonable additional hours in addition to these ordinary hours in order to fulfil your duties and responsibilities.  Your remuneration in clause 3 of this Agreement is deemed to cover payment for your overall performance of the role, and overtime will not be payable in respect of work performed outside your ordinary hours, except to the extent that additional payment is permitted pursuant to any Applicable Industrial Instrument.

## 2.5    Conflicts of interest

You must use all reasonable endeavours to avoid any situation where your interests may conflict, or be inconsistent, with the interests of the Employer.  If such a situation has arisen or may reasonably be expected to arise, you must notify the Employer immediately.

## 3.    REMUNERATION

## 3.1    Your remuneration

(a)    The Employer guarantees to you that it will remunerate you the annual salary set out in Item 8 of the Schedule together with the other benefits (if any) set out in Item 9 of the Schedule.

(b)    Your remuneration includes compensation for all hours you are required to work.

## 3.2    Superannuation payment

The Employer will make superannuation contributions equal to 9.5% of your superannuation-inclusive remuneration rate, or such other percentage as may be required by law from time to time, which will be paid to a superannuation fund nominated by you.

## 3.3    Payment of your remuneration

Your remuneration will be deposited into a bank account nominated by you in accordance with the Employer's usual payroll cycle as notified to you from time to time.

## 4.    TRAVEL AND EXPENSES

4.1    Any work-related travel must be approved by the Employer in writing prior to bookings or other arrangements being made.

4.2    Any necessarily incurred (and approved) reasonable travel, accommodation or other expense reimbursement will be made after you provide to the Employer satisfactory evidence of the expense being incurred by you in the performance of your duties.

## 5.    OFFSET AGAINST OTHER ENTITLEMENTS

5.1    To the maximum extent permitted by law, on the termination of your employment the Employer may offset any amounts due by you to the Employer against any amounts due from the Employer to you.

5.2    Either you or the Employer (as relevant) must then pay the balance of any difference within 10 business days of the end of your employment, or any earlier date that may be required by law.

## 6.    LEAVE ENTITLEMENTS

### 6.1    Arrangements regarding taking of planned leave

(a)    You may take such leave as you are entitled to under the Fair Work Act, the Long Service Leave Act and any other law.

(b)    You must give the Employer reasonable notice of your intention to take annual leave or long service leave.

(c)    To the extent that the Employer is permitted to do so by law, it may reasonably:

(i)    Direct you to take some or all of any annual leave or long service leave that you have accrued at a time chosen by the Employer; and

(ii)    Refuse to allow you to take annual leave or long service leave at a particular time.

### 6.2    Annual leave

(a)    You are entitled to 4 weeks of paid annual leave during each complete year of employment with the Employer in accordance with the Fair Work Act (pro-rated for part-time employees).

(b)    You are required to take your full annual leave entitlement each year, unless otherwise agreed to in writing by the Employer.

(c)    On termination of your employment you will be paid for any accrued but untaken annual leave.

(d)    Subject to this clause 6.1, you are entitled to all public holidays which are proclaimed under the laws of the State.  However, you may be required to work on a public holiday.  If you are required to work on a public holiday,

you will be entitled to a day off in lieu, to be taken at such time as agreed with the Employer.

### 6.3 Personal/carer's leave

(a) You are entitled to 10 days of paid personal/carer's leave during each year of employment with the Employer in accordance with the Fair Work Act (pro-rated for part-time employees).

(b) The Employer will require you to provide a medical certificate or other satisfactory documentary evidence of your entitlement to personal/carer's leave.

(c) Payment for any accrued but untaken personal/carer's leave will not be made at the end of the Maximum Term or on earlier termination of your employment.

### 6.4 Compassionate leave

During your employment with the Employer, you are entitled to 2 days of paid compassionate leave for each permissible occasion in accordance with the Fair Work Act.

## 7. POLICIES AND PROCEDURES

7.1 The Employer may, in its sole discretion, issue and amend policies and procedures from time to time.

7.2 You:

(a) Are required to comply with all such policies and procedures issued and amended by the Employer;

(b) Are required to familiarise yourself with all policies and procedures issued and amended by the Employer; and

(c) Acknowledge that policies and procedures issued and amended by the Employer do not form part of this contract.

7.3 Failure to follow the Employer's policies and procedures (as amended from time to time) will result in disciplinary action and may result in termination of your employment.

## 8. SECURITY AND SAFETY

8.1 You and the Employer recognise the need to provide a safe and secure workplace in accordance with the requirements of all relevant work health and safety laws.

8.2 The Employer is committed to ensuring a safe and healthy working and learning environment for all staff and visitors in accordance with its legislative obligations. The Employer has the responsibility to:

(a) As far as is practicable, provide a safe place of work and safe systems of work, tools and equipment;

(b)     Investigate all accidents, the reporting of all hazards and the implementation of all practicable control measures to protect people and property; and

(c)     Encourage staff to implement sound health and safety principles in all their activities.

8.3     You must at all times comply with the security and safety requirements notified or advised by the Employer.

8.4     You must not remove any property from the Employer's premises without the Employer's express permission.

8.5     You must not present for work or be at work while affected by any substance (whether or not prescribed by a medical practitioner) which inhibits or has the potential to inhibit your ability to perform your ordinary functions and your work duties.  Without limiting the generality of this clause, you must not consume alcohol or take non-prescription drugs during work hours or on work premises, without the Employer's express permission.

## 9.     WORK EQUIPMENT

### 9.1     Work computer

(a)     The Employer may, from time to time, provide you with a work computer or lap-top.

(b)     The work computer/lap-top must be used solely for work purposes.  You agree that you will not download or view any illegal or inappropriate content using the work computer/lap-top.

(c)     You must return to the Employer the work computer/lap-top and all other equipment, tools and services provided to you by or on behalf of the Employer on demand by the Employer, or on termination of your employment

### 9.2     Mobile phone

(a)     The Employer may, from time to time, provide you with a work mobile phone.  The work mobile phone must be used for all work phone calls. The work mobile phone may also be used for incidental personal phones calls, (acting reasonably and subject to fair use).

(b)     The work mobile phone must be adequately charged and turned on during the ordinary business hours of the Employer (excluding public holidays observed in the State).  The message and diversion functions associated with the work mobile phone must be administered in accordance with the Employer's policies and directions.

(c)     Internet usage on the work mobile phone is to be for work purposes only, and you agree that you will not download or view any illegal or inappropriate content using the work mobile phone.  Access to social media websites or applications on the work mobile phone is not permitted, other than for legitimate work-related purposes.

**Motorsport Games Australia Pty Ltd**

    (d)    You must return to the Employer the work mobile phone and related equipment provided on demand by the Employer, or on termination of your employment.

## 10.    EMAIL COMMUNICATION

10.1    The Employer continues to implement a consistent brand and level of service across its business. The maintenance of this brand requires control over the ability of the Employer's customers to communicate with the Employer in a reliable and consistent manner.

10.2    The Employer will establish a work email address in your name. All electronic communications relating to the Employer's business must be transacted through this service (and no other service).

10.3    To the extent that you use any other email address or service for work-related correspondence (which should only occur in the event that you are unable to use the work email address assigned to you by the Employer), you must forward a copy of those work-related correspondence to your work email address or otherwise provide the Employer with an electronic or hard copy of the correspondence with 5 business days of the correspondence taking place. This is to enable the Employer to monitor and maintain appropriate records of the Employer's communications.

10.4    You must not access or use your work email address after the termination of your employment, except with the Employer's prior express direction or consent.

## 11.    BUSINESS CARDS

11.1    You may be provided with a business card identifying you as an employee of the Employer and displaying your job title and contact details. If provided with a business card, you must use this card in respect of all operational and promotional communications that you make with third parties in your role as an employee of the Employer.

11.2    All written communications with third parties associated with your role with the Employer must be in accordance with the Employer's accepted format.

11.3    Any communication you intend having with third parties of a strategic or financially significant nature should be approved by the Employer prior to the communication taking place.

11.4    As part of your reporting obligations to the Employer, you must provide to the Employer a written summary of all material communications to third parties, including customers, suppliers and competitors.

11.5    You must return to the Employer, dispose of or destroy (as requested by the Employer) all remaining business cards on the termination of your employment.

## 12.    EMPLOYER DOCUMENTS

12.1    All property, (including intellectual property, documents, records and computer software, and all copies of this property), made, acquired or which comes into your

**Motorsport Games Australia Pty Ltd**

possession in the course of your employment, vests in and remains the sole and exclusive property of the Employer.

12.2 On termination of your employment, and without any further demand, you must deliver to the Employer:

(a) All documents in your possession or control relating in any way to any Confidential Information, intellectual property or to the business or affairs of the Employer; and

(b) Any property belonging to the Employer, or to which the Employer has an entitlement to possession.

12.3 You must not retain a copy of a document referred to in this clause, and (subject to clause 12.2) you agree to:

(a) Delete or destroy all copies of all documents; and

(b) Confirm the deletion and destruction to the Employer,

within the earlier of 5 business days of being asked to do so by the Employer or termination of your employment.

## 13. INTELLECTUAL PROPERTY AND MORAL RIGHTS

13.1 You agree that:

(a) Any Inventions that you Invent during your employment, and which arise in connection with your employment or with knowledge or information acquired during the course of your employment:

(i) Must be fully, freely and immediately communicated by you to the Employer; and

(ii) Vest in and become exclusively owned by the Employer;

(b) You will not at any time, whether during the course of your employment or after the end of your employment, apply for any patent, design, registration, copyright or other form of protection for any of those Inventions, other than as directed by the Employer, (either in Australia or elsewhere); and

(c) You will assign to the Employer any right you may have to a patent, design, registration, copyright or any other form of protection in respect of the Inventions, (in Australia and elsewhere).

13.2 You irrevocably consent to the Employer:

(a) Reproducing, publishing, copying, adapting, communicating, showing or exhibiting in or to the public;

(b) Materially distorting, destroying, mutilating, altering or in any other way changing; or

(c) Otherwise using your work, (or a substantial part or adaptation of such work),

Andreyev ©                                                                                   Page 7

**Motorsport Games Australia Pty Ltd**

with or without attribution of authorship, in any medium and context the Employer thinks fit.

## 14. CONFIDENTIALITY

14.1    You agree that all Confidential Information to which you are exposed during your employment will remain the Employer's exclusive property.

14.2    You expressly agree that it is a condition of your employment that you will neither during nor after the period of your employment, except in the proper course of your duties or as permitted by the Employer or required by law, divulge to any person or use any Confidential Information concerning:

(a)    The identity of (or other commercial information about) the clients and customers of the Employer;

(b)    The identity of (or other commercial information about) the suppliers to the Employer;

(c)    The extent or materiality of any dealings between the Employer and any of its clients, customers, and suppliers;

(d)    Any intellectual property or strategies of the Employer, (or the nature of any intellectual property or strategies of the Employer);

(e)    The business or financial arrangements or position of the Employer; or

(f)    Any other dealings, transactions or affairs of the Employer.

14.3    You undertake and agree, during the period of your employment, to take all action necessary to maintain the confidential nature of the Confidential Information and to use your best endeavours to prevent the publication, use or disclosure of any Confidential Information.

14.4    On the termination of your employment, you will not represent yourself as being in any way connected with or interested in the business of the Employer.

14.5    You acknowledge that confidentiality is extremely important to the Employer and a breach of this clause may be grounds for termination of your employment, with or without notice.

14.6    You also acknowledge that the Employer may commence urgent legal proceedings against you to prevent or to stop a breach of the terms of this clause.

## 15. FORCE MAJEURE AND STAND DOWN

15.1    To the maximum extent permitted by law, if any Force Majeure Event occurs the Employer:

(a)    Will not be required to comply with its contractual obligations under this Agreement; and

(b)    May stand you down from your work duties without pay for such period or periods as the Employer thinks fit.

Motorsport Games Australia Pty Ltd

15.2    If clause 15.1 is, or is deemed to be, wholly or partly unlawful, then that clause will be severed from this Agreement in accordance with clause 19.4, and the Employer will be entitled to utilise section 524 of the Fair Work Act as may be required by the Employer from time to time.

## 16.    TERMINATION OF EMPLOYMENT

### 16.1    Termination by Employer

(a)    The Employer may terminate your employment by giving you not less than 8 weeks' notice in writing.

(b)    Without limiting any other statutory or contractual rights, the Employer will be entitled to terminate your employment with notice due to:

(i)    A Force Majeure Event; or

(ii)    Ordinary and customary turnover of business or other operational requirements of the Employer's business.

(c)    The Employer may terminate your employment without notice for cause, which includes (but is not limited to):

(i)    Misconduct, disobedience or incompetence;

(ii)    Any matter which would justify summary dismissal at common law;

(iii)    If you are charged with or commit a criminal offence or fraud, whether or not in the course of your employment;

(iv)    Any act or omission that may void any current policy of insurance maintained by the Employer, or by you on behalf of the Employer; or

(v)    Any act or omission that may bring the Employer into disrepute.

(d)    If the Employer terminates your employment other than in accordance with clause 16.1(c) within the first three year of your employment, then you shall be entitled to receive one of the following payments in addition to any notice period, paid as a lump sum on cessation of your employment:

(i)    During the first year of your employment, 12 weeks' remuneration;

(ii)    During the second year of your employment, 8 weeks' remuneration; and

(iii)    During the third year of your employment, 4 weeks' remuneration.

### 16.2    Termination by Employee

(a)    You may terminate your employment by giving you not less than 8 weeks' notice in writing.

Motorsport Games Australia Pty Ltd

(b)     In the event that you terminate your employment by giving notice in writing, you agree that the Employer may require you to perform your duties in accordance with the terms of this Agreement:

    (i)     For the duration of the notice period; or

    (ii)     For part of the notice period, as determined by the Employer in its sole and absolute discretion, with the Employer making a payment in lieu to you in respect of the balance.

**16.3     Garden leave**

(a)     Without limiting any of the Employer's rights under this Agreement, you expressly agree that in all cases where notice of termination is required to be given, the Employer may require you not to perform any duties and not to attend for work for the duration of, or part of, the applicable notice period (i.e. the Employer may put you on 'garden leave' for the duration of, or part of, the applicable notice period).

(b)     If the Employer exercises this option, the Employer will pay your remuneration for the duration of, or part of, the applicable notice period.

**16.4     Clauses survive expiry or termination**

Clauses 5, 9.1(a), 9.2(d), 10.3, 10.4, 11.4, 11.5, 12.2, 13, 14, 17, 18, 19.1, 19.2, 19.4, 19.5, 19.6, 19.8 and 19.9 survive expiry or earlier termination of your employment (as applicable).

## 17.     POST-EMPLOYMENT RESTRAINT

17.1     In consideration of your remuneration, you undertake to the Employer that, for a period of 12 months after the date that your employment ends (the **Restrained Period**), you must not, either directly or indirectly, as a principal, employee, consultant, agent, owners, partner or otherwise solicit or entice (or endeavour to solicit or entice) the custom of any person who:

(a)     Was a client or business partner of the Employer during your employment; and

(b)     Entice away (or endeavour to entice away) from the Employer any person who was a director, employee, consultant, agent, representative, associate or adviser to the Employer during your employment.

17.2     You acknowledge that the Employer has told you to obtain legal advice about this Agreement and, in particular, this clause, and that you have had the opportunity to receive separate and independent legal advice before entering into this Agreement. Having obtained or had the reasonable opportunity to obtain independent legal and professional advice, you acknowledge and agree that the undertakings contained in this clause are no more extensive than is reasonable to protect the genuine commercial interests of the Employer.

17.3     If any of the prohibitions or restrictions contained in this clause 17 are judged to go beyond what is reasonable in the circumstances and necessary to protect the goodwill

Andreyev ©                                                                                     Page 10

**Motorsport Games Australia Pty Ltd**

of the Employer but would be judged reasonable and necessary if the prohibitions or restrictions were reduced, then the prohibitions or restrictions apply with a reduction by the minimum amount necessary to ensure their validity.

## 18.  PRIVACY – YOUR CONSENT TO DISCLOSURE

18.1   You consent to the Employer collecting, using and disclosing your Personal Information for any purpose relating to your employment.  The Employer will keep your Personal Information in a secure location.

18.2   You consent to the Employer disclosing Personal Information about you to other persons.  You also consent to those persons collecting, using or disclosing your personal information for reasons relating to your employment.

## 19.  GENERAL PROVISIONS

### 19.1   Announcements and confidentiality

You must not make any announcement or disclosure relating to the subject matter of this Agreement, or any matter ancillary to this Agreement, without the Employer's prior written approval, except as required by law.

### 19.2   Undertaking as to reasonableness

You acknowledge that you consider all the covenants, obligations and restrictions contained in this Agreement to be reasonable in all the circumstances, and that the terms set out in this Agreement are in mutual consideration of this Agreement (including any remuneration).

### 19.3   Amendments

Any amendment, change or modification of this Agreement is void unless in writing and signed by both parties.

### 19.4   Severance

If any provision of this Agreement is held to be invalid in any way or unenforceable, it must be severed and the remaining provisions are not in any way affected or impaired.  This Agreement must be construed so as to most nearly give effect to the intent of the parties as it was originally executed.

### 19.5   Notices

Any notice required by or in relation to this Agreement must be in writing and delivered to the last notified physical address of the party or, with that party's prior consent, to the last notified email address of the party.

### 19.6   Legal effect, representation and advice

(a)   Each of the parties to this Agreement intends the provisions of this Agreement to be legally binding and enforceable.

(b)   The parties expressly acknowledge and agree that the solicitor who prepared this Agreement acted as legal counsel to the Employer only.

Motorsport Games Australia Pty Ltd

(c)     You acknowledge that you have had the opportunity to receive separate and independent legal advice before entering into this Agreement, and that if you have failed to obtain such advice you will not be entitled to rely upon such failure to exercise any non-compliance with this Agreement.

**19.7   Counterparts**

This Agreement may be executed in two or more counterparts and execution by each of the parties of any one of such counterparts will constitute due execution of this Agreement.

**19.8   Entire agreement**

This Agreement contains the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes and prevails over any prior agreement covenant or understanding (if any) between the parties.

**19.9   Governing law**

This Agreement must be construed and will take effect according to the laws of the State.   The parties irrevocably and unconditionally submit themselves to the non-exclusive jurisdiction of the courts exercising jurisdiction in the State.

**20.     INTERPRETATION**

20.1    The Recitals are true and correct in every material particular and are deemed to form part of this Agreement, but any fact or matter referred to in those Recitals that is inconsistent with any term or provision appearing in this Agreement will be read as subject to that term or provision.

20.2    In this Agreement unless the context indicates a contrary intention:

(a)     Headings are for convenience only and do not affect interpretation;

(b)     The plural will include the singular and vice versa;

(c)     A reference to any gender will be taken to include every other gender;

(d)     A reference to a 'clause', 'Schedule' or 'Annexure' is a reference to a clause of, or a schedule or annexure to, this Agreement;

(e)     A reference to a 'month' means a calendar month;

(f)     A reference to a 'business day' means any day that banks are open for business in the capital city of the State, excluding weekends and public holidays;

(g)     A reference to 'this Agreement' will include a reference to any amendment, novation, variation, supplemental deed or replacement from time to time in existence;

(h)     A reference to an agreement or document (including this Agreement) is to the agreement or document as amended, varied, supplemented, novated or

replaced, except to the extent prohibited by this Agreement or that other agreement or document;

(i)    A reference to a party to this Agreement or another agreement or document includes the party's successors, permitted substitutes and permitted assigns (and, where applicable, the party's legal personal representatives);

(j)    A reference to any statute, or any subordinate legislation or instrument includes all statutes, subordinate legislation or instruments amending, modifying, consolidating, re-writing, re-enacting or replacing them and a reference to a statute includes all subordinate legislation and instruments made under that statute;

(k)    A reference to conduct includes, an omission, statement or undertaking, whether or not in writing;

(l)    A reference to dollars and $ is to Australian currency;

(m)    The meaning of general words is not limited by specific examples introduced by including, or for example, or similar expressions; and

(n)    Nothing in this Agreement is to be interpreted against a party solely on the ground that the party put forward this Agreement or any part of it.

## 21. DICTIONARY

In this Agreement, unless the context clearly indicates otherwise, the following expressions have the following meanings:

(a)    **Applicable Industrial Instrument** means the Award or any applicable enterprise agreement;

(b)    **Confidential Information** means all information belonging to the Employer which is not generally known to the public, or to other persons who are not bound by any obligation to maintain its confidentiality, and which the Employer derives economic or strategic value, actual or potential, from it not being generally known, or has a character such that the Employer has a legitimate interest in preserving its confidential nature, including, but not limited to information which is:

(i)    By its nature confidential; or

(ii)    Designated by the Employer as confidential;

(c)    **Fair Work Act** means the *Fair Work Act 2009* (Cth);

(d)    **Force Majeure Event**:

(i)    Means any circumstance or delay beyond the reasonable control of the Employer which prevents it from performing or carrying out any obligation under this Agreement for at least 7 days; and

(ii)    Includes (but is not limited to) any circumstance or delay arising out of any industrial action, fire, war, terrorist act, explosion, civil

Employment Agreement
**Motorsport Games Australia Pty Ltd**

commotion, change of government, malicious damage, storm, flood, tempest, earthquake, tidal wave, public health event, government order or legal enactment;

(e)     **Invent** means invent, conceive, make, develop or suggest;

(f)     **Inventions** means discovery, invention, creation, development, product, secret process, procedure, modification or improvement;

(g)     **Long Service Leave Act** means the long service leave legislation applying in the State;

(h)     **Personal Information** has the same meaning as in the *Privacy Act 1988* (Cth); and

(i)     **State** means the state or territory set out in Item 10 of the Schedule and the Commonwealth of Australia, as the context requires or permits.


- THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK -

Motorsport Games Australia Pty Ltd

**EXECUTED AS AN AGREEMENT** dated                    2021

**EXECUTED** by **MOTORSPORT
GAMES AUSTRALIA PTY LTD**
(A.C.N. 648 131 471) by its duly
authorised officer(s):

Zachary Nicholas Griffin

DocuSigned by:

E08F46B5DD53449...

**Amanda Lorraine LeCheminant**

**EXECUTED** by **THE EMPLOYEE**
in the presence of:

(Signature of witness)

The Employee

KATRENA ROSE DEGUILMO
(Name of witness)

Andreyev ©

Page 15

Employment Agreement

Motorsport Games Australia Pty Ltd

## THE SCHEDULE

### Key information about your employment

| **Item 1:** | **Employee details** |
|---|---|
| Full name: | Zachary Nicholas Griffin |
| Address: | 106/307 Barkers Road, Kew VIC 3101 |
| Phone: | 0437 658 845 |
| Email: | zach.griffin@gmail.com |

| **Item 2:** | **Basis of employment** |
|---|---|
| Basis: | Permanent full-time |

| **Item 3:** | **Position title** |
|---|---|
| Title: | Director of studio, Motorsports Games Australia |
| Reporting to: | Jack Griffin, Vice President of Studio, Motorsports Games Inc |

| **Item 4:** | **Start Date** |
|---|---|
| Date: | 16 March 2021 |

| **Item 5:** | **Award** |
|---|---|
| Award: | No Award |

| **Item 6:** | **Location** |
|---|---|
| Address: | Level 1, 675 Victoria Street, Abbotsford, VIC 3067 |

| **Item 7:** | **Hours of work** |
|---|---|
| Hours: | 38 hours per week, with such hours to be worked during weekdays (Monday to Friday) |

| **Item 8:** | **Remuneration** |
|---|---|
| Rate: | $170,000 USD per annum, inclusive of superannuation |

| **Item 9:** | **Other benefits** |
|---|---|
| Benefit 1: | Access to Motorsports Games Inc incentive stock option plans (or a sub-plan thereof), shared separately within 60 days of the Employee's Start Date |
| Benefit 2: | Bonuses of: |

    (a)    $70,000 USD on the date that is 12 calendar months from the Start Date;

    (b)    $70,000 USD on the date that is 24 calendar months from the Start Date; and

    (c)    $70,000 USD paid on the date that is 36 calendar months from the Start Date,

Andreyev ©

**Motorsport Games Australia Pty Ltd**

in each case, on the condition that the Employee remains employed by the Employer on the date the relevant bonus is to be paid, and subject to PAYD withholding and superannuation contributions.

| Item 10: | State |
| --- | --- |
| State: | Victoria |

## END OF SCHEDULE

Employment Agreement

**Motorsport Games Australia Pty Ltd**

## <u>ANNEXURE A</u>

**Fair Work Information Statement**

Employment Agreement

**Motorsport Games Australia Pty Ltd**

## ANNEXURE B

### Position Description

All leadership and management activities related to the Employer, including development of the video game known as *KartKraft*.

Andreyev ©