UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.

_____

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Zachary Griffin ("Griffin"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), submits this response in opposition to Defendant Motorsport Games Inc.'s ("MSG") Motion to Dismiss [D.E. 13], and states:

### BACKGROUND

1. On May 20, 2024, Griffin filed his Complaint against MSG, alleging fours claims of: (i) breach of contract; (ii) breach of covenant of good faith and fair dealing; (iii) promissory estoppel; and (iv) breach of fiduciary duty. *See* D.E. 1.

2. On June 7, 2024, MSG filed a Motion for Extension of Time, seeking "a three-week extension of time through and including July 5, 2024, to respond to the Complaint." D.E. 6, p.1.

3. On June 7, 2024, the Court entered a paperless order granting MSG's Motion for Extension of Time, stating: "Defendant's Answer is due on or before July 5, 2024." D.E. 7.

4. On July 8, 2024, MSG belatedly filed a Motion to Dismiss (the "Motion"), alleging Griffin has failed to state a claim upon which relief can be granted. *See* D.E. 13.

///

## LEGAL STANDARD

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lemquist v. Carnival Corp.*, 2023 U.S. Dist. LEXIS 32032, at *4 (S.D. Fla. Feb. 27, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and ***take its factual allegations as true***." *Lemquist*, 2023 U.S. Dist. LEXIS 32032, at *5 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)) (emphasis added).

In Florida, the "longstanding rule" is that "the court's review is limited to an examination solely of the complaint and its attachments." *Santiago v. Mauna Loa Invs., LLC*, 189 So. 3d 752, 755-57 (Fla. 2016); *see also Crabb v. Ingram*, 2024 U.S. Dist. LEXIS 62358, at *2 (S.D. Fla. Mar. 18, 2024). Otherwise, "[e]xtrinsic material ***that is referred to in the operative complaint*** and attached to a motion to dismiss ***may be considered*** by the court at the pleading stage if the attached material is (1) central to the plaintiff's claim and (2) the authenticity of the document is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024). Lastly, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks*, 116 F.3d at 1369.

## ARGUMENT

The pivotal error in MSG's Motion, and its arguments, is that MSG confounds itself with its Australian subsidiary. *See* D.E. 13, at 1. In Florida, it is paramount that a parent company and its subsidiary constitute two separate entities. *See Ferro v. ECI Telecom, Inc.*, 314 So. 3d 711, 713 (Fla. 3d DCA 2021) ("parent corporations and their wholly owned subsidiaries, constitute separate

and distinct legal entities"). Therefore, unequivocally, the Complaint alleges Griffin had an oral contract, the "Relocation Agreement," with MSG—not its Australian subsidiary. *See* D.E. 1, ¶¶ 5-8. Precisely, Griffin identifies MSG's former CEO Dmitry Kozko as Griffin's point of contact in negotiating the Relocation Agreement and its performance. *Id*. The Court should not consider the alleged agreement between Griffin and "MSG Australia" because not only (1) MSG failed to attach the purported agreement, but also (2) Griffin did not make any reference to a written agreement with MSG Australia that would justify its consideration here. *See Santiago*, 189 So. 3d at 755-57; *Jackson*, 97 F.4th at 1350; D.E. 1, ¶¶ 5-40.

Hence, the question before this Court is whether—regardless of any independent contracts between Griffin and "Motorsport Games Australia PTY LTD"—Griffin's "Relocation Agreement" with Defendant is enforceable, as alleged in the Complaint. *See Lemquist*, 2023 U.S. Dist. LEXIS 32032, at *4. Because this Court must read the Complaint in the light most favorable to Griffin, and make all reasonable inferences, the Complaint and all the alleged claims survive dismissal. *See id*. at *5.

**I.        Plaintiff's Complaint sufficiently alleges Breach of Contract.**

"To prove the existence of [an oral] contract under Florida law, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *HTC Leleu Fam. Tr. v. Piper Aircraft, Inc.*, 571 F. App'x 772, 776 (11th Cir. 2014). Subsequently, a claim for breach of contract necessitates "(1) a valid contract; (2) a material breach; and (3) damages." *Dagnesses v. Target Media Partners*, 711 F. App'x 927, 933 (11th Cir. 2017) (quoting *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007)). In this case, the Complaint sufficiently alleges a Breach of Contract, and the claim should not be dismissed.

///

### a. The "Written Employment Agreement" does not apply to the claims at hand.

Notwithstanding that there is no basis for MSG to bring the agreement between MSG Australia and Griffin to this Court's consideration—as discussed above—MSG simply cannot rely on a contract to which MSG is not a party as a defense. *See Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1167 (11th Cir. 2011) ("A rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party"); *Greene v. Peloton Interactive*, 566 F. Supp. 3d 1299, 1303 (N.D. Fla. 2021) (stating "[t]hird persons who are not parties to an [agreement] generally are not bound by the agreement," except for claims brought by beneficiaries to enforce a contract) (quoting *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016)). Thus, MSG's Motion arguments fail not only as an improper attempt to escape the four corners of the Complaint but also an attempt to enforce a contract under which MSG has no rights. *See Lemquist*, 2023 U.S. Dist. LEXIS 32032, at *4-5; *Lawson*, 648 F.3d at 1167.

### b. The Complaint alleges all the elements of an enforceable contract.

First and foremost, not all of a contract's terms need to be alleged on a complaint. *See St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) ("[t]he fact that nonessential terms remain open is not fatal to an oral contract"). The *McIver* court ratified that an undisputed *oral* contract existed where a broker would receive a two-percent commission form the *eventual* sale of property. *See id.* Thus, as long as the basic elements of a contract are met, an oral contract is valid. *See id.*

In this case, the Complaint unequivocally alleges that MSG offered Griffin to be MSG's Director of Technology in Miami, with a base salary of $240,000 per year, plus an annual bonus of $70,000; that MSG promised to sponsor the visas for Griffin and his wife provided they use the services of MSG's immigration attorney, Mark Katsman ("Mr. Katsman"); and that MSG assured Griffin he would be compensated for his expenses and losses that resulted from Mr. Katsman's

mishandling of his visa petition. See D.E. 1, ¶¶ 9-10, 23, 27; *cf. HTC Leleu Fam. Tr.*, 571 F. App'x at 776 (stating a valid contract has "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential term"); *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) ("where a plaintiff is offered employment, accepts that offer, and gives adequate consideration in the form of his labor, an enforceable contract is formed"). Precisely, oral employment contracts are common and enforceable. *See Knight,* 78 F. Supp. 2d at 1345, 1347. MSG's offers to Griffin, which Griffin accepted, are all clear, unambiguous, and specific. *See HTC Leleu Fam. Tr.*, 571 F. App'x at 776. Thus, the Complaint, especially when read in the light most favorable to Griffin—as civil procedure requires—sufficiently alleges the Relocation Agreement is a valid oral contract. *See HTC Leleu Fam. Tr.*, 571 F. App'x at 776; *Dagnesses*, 711 F. App'x at 933 (providing a claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages").

    c. **The Complaint sufficiently alleges breach.**

In addition to properly alleging the existence of a contract, the Complaint unequivocally alleges that MSG breached the Relocation Agreement. Specifically, MSG failed to relocate Griffin from Australia to its office in Miami, as promised. *See* D.E. 1, ¶ 44. Moreover, MSG refused to pay for Griffin's losses due to MSG's failure to complete Griffin's relocation despite promising to do so. *See id.*, ¶ 36. It should be noted that Mr. Katsman, who was imposed on Griffin by MSG, never submitted a visa petition on his behalf. *See id.*, ¶ 22. Had MSG and/or its attorneys submitted a visa application in Griffin's behalf—and the application had been denied by the Department of State—then MSG could potentially assert that a governmental order excuses its breach. *Cf.* D.E. 13, p.8. However, since the Complaint alleges MSG and/or its attorneys failed to submit a visa application on Griffin's behalf—and Griffin is not otherwise ineligible for a visa—the Complaint

sufficiently alleges a breach of the Relocation Agreement. *See Dagnesses*, 711 F. App'x at 933 (providing a claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages"); D.E. 1, ¶¶ 14-24.

    **d. The Complaint sufficiently alleges causation.**

While MSG is patently mistaken that "causation" is an element of a claim for breach of contract, *see* D.E. 13, p.8; *see Dagnesses*, 711 F. App'x at 933 (providing a claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages"), MSG's breach nonetheless caused Griffin's injuries in this case. As the Complaint expresses, "[a]s a result of Mr. Katsman's [MSG's choice of attorney] mishandling of his visa petition, Griffin was not able to relocate to Miami. Consequently, Griffin sustained and continues to sustain significant damages, including but not limited to moving expenses; travel expenses; lodging expenses; utility expenses; insurance expenses." D.E. 1, ¶ 23. Notably, the Complaint further alleges a different attorney determined that MSG's preferred lawyer, Mr. Katsman, provided incompetent service. *See* D.E. 1, ¶ 26. Thus, MSG's choice of hire—which contradicted MSG's general counsel's advice—hindered Griffin's relocation to the US, resulting in expenses and losses for Griffin. *See* D.E. 1, ¶¶ 14-26. Therefore, the Complaint sufficiently alleges damages and causation. *See Dagnesses*, 711 F. App'x at 933 (providing a claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages"); *Lemquist*, 2023 U.S. Dist. LEXIS 32032, at *5 ("[w]hen considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true"); D.E. 1, ¶¶ 14-26.

    **e. The Complaint's allegations survive the prohibitions of the statute of frauds.**

Florida's statute of frauds, which MSG avoids to directly quote, does not bar Plaintiff's contractual claims:

> No action shall be brought . . . upon any agreement that is **not to be performed within** the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§ 725.01, Fla. Stat. (emphasis added). Here, all of MSG's promises, such as the relocation to Miami and reimbursement for Griffin's expenses could be performed in under one year. Accordingly, the oral contract between the parties is not barred by the statute of frauds.

## II. Plaintiff's Complaint sufficiently alleges Breach of Covenant of Good Faith and Fair Dealing.

An implied covenant of good faith and fair dealing "attaches to the performance of a specific contractual obligation." *Centurion Air Cargo v. UPS Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). Thus, the covenant "modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1317 (11th Cir. 1999). It is thus the Complaint's allegation that while MSG might have hired attorneys to work Griffin's visa, MSG "required Griffin to use the services of its immigration attorney, Mr. Katsman, to obtain a work visa to the U.S.," but Mr. Katsman mishandled the immigration case. D.E. 1 ¶ 54. It is precisely Griffin's contention that while MSG may claim some level of performance in their hiring of Mr. Katsman, MSG had knowledge that Mr. Katsman would not provide satisfactory service. *See* D.E. 1, ¶¶ 11–13, 26. Thus, the Court—for the purposes of a motion to dismiss—should construe the Complaint to sufficiently allege MSG breached a covenant of good fair ad fair dealing, whereas MSG *de jure* complied by hiring Mr. Katsman but *de facto* breached the contract because of Mr. Katsman known incompetence. *See Burger King Corp. v. Weaver*, 169 F.3d at 1317; D.E. 1, ¶¶ 11–13, 26.

///

///

7

**III.     Plaintiff's Complaint sufficiently alleges Promissory Estoppel.**

"In Florida, the doctrine of promissory estoppel 'applies when there is (1) a promise which the promisor should reasonably expect to induce action or forbearance, (2) action or forbearance in reliance on the promise, and (3) injustice resulting if the promise is not enforced.'" *Bloch v. Wells Fargo Home Mortg.*, 755 F.3d 886, 889 (11th Cir. 2014) (quoting *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 96 (Fla. 2013)). In this case, MSG's promises to Griffin, taken as alleged in the Complaint, must warrant estoppel. First and foremost, as discussed above, Griffin's agreement, or absence thereof, with MSG Australia has no bearing in this case. Further, federal rules of pleading provide Plaintiff is entitled to plead promissory estoppel as an alternative to an enforceable Relocation Contract:

> **(1) In General.** Each allegation must be simple, concise, and direct. No technical form is required.
>
> **(2) Alternative Statements of a Claim or Defense.** A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> **(3) Inconsistent Claims or Defenses.** A party may state as many separate claims or defenses as it has, regardless of consistency.

*See* Fed. R. Civ. P. 8(d). Thus, the Complaint sufficiently alleges that (1) MSG hired Griffin as its Director of Technology and promised to relocate him to its office in Miami; (2) MSG agreed to compensate Griffin for his losses as a result of the mishandling of his visa; and (3) it would be unfair for MSG not to be held to its promises. *See* D.E. 1, ¶¶ 11-26; *Bloch*, 755 F.3d at 889 (stating the elements of promissory estoppel).

In contrast to MSG's position, intention to perform in Florida does not excuse the promisor party—intention or lack thereof is not an element of the claim. *Bloch*, 755 F.3d at 889 (stating the elements of promissory estoppel as "(1) a promise which the promisor should reasonably expect

to induce action or forbearance, (2) action or forbearance in reliance on the promise, and (3) injustice resulting if the promise is not enforced"). In turn, intention is relevant in the context that "mere expression[s] of intention, hope, desire, or opinion, which shows no real commitment, cannot be expected to induce reliance." *CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 634 (3d Cir. 2013) (quoting 3 Corbin on Contracts § 8.9, at 29-30 (Rev. Ed. 1996)). In this case, whether MSG made an express promise to hire Griffin as Director of Technology— and did hire Griffin for the position—and to sponsor his visa, MSG could expect Griffin to rely on the promise of the sponsorship before accepting the position. *See Bloch*, 755 F.3d at 889; D.E. 1, ¶¶ 11–26. Thus, Griffin's claim for promissory estoppel should survive a motion to dismiss.

### IV. Plaintiff's Complaint sufficiently alleges Breach of Fiduciary Duty.

"Under Florida law, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damages proximately caused by that breach." *Sutherlin v. Wells Fargo Bank N.A.*, 767 F. App'x 812, 819 (11th Cir. 2019) (citing *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002)). As discussed above, Griffin's agreement, or absence thereof, with MSG Australia has no bearing in this case. Thus, Griffin's claim must first establish a fiduciary relationship between Defendant MSG and himself. However, the Complaint easily alleges a fiduciary relationship because a fiduciary relationship exists in contract. *See Watkins v. NCNB Nat'l Bank, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) ("NCNB, as [contracted] escrow agent, owed a fiduciary duty only to [the contracting parties]"); *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002) ("a fiduciary relationship does exist between persons when one is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relationship"); *Maxwell v. First United Bank*, 782 So. 2d 931, 933 (Fla. 4th DCA 2001) ("[e]xpress fiduciary relationships are created by contract"). Thus, Griffin's Complaint sufficiently

alleges that Griffin relied on MSG finding a competent immigration attorney for him—and MSG breached this duty by willingly hiring an incompetent attorney. *See* D.E. 1, ¶¶ 11–26, 65–69; *see, e.g., Gracey*, 837 So. 2d at 353. Further, Griffin is entitled to claim breach of fiduciary duty as an alternative to contract breach. *See* Fed. R. Civ. P. 8(d) ("[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient").

## **CONCLUSION**

WHEREFORE, Plaintiff Zachary Griffin respectfully requests that the Court enter an order denying Defendant Motorsport Games Inc.'s Motion to Dismiss and granting all other relief this Court deems just, proper, and equitable.

Dated: July 29, 2024

Respectfully submitted,

By: */s/Eduardo A. Maura*
Eduardo A. Maura, Esq.
Florida Bar No. 91303
eduardo@ayalalawpa.com
Luis F. Quesada Machado, Esq.
Florida Bar No. 1010305
lquesada@ayalalawpa.com
Ryan M. Sawal, Esq.
Florida Bar No. 1038500
rsawal@ayalalawpa.com
**Ayala Law, P.A.**
2490 Coral Way, Ste 401
Miami, FL 33145
P: (305) 570-2208
F: (305) 503-7206
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of it by Notice of Electronic Mail to all counsel of record.

By: */s/Eduardo A. Maura*
Eduardo A. Maura, Esq.
Florida Bar No. 91303
