UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-21929-Bloom

ZACHARY GRIFFIN,

    *Plaintiff*,

v.

MOTORSPORT GAMES INC.,

    *Defendant*.

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

Defendant Motorsport Games, Inc. ("MSG"), by and through their undersigned counsel, hereby files its Answer to Plaintiff Zachary Griffin's ("Griffin") Complaint, and states as follows:

### PARTIES

1. MSG admits that Griffin is a citizen of Australia. MSG lacks sufficient knowledge and therefore denies that Griffin is a resident of Australia.

2. MSG admits the allegations in paragraph 2 of the Complaint.

### JURISDICTION

3. MSG admits the allegations in paragraph 3 of the Complaint for jurisdictional purposes only.

### VENUE

4. MSG admits that venue is proper, otherwise denies the allegations in paragraph 4 of the Complaint.

### FACTS

5. MSG admits the allegations in paragraph 5 of the Complaint.

6. MSG denies the allegations in paragraph 6 of the Complaint.

7. MSG denies the allegations in paragraph 7 of the Complaint.

8. MSG denies the allegations in paragraph 8 of the Complaint.

9. MSG denies the allegations in paragraph 9 of the Complaint.

10. MSG denies the allegations in paragraph 10 of the Complaint.

11. MSG denies the allegations in paragraph 11 of the Complaint.

12. MSG denies the allegations in paragraph 12 of the Complaint.

13. MSG lacks sufficient knowledge and therefore denies the allegations in paragraph 13 of the Complaint and in the corresponding footnote. To the extent paragraph 13 of the Complaint contains legal conclusions regarding Griffin's qualification or application for a visa, no response is required.

14. MSG admits the allegations in paragraph 14 of the Complaint.

15. MSG denies the allegations in paragraph 15 of the Complaint.

16. MSG denies the allegations in paragraph 16 of the Complaint.

17. MSG denies the allegations in paragraph 17 of the Complaint.

18. MSG denies the allegations in paragraph 18 of the Complaint.

19. MSG denies the allegations in paragraph 19 of the Complaint.

20. MSG denies the allegations in paragraph 20 of the Complaint. To the extent paragraph 20 of the Complaint contains legal conclusions regarding Griffin's qualification or application for a visa, no response is required.

21. MSG admits the allegations in paragraph 21 of the Complaint.

22. MSG lacks sufficient knowledge and therefore denies the allegations in paragraph 22 of the Complaint.

23. MSG denies the allegations in paragraph 23 of the Complaint.

24. MSG denies the allegations in paragraph 24 of the Complaint.

25. MSG admits that Griffin shared a spreadsheet with Mr. Kozko on or around October 18, 2022 but MSG lacks sufficient knowledge and therefore denies the remaining allegations in paragraph 25 of the Complaint, including that Griffin had any "losses."

26. MSG denies the allegations in paragraph 26 of the Complaint.

27. MSG denies the allegations in paragraph 27 of the Complaint.

28. MSG admits the allegations in paragraph 28 of the Complaint.

29. MSG denies the allegations in paragraph 29 of the Complaint.

30. MSG admits that MSG had cash flow issues and otherwise denies the allegations in paragraph 30 of the Complaint.

31. MSG denies the allegations in paragraph 31 of the Complaint.

32. MSG denies the allegations in paragraph 32 of the Complaint.

33. MSG denies the allegations in paragraph 33 of the Complaint.

34. MSG denies the allegations in paragraph 34 of the Complaint.

35. MSG denies the allegations in paragraph 35 of the Complaint.

36. MSG denies the allegations in paragraph 36 of the Complaint.

37. MSG denies the allegations in paragraph 37 of the Complaint.

38. MSG admits that Dara Acker emailed Griffin and denies the remaining allegations in paragraph 38 of the Complaint.

39. MSG denies the allegations in paragraph 39 of the Complaint.

40. MSG admits the allegations in paragraph 40 of the Complaint.

## COUNT I – BREACH OF CONTRACT

Pursuant to this Court's October 24, 2024 Order, Count I has been dismissed with prejudice. Accordingly, MSG does not need to answer the paragraphs and wherefore clause related to this Count, which otherwise would be denied.

## COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Pursuant to this Court's October 24, 2024 Order, Count II has been dismissed with prejudice. Accordingly, MSG does not need to answer the paragraphs and wherefore clause related to this Count, which otherwise would be denied.

## COUNT III – PROMISSORY ESTOPPEL

59. MSG reaffirms and reallege its answers to paragraphs 1 through 40 as if stated herein in full.

60. MSG denies the allegations in paragraph 60 of the Complaint.

61. MSG denies the allegations in paragraph 61 of the Complaint.

62. MSG denies the allegations in paragraph 62 of the Complaint.

63. MSG denies the allegations in paragraph 63 of the Complaint.

64. MSG denies the allegations in paragraph 64 of the Complaint.

MSG denies that Griffin is entitled to a judgment against MSG for damages, costs, interest, or any other relief.

## COUNT IV– BREACH OF FIDUCIARY DUTY

Pursuant to this Court's October 24, 2024 Order, Count IV has been dismissed with prejudice. Accordingly, MSG does not need to answer the paragraphs and wherefore clause related to this Count, which otherwise would be denied.

Defendant MSG denies all allegations of the Complaint not specifically admitted, controverted, or denied and demands strict proof thereof at trial.

## JURY TRIAL DEMANDED

MSG admits that Griffin demands trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

Without conceding that MSG bears the burden of proof or persuasion as to any of them, MSG alleges the following defenses:

1. The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Griffin's claim(s) are barred, in whole or in part, to the extent he failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

3. Griffin's claim(s) are barred, in whole or in part, by the doctrine of unclean hands.

4. Griffin's claim(s) are barred, in whole or in part, because a party's truthful statement of present intentions regarding a future act does not give rise to a claim for promissory estoppel.

5. Griffin's claim(s) are barred, in whole or in part, because MSG's alleged promise was not sufficiently definite in time and terms, or was susceptible of multiple interpretations.

6. Griffin's claim(s) are barred, in whole or in part, because promissory estoppel is not available when a written contract between the parties covers the disputed promises and contains an integration clause.

7. Griffin's claim(s) are barred, in whole or in part, because promissory estoppel cannot be employed to circumvent the statute of frauds.

8. Griffin's claim(s) are barred, in whole or in part, because reliance is unreasonable

and unjustifiable when the promisee enters into a subsequent written contract, which contains a customary integration clause, providing that the written agreement is the entire agreement between the parties and superseded and prevails over any other understanding between the parties, and a customary amendment clause, providing that any amendment, change or modification to that agreement is void unless set forth in writing signed by both parties.

9. Griffin's claim(s) are barred, in whole or in part, because Griffin had knowledge of, or the reasonable ability to learn the true facts.

10. Griffin's claim(s) are barred, in whole or in part, to the extent that, if any employee of MSG acted in a manner that caused Griffin harm, any such actions were committed outside the scope or course of the employee's employment and without the consent, knowledge, or ratification of MSG or MSG Australia.

11. Griffin's claim(s) are barred, in whole or in part, by the doctrine of laches or statute of limitations.

12. Griffin's claim(s) are barred, in whole or in part, because MSG fully performed, fulfilled and carried out, the alleged promise.

13. Griffin's claim(s) are barred, in whole or in part, by the doctrine of accord and satisfaction.

14. Griffin's claim(s) are barred, in whole or in part, because Griffin assumed the risk of moving to Florida.

15. Griffin's claim(s) are barred, in whole or in part, because Griffin was negligent.

16. Griffin's claim(s) are barred, in whole or in part, by lack of standing.

17. Griffin's claim(s) are barred, in whole or in part, by the doctrine of waiver.

18. Griffin's claim(s) are barred, in whole or in part, by the doctrine of estoppel.

19. Griffin's claim(s) are barred to the extent he failed to reasonably mitigate any damages he may have suffered.

## DEMAND FOR JURY TRIAL

Defendant, MSG, hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, MSG demands judgment in its favor:

(a) dismissing the Complaint;

(b) awarding MSG its reasonable costs and fees; with all costs against Plaintiff, and such other relief as the Court deems proper.

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess
Fla. Bar No. 702641
Jeff@axslawgroup.com
2121 NW 2nd Ave
Miami, FL 33127
Tel: (305)-297-1878

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 6th day of November, 2024.

*/s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess