UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.

_____/

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: */s/ Alice Ferot*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com

Defendant Motorsport Games Inc. ("MSGM") files this Statement of Material Facts ("SOF") in opposition to Plaintiff Zachary Griffin's ("Griffin") Statement of Material Facts, DE 44.

## RESPONSE TO GRIFFIN'S STATEMENT OF FACTS

1. Undisputed.

2. Disputed. Griffin was hired by MSGM Australia and not MSGM. Employment Agreement between Griffin and MSGM Australia, DE 42-5 pp. 1; 15; Beckley Decl., ¶3, attached as **Exhibit 1**. Otherwise undisputed.

3. Undisputed.

4. Disputed. Even though Griffin and Kozko may have had an ongoing conversation about Griffin's relocation to Miami, there is no evidence of the purported oral agreements between Kozko and Griffin, besides Griffin's self-serving testimony. MSGM Dep. 13:2-16. To the contrary, all agreements with respect to Griffin's employment relationship are reflected in the written amendments to his employment contract with MSGM Australia. Beckley Decl. ¶¶6; 19;. DE 42-12 p. 1; DE 42-32 p. 3; DE 42-5.

5. Disputed. There was never an oral "Relocation Agreement" between MSGM and Griffin. Beckley Decl., ¶6. All agreements with respect to Griffin's employment are reflected in his employment contract with MSGM Australia and its written amendments. Beckley Decl., ¶¶6;19; Employment Agreement DE 42-5 p. 1; 14 of 22, which contained a clause ¶19.3 stating that any "amendement . . .to this [employment] Agreement is void unless in writing and signed by both parties"); Employment Agreement Amendments DE 42-12 p. 1 and DE 42-32 p. 3.

6. Disputed. There was never an oral "Relocation Agreement." *See* SOF ¶5 above and incorporated by reference here. MSGM Australia, not MSGM, promoted Griffin to Director of Technology. DE 42-12 p. 1, Employment Agreement Amendment, executed by Griffin and MSGM Australia ("Your job title has been changed to Director of Technology and Director of Studio, Motorsport Games Australia as of October 4th, 2021."). MSGM Australia raised Griffin's compensation. DE 42-32 p. 3, Employment Agreement Amendment. Undisputed that MSGM agreed to sponsor Griffin's visa application by providing the services of immigration counsel. DE 42-1, Griffin Dep. 106-18 to 108-13 ("Q: What . . . was the exact promise regarding the visa? A That they would pay for the sponsorship of, or get, pay for and give sponsorship for my wife and myself. . . Q So when you said pay for it, meaning the fee to apply or the immigration attorney's

fees? . . . A It was the -- the -- the costs associated with, with the sponsorship. So it was a pretty simple promise.").

    7.    Undisputed

    8.    Undisputed that Jack Griffin stated "Griffin will become our MSGM Studios' Director of Technology, effective *as of this week*." (emphasis added). However, Jack Griffin misspoke as Griffin became MSGM *Australia's* Director of Technology. *See* Employment Agreement Amendment executed by Griffin a few days after the email, DE 42-12 p. 1.

    9.    Undisputed.

    10.    Undisputed.

    11.    Disputed. Dara Malavolta did not refer to Griffin as a Director of MSGM but only as "on[sic] of our Directors." *See* Feb. 7, 2022 email (MSGM1053), attached as **exhibit 2** Otherwise undisputed.

    12.    Undisputed.

    13.    Undisputed. However, Kozko misspoke as Griffin became *MSGM Australia's* Director of Technology. *See* Employment Agreement Amendment executed by Griffin a few days before the email, DE 42-12 p. 1.

    14.    Disputed. Griffin and his wife arrived in Miami on April 5, 2025. I-94 Travel History, DE 42-46 p. 2. Whether they carried specific documents is unknown and therefore disputed.

    15.    Undisputed.

    16.    Undisputed.

    17.    Disputed. DE 42-32 p. 2 of 3 (not referencing any paycheck).

    18.    Undisputed that Griffin agreed to a $48,000 bonus as reflected by the amendment to his employment contract with MSGM Australia. DE 42-32 p. 3. However, it is disputed that there was any previous agreement other than what was reflected in Griffin's written employment agreement. Employment Agreement with MSGM Australia DE 42-5; First Amendment to Employment Agreement DE 42-12.

    19.    Undisputed.

    20.    Undisputed that Malavolta sent Griffin an Amendment to his Employment Agreement, otherwise disputed. DE 42-32 p. 3. The date of the agreement, May 6, 2022, reflected the date of the agreement between MSGM Australia and Griffin regarding Griffin's increased

remuneration: i.e. a $240,000 base salary with a $48,000 bonus. *Id.*

21. Undisputed. To clarify, Griffin only received paystubs from MSGM Australia, who was Griffin's employer. DE 42-6, Compilation of all Paystubs from MSGM Australia; DE 42-1, Griffin Dep. 28:9-11 ("Q Did you ever receive any paystubs from Motorsport US? A No.").

22. Undisputed.

23. Disputed. Katsman offered the E-3 visa option, which could be filed immediately, and Griffin rejected it and opted for the L-1 instead. DE 42-13 p. 2 of 3 Email from Kastman to Griffin 1 of 3 ("The E-3 visa can be filed at any time since it is not related to the Australian or any other company."); *id.* at p. 1 of 3, Email from Griffin to Kastman ("My preference is to proceed with the L-1 visa as it as it is also *my* understanding that it provides a quicker, more straightforward pathway to a Green Card."); DE 42-1, Griffin Dep. 45:16-19 ("Q So you're giving Mr. Katsman your preference to the L-1. A Yes, based on the information that I was provided.").

24. Disputed. *See* SOF ¶23 above incorporated here by reference.

25. Disputed. Communications between Griffin and Katsman show a pattern of neglect and lack of diligence by Griffin in preparing his visa application. Indeed, Katsman had sent all information about the visa by September 21, 2021, DE 42-13 p. 1-2, and the list of documents necessary to file the application by January 6, 2022, Griffin SOF ¶ 19, DE 42-20 p. 1. Griffin did not gather any document until April 27, 22, when he asked Kastman to "advise what you require to start this." DE 42-30 p. 2, to which Kastman responded: "A few months back, I sent you the list of docs I would need. I am attaching it again." *Id.* at p.1. Therefore, it was Griffin who did not follow up with Katsman after the call and neglected his visa application well beyond the March 16, 2022 anniversary date of his employment. Once Griffin hired his chosen immigration firm, Cammisa Markel, MSGM immediately paid the deposit and there is no record of any communication between Cammisa Markel and Griffin after that payment ocurred. DE 42-35 p. 1, Email from Potter to Griffin confirming payment of deposit for Cammisa Markel; DE 42-1, Griffin Dep. 99:19-22 ("Q So the, the selection of the firm Cammisa Markel was your choice. A Yes, that's correct.; *Id.* at 102:2-5 ("Q Okay. Did you give your counsel, your new counsel now Cammisa Markel, all the documentation needed for your visa application? A No, we didn't get to that point."); *id.* at 103:24 104:1 ("Q So did you ever submit the visa application for the E-3? A No").

26. Disputed. Griffin never had any "losses." He was the highest paid individual at

MSGM Australia with an initial base salary of $170,000 and $70,000 yearly bonus for the first three years (i.e. $240,000 yearly compensation in total). DE 42-5 p. 19 of 22, Employment Agreement; DE 42-1, Griffin Tr. 24:13-15 ("Q Was it the highest compensation at Motorsport Australia? A Yes, it was."). In May 2025, a month after Griffin's attempted relocation to Miami, MSGM Australia increased his compensation to $240,000 annual base compensation plus a $48,000 bonus in two installments (i.e. $288,000 yearly compensation in total). DE 42-31 p. 3 of 3, Amendment to Employment Agreement DE 42-1, Griffin Tr. 96:4-6 ("Q So was it the highest compensation for Motorsport Games Australia at the time? A Yes, it was."). Disputed that MSGM failed to relocate Griffin to Miami, instead Griffin neglected his visa application. *See* SOF ¶25 above and incorporated by reference here.

27. Disputed that Griffin had any "losses." SOF at ¶26 above and incorporated by reference here. Undisputed that Griffin shared a spreadsheet with Kozko.

28. Disputed. Katsman offered the E-3 visa option, which could be filed immediately, and Griffin rejected it and opted for the L-1 instead. *See* SOF ¶24 above and incorporated by reference here.

29. Disputed. Kozko only agreed to pay Cammisa Markel's retainer and instructed Griffin to "submit" his expenses so they could be reviewed. DE 42-43 p. 17 of 23; Griffin's own notes of communications with Kozko, at row 72 of the table ("Kozko" Submit these as expenses"); *see also id.* at p. 21 of 23, row 94 ("You're asking for stuff we never agreed on. We never agreed it would be company's liability to cover these items. Why would you do this?").

30. Undisputed. However, the new immigration firm was requested and chosen by Griffin. DE 42-1, Griffin Dep. 99:19-22 ("Q So the, the selection of the firm Cammisa Markel was your choice. A Yes, that's correct."). MSGM did pay the retainer. DE 42-35 p. 1, Email from Potter to Griffin confirming payment of deposit for Cammisa Markel.

31. Undisputed but also not material and irrelevant.
32. Undisputed but also not material and irrelevant.
33. Undisputed but also not material and irrelevant.
34. Undisputed but also not material and irrelevant.
35. Undisputed but also not material and irrelevant.
36. Undisputed but also not material and irrelevant.
37. Undisputed but also not material and irrelevant.

38. Disputed that Griffin ever had any "losses." SOF at ¶26 above and incorporated by reference here. Disputed that Kozko agreed to compensate any loss. DE 42-43 p. 21 of 23, row 94; Griffin own notes of communications with Kozko, ("You're asking for stuff we never agreed on. We never agreed it would be company's liability to cover these items. Why would you do this?").

39. Disputed that Griffin ever had any "losses" or that Kozko agreed to compensate them, SOF at ¶38 above and reincorporated by reference here.

40. Disputed that Griffin had any "losses" that the parties attempted to settle. SOF at ¶26 above and incorporated by reference here. Undisputed that Kozko sent an offer regarding Griffin compensation and not for alleged losses, however Griffin rejected the offer and Griffin and Kozko never reached any agreement as to a compensation or bonus increase. DE 42-38 p. 2 of 3, Email from Kozko proposing bonuses; *id.* at p. 1 of 3, Email from Griffin rejecting the offer ("I've provided an alternative to your proposed incentive structure."). Additionally, Kozko and Griffin's negotiation never agreed on the terms of the compensation. DE 42-39 p. 1, Email from Griffin to Kozko negotiating; DE 42-40 Email from Griffin to Kozko frustrated with the negotiation and requesting that "someone else [than Kozko] . . . step in to help resolve [these negotiations]."

41. Undisputed. DE 42-41 p.6 of 7. However, Acker's proposal was part on the ongoing negotiations and Kozko January 14, 2023's proposal had been rejected by Griffin. *Id*. pp. 2-6 Email chain showing ongoing negotiations; DE 42-38 p. 1 of 3, Email from Griffin rejecting Kozko's January 14, 2023 offer ("I've provided an alternative to your proposed incentive structure.").

42. Undisputed that the negotiations stalled.

## ADDITIONAL UNDISPUTED FACTS

MSGM incorporates here by reference its Statement of Material Facts.[1] DE 42.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

---

[1] For the purpose of this Opposition to Plaintiff's Motion for Summary Judgment, MSGM <u>does not</u> accept as true the two oral promises that Kozko allegedly made to Griffin.

By: */s/ Alice Ferot*
-Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 4, 2025, all parties of record were served via filing of the above Motion on the CM/ECF system.

                   */s/ Alice Ferot*
                   Alice Ferot