**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21929-BLOOM/Elfenbein**

ZACHARY GRIFFIN,

Plaintiff,

v.

MOTORSPORT GAMES INC.,

Defendant.
_______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Griffin's Response does nothing to rebut MSGM's arguments for summary judgment. The alleged promise is not actionable, because the Statute of Frauds bars it, and MSGM substantially performed all its obligations. But even if it was, Griffin would still be unable to prove the required element of detrimental reliance, as no record evidence exists to support it.

***The Statute of Frauds Bars Plaintiff's Promissory Estoppel Claim***

First and foremost, the Statute of Frauds bars Griffin's claim, because the undisputed evidence in this case demonstrates the parties' clear intention for Griffin's relocation to be "permanent" and, thus, incapable of being performed within a year. *See* Griffin Dep. at 68:11-13 ("And then you're, you're relocating permanently. A That's correct."); *id.* at 74:25 75:1 ("Q So you thought you would stay for the fifteen months [of the lease] A That's correct."; MSGM Dep. at 23:6-11 (" Q And the move to Miami . . . was a permanent relocation. It wasn't a temporary thing, was it? . . .A My understanding is that it was going to be a permanent relocation."); *see also All Brand Importers, Inc. v. Tampa Crown Distribs., Inc.*, 864 F.2d 748, 750 (11th Cir. 1989). The alleged oral promise in this case is more akin to the *Butterworth* case than it is to a run-of-the-mill,

"at-will" employment contract case, because the Plaintiff, himself, (1) testified that he intended to relocate permanently; (2) secured, with a guarantee from MSGM's CEO, Dmitry Kozko, a 15-month lease to carry out his relocation[1]; and (3) sought out a certain visa that provided an easier pathway to permanent residency. *Compare Butterworth v. Lab'y Corp. of Am. Holdings*, 581 F. App'x 813, 819 (11th Cir. 2014) (holding that the statute of frauds barred the plaintiff's claim when her "intent at the time she negotiated the stock options agreement with [her employer] was to enter into a contract that would be performed over a series of years, and [her employer] had the same intent") *with Cabanas v. Womack & Bass, P.A.*, 706 So. 2d 68, 69 (Fla. 3d DCA 1998) (holding that the at-will employment contract did not fall within the statute of frauds because "nothing in the record support[ed] the conclusion that [the plaintiff] was hired to perform work which would require performance for a period of time exceeding one year"). Griffin's reliance on this "at-will" employment caselaw is inapposite, because the circumstances surrounding Griffin's promotion to Director of Technology and permanent relocation to the United States demonstrate the parties' clear intention that the promise was not to be performed within a year.

Under "Florida law the intent of the parties with regard to the time of performance (not the possibility of contingent termination) is the key factor in determining whether an oral agreement is enforceable." *All Brand Importers*, 864 F.2d at 750. "The intent of the parties may be inferred from the "surrounding circumstances" or the "*object to be accomplished*." *McKeon v. Dunckner*, No. 6:22-CV-1067-PGB-RMN, 2023 WL 5804196, at *3 (M.D. Fla. Aug. 15, 2023). Here the parties did not purportedly agree to the visa sponsorship in a vacuum, instead they agreed to the

[1] Whether the fifteen-month lease was allowing Griffin to pay lower monthly rent is irrelevant as Griffin testified that he entered in the fifteen-month lease because he intended to stay in Miami permanently and therefore would stay for the entire duration of the lease. DE 42-1, Griffin Dep. 74:21-25 ("Q And when you entered into this lease you thought you were going to be in Miami on a permanent— A That's correct. Q -- basis. Okay. So you thought you would stay for the fifteen months. A That's correct.").

visa sponsorship so Griffin could work *permanently* in the United States. *Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2020 WL 4501938, at *7 (S.D. Fla. May 28, 2020), *report and recommendation adopted*, No. 16-24266-CIV, 2020 WL 6882205 (S.D. Fla. Nov. 24, 2020), *aff'd*, 114 F.4th 1212 (11th Cir. 2024) (finding that an oral ride-hailing joint venture was within the statute of frauds and thus unenforceable, because the parties did not just intend to obtain a concession but also to operate their ride-hailing services under the concession); *see also McKeon v. Dunckner*, No. 6:22-CV-1067-PGB-RMN, 2023 WL 5804196, at *4 (M.D. Fla. Aug. 15, 2023) (finding that a royalty agreement that had no term was within the state of frauds because the "object to be accomplished" implicated "an infinite timeline that cannot be completed in a year"); *see also Hughes v. Priderock Capital Partners, LLC*, No. 9:18-CV-80110, 2019 WL 341195, at *4 (S.D. Fla. Jan. 28, 2019) (finding that the parties' agreement was covered by the statute of frauds, because the agreement not only covered the launch of a fund but also required one of the parties to provide continuing work after the Fund launched).

In the instant case, it is clear "from the object to be accomplished ... and the surrounding circumstances," that Griffin and Kozko intended to create "*long-term arrangement* or an arrangement that, by its very nature, would extend for more than a year. " *LynkUs Comms., Inc. v. WebMD Corp.*, 965 So. 2d 1161, 1165–66 (Fla. 2d DCA 2007) (finding that the joint business arrangement which was contemplated by the parties—but never memorialized in a writing—would be a "long-term arrangement or an arrangement that, by its very nature, would extend for more than a year") (emphasis added).

***Griffin's Response Fails to Identify an Issue of Fact as to MSGM's Performance***

Griffin's Response also fails to create an issue of fact as to <u>MSGM's</u> performance of the alleged oral contract, as he relies exclusively on the claim that "the attorney provided by MSGM

was substantially at fault for Griffin's failed relocation." D.E. 53 at 14. Griffin is free to pursue claims against this attorney, if he so chooses, but his alleged actions have nothing to do with whether MSGM performed its duties under the alleged oral agreement. *See* D.E. 22 at 11 ("Katsman is not a party to this case, and the underlying allegations fail to show how MSG[M]'s actions breached its promises to sponsor and pay for Griffin's immigration attorneys"). And MSGM is not responsible for the actions of this independent attorney, regardless of whether MSGM agreed to provide or pay for his services. *See Oginsky v. Paragon Prop. Of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1372 (S.D. Fla. 2011) ("Any actions taken by nonparties, even if inconsistent with the contracts, cannot give rise to a cause of action for breach of contract against [the defendant]").

***Griffin Did Not Detrimentally Rely on MSGM's Alleged Promise to Cover his Losses***

Regardless, Griffin has provided no evidence that he took any action in detrimental reliance upon the alleged October 2022 promise[2] to cover his "losses." *See* Griffin Dep. 128:20 to 129:23 ("Q So from mid-October 2022 to January 2023 what did you do in reliance of this promise to cover your losses? A What do you mean by that? Q Did you rely on this promise to change anything in your situation? A I don't recall."). Griffin's argument in his Response regarding the continued "payment of his lease" is not sufficient to create an issue of fact on this element of the claim, because it does not amount to a detrimental change in Griffin's position. D.E. 53 at 15. *See e.g., Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1351 (S.D. Fla. 1999), *aff'd sub*

---

[2] Griffin now argues that there was only one oral promise. However, as Griffin notes, a plaintiff cannot rewrite his complaint in response to a motion for summary judgment. *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.") Griffin's Complaint refers to "several promises" made from "September 8, 2021 to January 14, 2023". *See* Comp. ¶60. Further, Griffin testified unequivocally and at length throughout his deposition that Kozko made two oral promises. Griffin Dep. 204:24 205:12 (Q So we discussed two promises that were [made] by Dimitri Kozko. One was in September 2021, and the other was mid-October 2022. Did anyone else at Motorsport US made a promise . . . related to this case. A I don't believe so.").

*nom. Eclipse Med., Inc. v. Am. Hydro-Surgical,* 235 F.3d 1344 (11th Cir. 2000) (holding that a plaintiff's reliance or forbearance must cause "a detrimental change of position") (quoting *Pinnacle Port Community Ass'n, Inc. v. Orenstein*, 872 F.2d 1536, 1543 (11th Cir. 1989)). And because it baldly repudiates his prior deposition testimony to create an issue of fact when none exists in the record, this portion of Griffin's affidavit and argument should be stricken. *See, e.g., Pickford v. Taylor Cnty. Sch. Dist.*, 298 So. 3d 707, 710 (Fla. 1st DCA 2020) ("In seeking to defeat summary judgment, a party may not create a factual dispute through an affidavit that 'baldly repudiate[s]' the party's earlier deposition testimony") (quoting *Ellison v. Anderson*, 74 So. 2d 680. 681 (Fla. 1954)).

***Griffin Lacks Standing to Seek Damages for his Wife***

Lastly, Griffin's attempt to recover for his wife's lost wages is completely unsupported by the law. *See, e.g., Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1950) (damages to be awarded "should be limited to the actual damages sustained by the aggrieved party"). Such damages were suffered by Griffin's wife in a "personal and individual way" – not Griffin himself. *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1113 (11th Cir. 2021). And the couple's "shared living costs" does not change this analysis. D.E. 53 at 16. Simply put, Griffin has no standing to claim these damages under Florida law. *See, e.g., Harvey v. United States*, No. 15-CV-24438, 2016 WL 11464671, at *3 (S.D. Fla. Mar. 1, 2016) (holding that a plaintiff "lacks standing to seek relief on behalf of others").

WHEREFORE, Defendant, Motorsport Games Inc. respectfully requests that the Court enter an order granting its Motion for Summary Judgment, dismissing Plaintiff's remaining claim, and any other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: *<u>/s/ Alice Ferot</u>*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 11, 2025, all parties of record were served via filing of the above Motion on the CM/ECF system.

*/s/ Alice Ferot*
Alice Ferot