UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.
_____/

**DEFENDANT MOTORSPORT GAMES, INC.'S MOTION FOR AN AWARD OF COSTS, TAXABLE UNDER 28 U.S.C. § 1920, BILL OF COSTS WITH SUPPORTING DOCUMENTATION, AND INCORPORATED MEMORANDUM OF LAW**

    Defendant Motorsport Games, Inc. ("MSGM") moves this Court to enter judgment in favor of MSGM and against Plaintiff Zachary Griffin ("Griffin") for the amount of costs taxable under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c). In support, MSGM states as follows and attaches hereto a <u>Bill of Costs</u>, **Ex. A**. As set forth in the Certificate of Conferral, Griffin does not object to MSGM's request for taxation of costs, but only agrees to the taxation of costs relating to deposition transcripts.

**FACTUAL AND PROCEDURAL BACKGROUND**

    1.    On May 20, 2024, Griffin filed a complaint against MSGM in the United States District Court for the Southern District of Florida, Case Number 24-cv-21929-BLOOM/Elfenbein. D.E. 1 Complaint.

    2.    Griffin sued MSGM, the parent company of his employer, over an alleged oral agreement to relocate from Australia to Miami. Griffin asserted claims for breach of contract,

breach of covenant of good faith and fair dealing, promissory estoppel, and breach of fiduciary duty. *Id.*

3. On October 24, 2024, this Court dismissed all counts except Griffin's promissory estoppel count. D.E. 22 Order on Motion to Dismiss.

4. On March 19, 2025, both parties filed cross-Motions for Summary Judgment. D.E. 42-43 MSGM's Motion for Summary Judgment; D.E. 44-45 Griffin's Motion for Summary Judgment.

5. On May 7, 2025, this Court entered an order granting MSGM's Motion for Summary Judgment, denying Griffin's Motion for Summary Judgment, and dismissing the case with prejudice. DE 65, Order on Motions for Summary Judgment.

## MEMORANDUM OF LAW

**MSGM Is Entitled to an Award Of Costs Taxable Under 28 U.S.C. § 1920**.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Although the Rule is couched in precatory terms, "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Indeed, a "trial court [that] denies the prevailing party its costs . . . must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *Gilshrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984)).

A "prevailing party" under Rule 54(d) is "[u]sually the litigant in whose favor judgment is rendered...." *Ware v. Pine State Mortgage Corp.*, 754 Fed. Appx. 831, 832 (11th Cir. 2018) (citing

*Head*, 62 F.3d at 354 (11th Cir. 1995) Accordingly, the award of costs to the prevailing party pursuant to Rule 54(d)(1) is commonly a matter of course.

While Rule 54(d) provides the procedure for the recovery of costs, federal statutes confer the substantive right. Thus, 28 U.S.C. § 1920 provides, in pertinent part, that a "judge or clerk of any court of the United States [may tax as costs the following:]"

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C. § 1920

Here, MSGM has prepared a Bill of Costs in an aggregate amount of **$5,770.60**. *See* Bill of Costs, **Ex. A**. MSGM is the prevailing party because this Court dismissed all of Griffin's counts with prejudice. D.E. 22; 65. Further, the recovery of these expenses is authorized by 28 U.S.C. § 1920, and because Griffin cannot demonstrate any fault, misconduct, default, or action worth of penalty on MSGM's part, MSGM's request is appropriate, and the Court should tax the enumerated costs as a matter of course.

**Costs for Depositions ($5,770.60)**.

MSGM only seeks to recover the costs associated with two depositions: the deposition of plaintiff Zachary Griffin and the deposition of the Defendant's corporate representative of MSGM, Stanley Beckley, which took place on February 12, 2025, and January 30, 2025 respectively.

The costs are as follows:

| Deposition of Plaintiff, Zachary Griffin | Transcript<br>Transcript Priority Request<br>Court Reporter Attendance<br>Video Services | $1,498.50<br>$1,047.60<br>$715.00<br>$2,145.00 |
|---|---|---|
| Deposition of the Corporate Representative of MSGM, Stanley Beckley | Transcript<br>Exhibits | $262.50<br>$102.00 |
| **Total** | | **$5,770.60** |

*See* <u>Invoices</u>, attached hereto, **Ex. B**.

Pursuant to § 1920(2), MSGM is entitled to recover costs for fees paid for "printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). "Taxation of court reporters' fees for depositions and hearing transcripts is authorized by U.S.C. § 1920(2), as long as they were "necessarily obtained for use in the case." In determining the necessity of a deposition, it must only appear to have been reasonably necessary *at the time it was taken*. *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *3 (S.D. Fla. Sept. 15, 2022) (emphasis added), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022). Here the two depositions were necessary because the deponents are the two parties in the case. In addition, the transcripts of these two depositions have been used extensively by both parties in their respective Motions for Summary judgment and Statements of Material Facts. D.E. 42 and 44. "[D]epositions relied upon for summary judgment motions are taxable." *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *4 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (finding the necessity of a deposition facially evident given that the deposition was referenced in the litigant's statement of material fact.").

4

Further, "[. . .] when a party notices a deposition to be recorded by [video], or by both stenographic and [video], and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc*., 97F.3d 460, 465 (11th Cir. 1996). Here, MSGM is entitled to recover the costs of video services because MSGM's Notice of Deposition for Griffin indicated that the deposition would be videorecorded, and Griffin did not object. *See* Notice of Deposition, attached hereto, **Ex. C**. Further, the video recording of the deposition was critical and necessary in addition to the transcript, because the entire case hinged on Griffin's allegations of an oral promise purportedly made by a former employee of MSGM to Griffin. As a result, as the only witness testifying on the issue of the oral promise, his demeanor and facial expression needed to be recorded for the jury, had this case gone to trial. *Birren v. Royal Caribbean Cruises Ltd*., No. 1:20-CV-22783, 2022 WL 6776362, at *6 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (finding persuasive that the "demeanor and facial expressions" of the deponent needed to be recorded for the jury, thus rendering the video recording of the deposition taxable).

Exhibits of a deposition are also "taxable where the prevailing party was the non-deposing party." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (Bloom, J). Here, MSGM seeks only the costs associated with the exhibits for the deposition of MSGM, which was taken by Griffin. As the non-deposing party, MSGM is entitled to costs associated with the exhibits.

Appearance fees are also taxable. *Id.* ("the Court finds that Defendant may recover for the appearance fees."); *see also Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL

4370020, at *1 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016) ("[T]he court may tax costs for the attendance of the court reporter."). Griffin's deposition was in person. *See* DE 36, Paperless Order finding that Griffin had not shown good cause to be deposed by alternative means and ordering that his deposition take place in Miami. Accordingly, MSGM is entitled to attendance fees.

Finally, MSGM seeks the costs for priority request of the transcript of Griffin's deposition. Expedited transcripts are taxable " in certain cases where the expedited transcript was essential to the resolution of the case in favor of the prevailing party." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015); *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, No. 08-60996-CIV, 2013 WL 1345374, at *3 (S.D. Fla. Apr. 3, 2013) (finding that expedited costs are recoverable when there is a "need . . to justify that expense" and not solely "the convenience of counsel."). In this instance, the deposition of Griffin took place on February 12, 2025. The deadline to file motions for summary judgment was March 19, 2025. Typically, a transcript without a rush order is delivered within 30 days. Accordingly, without a rush order, MSGM could not have met the March 19, 2025 deadline. In addition, Griffin's deposition was lengthy and included 50 exhibits. MSGM needed time to go through the transcript and prepare its Motion for Summary Judgment. *See* DE 42, Statement of Facts with 66 supporting exhibits. For these reasons, the expedited transcript was not for the convenience of counsel but essential for the resolution of the case.

Accordingly, Defendant is entitled to these costs, which were reasonably incurred in connection with the two depositions taken in this lawsuit. *See* Declaration of undersigned counsel, attached hereto, **Ex. D.**

Finally, MSGM also request the award of post-judgment interests on its award of costs. *Ramirez v. Scottsdale Ins. Co.*, No. 1:20-CV-22324-JEM, 2022 WL 4096728, at *7 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla.

Sept. 7, 2022) (awarding reasonable fees and costs, including post-judgment interest accruing since the date the District Court entered the final judgment).

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests the Court enter judgment in the amount of **$5,770.60** plus post-judgment interests in favor of Defendant MSGM and against Plaintiff Griffin for the amount of costs taxable under 28 U.S.C. § 1920.

**CERTIFICATE OF CONFERRAL**

Counsel for Defendant conferred with counsel for Plaintiff on June 4, 2025, who indicated that he does not oppose the taxation of the transcripts of both depositions but opposes the amount of the transcript for the deposition of Griffin as well as the taxation of all other costs requested.

/s/ Alice Ferot
Alice Ferot


Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave., Suite 201
Miami, FL 33127
Tel.: (305) 297-1878

By: /s/ Alice Ferot
-Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2025, all counsel of record were served the above Motion via the CM/ECF system.

/s/ Alice Ferot
Alice Ferot