**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21929-BLOOM/Elfenbein**

ZACHARY GRIFFIN,

      Plaintiff,

v.

MOTORSPORT GAMES INC.,

      Defendant.

_____

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AWARD OF COSTS**</u>

    Plaintiff Zachary Griffin, by and through his undersigned counsel, submits this response to Defendant Motorsport Games Inc.'s Motion for Award of Costs [D.E. 67], and states:

<u>**BACKGROUND**</u>

    1.    On May 20, 2024, Plaintiff filed his Complaint against Defendant for (i) breach of contract; (ii) breach of covenant of good faith and fair dealing; (iii) promissory estoppel; and (iv) breach of fiduciary duty. *See* D.E. 1.

    2.    On July 1, 2024, the Court entered its Order Setting Trial and Pre-Trial Schedule, setting a February 4, 2025, deadline for completion of discovery and a February 26, 2025, deadline for filing dispositive pre-trial motions. *See* D.E. 10, p.2.

    3.    On July 8, 2024, Defendant filed its Motion to Dismiss, arguing Plaintiff had failed to state a claim upon which relief could be granted. *See* D.E. 13.

    4.    On October 24, 2024, the Court dismissed Plaintiff's claims for breach of contract; breach of covenant of good faith and fair dealing; and breach of fiduciary duty, but allowed his claim for promissory estoppel to proceed. *See* D.E. 22.

1

5.     On December 13, 2024, the parties filed their Joint Discovery Status Report, stating that "[t]o date, no depositions have been scheduled or taken." D.E. 27, ¶ 5.

6.     On January 17, 2025, the parties agreed to schedule the deposition of Plaintiff for January 28, 2025, via Zoom. *See* D.E. 34-1.

7.     On January 22, 2025, six days before Plaintiff's deposition, counsel for Defendant emailed the undersigned stating: "We will amend the deposition notice to request the deposition of Zach in person." D.E. 34-2, p.4.

8.     On January 23, 2025, Defendant sent an Amended Notice of Deposition, requiring Plaintiff to appear "on January 28, 2025, at the office of AXS Law Group, PLLC, located at 2121 NW 2nd Ave Suite 201, Miami, FL 33127." D.E. 34-4.

9.     On January 24, 2025, Plaintiff then filed an Emergency Motion for Protective Order, due to Defendant's requirement that Plaintiff travel from Australia to Miami on only 5-days' notice. *See* D.E. 34.

10.    On January 24, 2025, the Court entered an Order on Plaintiff's Emergency Motion for Protective Order, holding that Plaintiff's deposition would take place in Miami, but Defendant would "reschedule the deposition on or about the last day of the discovery period to give Plaintiff additional time to make the necessary arrangements for travel." D.E. 36.

11.    On January 24, 2025, Defendant filed an Agreed Motion for Extension of Certain Pretrial Deadlines, seeking a three-week extension of the deadlines for discovery completion and filing of dispositive pre-trial motions. *See* D.E. 37.

12.    On January 28, 2025, the Court entered its Order Amending Scheduling Order and Certain Pretrial Deadlines, extending the deadline for discovery completion to February 25, 2025, and the deadline for filing dispositive pre-trial motions to March 19, 2025. *See* D.E. 38.

13.     On January 30, 2025, Plaintiff conducted the deposition of Defendant's corporate representative, Stanley Beckley ("Mr. Beckley"). *See* D.E. 44-2.

14.     On February 12, 2025, Defendant conducted Plaintiff's deposition. *See* D.E. 42-1.

15.     On March 19, 2025, Plaintiff and Defendant then filed cross-motions for summary judgment. *See* D.E. 43, 45.

16.     On May 7, 2025, the Court entered its Order on Motions for Summary Judgment, granting Defendant's Motion for Summary Judgment and denying Plaintiff's. *See* D.E. 65.

17.     On June 6, 2025, Defendant filed its Motion for Award of Costs, seeking $5,770.60 in costs under 28 U.S.C. § 1920. *See* D.E. 67.

## LEGAL STANDARD

"[A] court may only tax costs as authorized by statute." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "An application for a bill of costs . . . shall be limited to the costs permitted by 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c). Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"Whether to tax costs is a matter left to the district court's discretion." *Trammell Real Est. Corp. v. Trammell*, 748 F.2d 1516, 1517 (11th Cir. 1984). However, "a court may tax as costs only those expenses enumerated in 28 U.S.C. § 1920." *Mims v. Arrow Fin. Servs., LLC*, 900 F. Supp. 2d 1336, 1340 (S.D. Fla. 2012). "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985).

<u>**SPECIFIC OBJECTIONS TO DEFENDANT'S COSTS**</u>

I.     **Fees for Deposition Transcripts.**

In its motion, Defendant "seeks to recover the costs associated with two depositions." D.E. 67, p.3. In particular, Defendant claims to be entitled to recover various fees charged in connection with the depositions of Plaintiff and Mr. Beckley. *See id.* Each one is discussed in turn below.

A.   <u>**Deposition of Stanley Beckley (Jan. 30, 2025)**</u>

Defendant seeks to tax a total of $364.50 as costs for the deposition of Mr. Beckley, $262.50 for "Transcript" and $102.00 for "Exhibits." *Id.*, p.4. Plaintiff does not object to the $262.50 charge for the transcript itself. However, Plaintiff objects to the $102.00 charge for "Exhibits." "Unless shown to be necessary, optional deposition costs such as . . . exhibits are not recoverable under 28 U.S.C. § 1920(2)." *Ashkenazi v. S. Broward Hosp. Dist.*, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014). Indeed, "[m]iscellaneous costs associated with deposition transcripts, such as . . . exhibit costs . . . are not taxable because generally they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Gulf Bldg., LLC v. Philadelphia Indem. Ins. Co.*, 2023 WL 8438465, at *3 (S.D. Fla. Nov. 2, 2023); *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, 2016 WL 11547976, at *7 (S.D. Fla. Jan. 13, 2016) ("The prevailing party cannot recover the cost of deposition exhibits that were made merely for the convenience of counsel.").

The only justification Defendant provides for taxing the exhibit costs is that it was the non-deposing party. *See* D.E. 67, p.5. However, the rule that non-deposing parties are entitled to taxing the costs of exhibits is based on the premise that the non-deposing party needs a copy because it does not otherwise possess the exhibits. *See George*, 2008 WL 2571348, at *6 ("The non-deposing party, however, may well need copies of the deposition exhibits because the non-deposing party did not furnish the deposition exhibits in the first place."). Accordingly, "whether a prevailing party may recover costs for copies of deposition exhibits depends on the purpose of the copies and, in particular, ***whether the party otherwise had access to the exhibits***." *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (emphasis added). In this case, all the exhibits used during the deposition of Mr. Beckley were documents that were exchanged during discovery, with the majority of them having been produced by Defendant. *See* D.E. 42-54 to D.E. 42-66. Because Defendant had access to the exhibits, it cannot show that purchasing copies was for anything other than convenience of counsel. Therefore, the $102.00 charge for exhibits for the deposition of Mr. Beckley must not be taxed.

**B.   <u>Deposition of Zachary Griffin (Feb. 12, 2025)</u>**

Defendant seeks to tax a total of $5,406.10 as costs for the deposition of Plaintiff, consisting of the following charges: $1,498.50 for "Transcript," $1,047.60 for "Transcript Priority Request," $715.00 for "Court Reporter Attendance," and $2,145.00 for "Video Services." D.E. 67, p.4. Each one is addressed below.

*i.   Transcript Fee*

The first invoice submitted by Defendant for the deposition of Plaintiff shows a $1,498.50 charge for "Transcript Services." D.E. 67-2, p.2. However, this invoice does not break down how many pages were transcribed or the rate per page charged. *See id.* "Without this information, it is

difficult for the Court to determine what deposition transcript costs are reasonable and necessary." *Grimsley v. Focus Fin. Servs.*, 2016 WL 11547367, at \*4 (S.D. Fla. July 22, 2016); *cf. Arnold v. Heritage Enters. of St. Lucie, LLC*, 2017 WL 8794776, at \*3 (S.D. Fla. Sept. 21, 2017) ("While costs for transcripts are taxable generally speaking, the Court cannot ascertain the reasonableness of these charges because it does not know the rate per page."). "Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party still bears the burden of submitting a request for costs that will enable the Court to determine what costs were incurred and whether the prevailing party is entitled to them." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013). Because Defendant has failed to provide evidence of the number of pages transcribed or the rate per page charged, the Court should disallow this cost. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 n.17 (S.D. Fla. 2010) ("To the extent certain invoices only provide a total cost for the transcript and do not disclose the number of pages transcribed or the stenographer's rate per page, the Court declines to award those expenses.").

Even if the Court ventures to guess what rate per page was charged, it will find that it is an excessive rate. Once again, the amount charged for Plaintiff's deposition transcript was $1,498.50. *See* D.E. 67-2, p.2. Plaintiff's deposition transcript is 213 pages long.[1] Dividing the transcript fee by the total number of pages results in a $7.04 rate per page. This rate exceeds the maximum per page rate for a regular transcript established in the Southern District of Florida. According to the

---

[1] Word indexes are not taxable. *See H.M. v. Castoro*, 2023 WL 3603421, at \*2 (S.D. Fla. May 5, 2023) ("[W]ord indexes . . . are generally not recoverable."); *Turner v. Charter Sch. USA, Inc.*, 2020 WL 8371206, at \*4 (S.D. Fla. Nov. 9, 2020) (same); *Rocket Real Est., LLC v. Maestres*, 2016 WL 11503949, at \*3 (S.D. Fla. Nov. 29, 2016) ("[W]ord indexes . . . are not taxable as they are for the convenience of counsel."). Even if transcripts were included, the rate per page is $5.63, which is still higher than the maximum rate allowed for regular transcripts.

Transcript Rate Schedule for the Court, the rate for an ordinary transcript is $4.84 per page. *See*

https://www.flsd.uscourts.gov/transcript-rate-schedule. "Some courts have applied th[is] per page

rate where the information submitted by the movant or the information in the movant's invoices

was incomplete." *Harrell v. City of Opa-Locka*, 2022 WL 1609090, at *4 (S.D. Fla. May 3, 2022).

Applying the maximum rate of $4.84, the total fee for Plaintiff's deposition transcript is $1,030.92.

Alternatively, the Court may apply the per page rate of $3.75 that was charged for Mr. Beckley's

deposition transcript. *See* D.E. 67-2, p.4. In that case, the fee for Plaintiff's deposition transcript is

$798.75. Regardless of the rate the Court chooses, it is clear that the amount sought by Defendant

is excessive and must therefore be reduced.

  *ii. Priority Request Fee*

  Defendant also seeks "the costs for priority request of the transcript of Griffin's deposition."

D.E. 67, p.6. The first invoice submitted by Defendant shows that it was charged "$1,047.60" for

"Transcript Services - Priority Request." D.E. 67-2, p.2. For expedited shipping costs, "a prevailing

party may recover such costs only by a showing of need or extraordinary circumstance to justify

that expense, and not solely for the convenience of counsel." *George v. Fla. Dep't of Corr.*, 2008

WL 2571348, at *5 (S.D. Fla. May 23, 2008). In support of its need for an expedited order on the

deposition transcript for Plaintiff, Defendant cites the fact that Plaintiff's deposition took place on

February 12, 2025, while the deadline to file motions for summary judgment was March 19, 2025.

*See* D.E. 67, p.6. However, Defendant cannot recover costs based on the urgency it created through

its own actions. *See Torres v. Rock & River Food Inc.*, 273 F. Supp. 3d 1133, 1139 (S.D. Fla. 2017)

(denying recovery of expedited transcript costs where "Defendants do not explain why Plaintiff's

deposition was conducted so close to the summary judgment deadline."); *also Davis v. Sailormen,

Inc.*, 2007 WL 1752465, at *4 (M.D. Fla. June 15, 2007) (denying recovery where the "parties had

nearly ten months to conduct discovery," and "any need for expediting the production of deposition transcripts is, on this record, a cost incurred only for the convenience of counsel").

As mentioned above, the scheduling order issued by the Court on July 1, 2024, established a February 4, 2025, deadline for discovery completion and a February 26, 2025, deadline for filing dispositive pre-trial motions. *See* D.E. 10, p.2. Defendant made no effort to schedule the deposition of Plaintiff until six months after the scheduling order was issued, on January 17, 2025. *See* D.E. 34-1. Moreover, because Defendant attempted to schedule the deposition in-person with only five-days' notice, despite Plaintiff being located in Australia, Plaintiff filed an emergency motion for a protective order. *See* D.E. 34. The Court found that Defendant did not give Plaintiff a reasonable amount of notice for travel to Miami for the deposition and ordered Defendant to reschedule the deposition to on or about the last day of the discovery period. *See* D.E. 36. However, Defendant, in its subsequent motion for extension of certain pretrial deadlines, requested an additional three-week extension of time to conduct the deposition. *See* D.E. 37. The Court granted said extension, and in order to account for the extended discovery deadline, amended the scheduling order to move the deadline for pre-trial motions to March 19, 2025. *See* D.E. 38. Under this extended deadline, Defendant conducted the deposition of Plaintiff on February 12, 2025. *See* D.E. 67, p.6. Therefore, any urgency concerning the deadline for filing pretrial motions was created by Defendant's failure to schedule the deposition until six months after the scheduling order was issued and its desire to conduct the deposition in person.

Regardless, even with a delayed deposition date of February 12, 2025, Defendant's priority order of the transcript was not necessary or based on an extraordinary circumstance. As admitted by Defendant, "a transcript without a rush order is delivered within 30 days." *Id.* As the deposition, even as delayed, was conducted thirty-five days before the deadline, Defendant, with a timely order

of the transcript, would have had time to process the transcript and finalize its motion for summary judgment. *See*, e.g., *Birren v. Royal Caribbean Cruises Ltd.*, 2022 WL 6776362, at *4 (S.D. Fla. Sept. 15, 2022) ("[A] prevailing party may tax the cost of expediting transcripts for depositions taken *within thirty (30) days of the deadline to file dispositive pretrial motions*, such as motions for summary judgment.") (emphasis added). Any additional time is for the convenience of counsel, rather than a need or an extraordinary circumstance. Consequently, the priority request fee for the transcript of Plaintiff's deposition must not be taxed.

### iii. Court Reporter Attendance Fee

Defendant seeks $715.00 for "Court Reporter Attendance." D.E. 67, p.4. "Appearance fees of the court reporter are not listed in § 1920, and the Defendant cannot recover that cost." *Newman v. Hous. Auth. of City of Fort Lauderdale*, 2007 WL 315098, at *3 (S.D. Fla. Jan. 31, 2007); *also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) ("Other fees of the court reporter, such as an appearance fee, are also generally not recoverable under § 1920."). Accordingly, the court reporter attendance fee charged to Defendant should not be taxed.

### iv. Video Services Fee

Defendant also seeks $2,145.00 for "Video Services." D.E. 67, p.4. Defendant claims to be entitled to this cost because it "indicated that the deposition would be videorecorded, and Griffin did not object." *Id.*, p.5. Regardless of whether a party objects to a notice of video deposition, "the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell*, 2022 WL 1609090, at *6; *see also Tiara Condo. Ass'n*, 697 F. Supp. 2d at 1370 ("[W]here a party seeks reimbursement

for two methods of recording a deposition, the party bears the burden of proving that both methods were necessary.").

Defendant's explanation for a video recording being necessary is that Plaintiff's "demeanor and facial expression needed to be recorded for the jury, had this case gone to trial." D.E. 67, p.5. However, the videotape of Plaintiff's deposition was not necessary for the issues in the case at the time of the deposition. *Cf. Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (holding that "obtaining deposition transcripts for use during discovery may be taxable ***as long as it is necessary to the issues in the case when the deposition was taken***") (emphasis added); *W&O, Inc.*, 213 F.3d at 621 (allowing taxation of costs for videotaped depositions where objecting party "has not demonstrated that any portion of the depositions was not related to an issue which was present in the case at the time the deposition was taken"). Defendant's only purported justification for the necessity of the videotape is a conclusory allegation that the videotaped deposition could potentially have been useful had the case gone to trial. *See* D.E. 67, p.5. However, Defendant does not even try to allege that the videotape was necessary at the time the deposition was taken for the issues presented in the dispositive motions.

Furthermore, Defendant has not provided any justification for why the videotape recording of Plaintiff's deposition, as opposed to Plaintiff's live testimony, would even have been necessary at trial. *See Tillis v. Loar*, 2014 WL 12652321, at *1 (S.D. Fla. Mar. 4, 2014) (disallowing costs of videotaped deposition where defendant did "not establish that there was any reason to believe that these Plaintiffs would not be otherwise available at trial"); *see also Johnson v. Russell Invs. Tr. Co.*, 2025 WL 928853, at *3 (S.D. Fla. Mar. 27, 2025) (denying costs of videotaped deposition where "there was no indication, at least in the Defendants' motions, that any of the witnesses would not be appearing at trial"). Even if Defendant's claim that the video was necessary to show Plaintiff's

"demeanor and facial expression," Defendant has not shown why Plaintiff's demeanor or facial expression could not have been shown by Plaintiff's testimony at trial. Accordingly, Defendant has not met its burden of proving that the videotaped deposition, rather than the transcript, reasonably appeared to be, or actually was, necessary for either summary judgment or trial. Consequently, the video services charges for Plaintiff's deposition must not be taxed.

## **CONCLUSION**

WHEREFORE, Plaintiff Zachary Griffin respectfully requests that the Court enter an order denying Defendant Motorsport Games Inc.'s Motion for Award of Costs [D.E. 67]; and grant any and all other relief this Court deems just, proper, and equitable.

Dated: June 20, 2025

Respectfully submitted,

By: */s/Eduardo A. Maura*
    Eduardo A. Maura, Esq.
    Florida Bar No. 91303
    eduardo@ayalalawpa.com
    Luis F. Quesada Machado, Esq.
    Florida Bar No. 1010305
    lquesada@ayalalawpa.com
    **Ayala Law, P.A.**
    2490 Coral Way, Ste 401
    Miami, FL 33145
    P: (305) 570-2208
    F: (305) 503-7206
    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of it by Notice of Electronic Mail to all counsel of record.

By: */s/Eduardo A. Maura*
    Eduardo A. Maura, Esq.
    Florida Bar No. 91303