## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

     Plaintiff,

v.

MOTORSPORT GAMES INC.,

     Defendant.

_____/

### DEFENDANT MOTORSPORT GAMES INC.'S REPLY
### IN SUPPORT OF ITS MOTION FOR AN AWARD OF COSTS

Defendant Motorsport Games, Inc. ("MSGM") files this Reply in further support to its Motion for an Award of Costs, D.E. 67.

1.     After almost a year defending a frivolous lawsuit based on an alleged oral agreement, Defendant Motorsport Games, Inc. ("MSGM"), as the prevailing party, moved this Court for an award of costs **for the very reasonable total amount of $5,770.60**.

2.     Plaintiff's Zachary Griffin ("Griffin"), in its Response, D.E. 70, does not dispute MSGM's entitlement to costs and concedes that Griffin should pay $262.50 for the transcripts of the deposition of MSGM's corporate representative. However, Griffin disputes *all* other costs, including the following:

- The cost of the exhibits of MSGM's deposition ($102);

- The cost for the transcript ($1,498.50), priority request ($1,047.60), court reporter attendance ($715) and video services ($2,145) in connection with Griffin's deposition.

3.     **The exhibits used at MSGM's deposition ($102).**

As the non-deposing party, MSGM is entitled to costs associated with the exhibits. *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (Bloom, J). The exhibits of MSGM's deposition were necessary for the case and used extensively in both parties' cross-motions for summary judgment; *Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2140476, at *3 (S.D. Fla. Feb. 2, 2023), *report and recommendation adopted sub nom. De Fernandez v. Seaboard Marine, Ltd.*, No. 20-CV-25176, 2023 WL 2137410 (S.D. Fla. Feb. 21, 2023) (Bloom, J.) (finding costs of exhibits taxable when the non-prevailing party failed to meet its burden to show that they were not "necessary for use in the case."). Griffin argues that the exhibits were previously produced in discovery so counsel had access to them. However, counsel is not required to scour all the documents produced in discovery to reconstruct the list of exhibits used by counsel at its deposition of Defendant's corporate representative. Not surprisingly, Griffin does not cite to any caselaw in support of his argument that access to the exhibits means that counsel has to recreate the exhibits.

### 4.    The transcript for Griffin's Deposition ($1,498.50).

Griffin concedes that the transcript of his deposition is taxable but only objects to the amount. D.E. 70 p. 6. Specifically, Griffin argues that in the absence of a specific rate per page appearing on the invoice, the Court should apply the rate set by the Southern District of Florida for criminal cases where defendants cannot afford legal representation (CJA cases), i.e. $4.84 per page. However, the $4,84 rate is not binding on this court. *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) ("This Court concludes . . . that the transcript rate applicable to court reporters is not binding in evaluating the reasonableness of a private stenographer's deposition transcript fees."); *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), *report and*

*recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022) ("[T]he Clerk's Office Fee Schedule is not binding on the Court."). That makes sense because federal court reporters, unlike private stenographers, already receive a salary, so the rate is for the transcripts only and to financially assist indigent defendants. Accordingly, the maximum standard rate for Court reporter in CJA cases should not apply. In any event, upon request, MSGM's court reporter provided a more detailed invoice, attached as **Exhibit A**, which shows a page per rate of $4.95 for a total of $1,336.50. Accordingly, MSGM now seeks an adjusted cost of $1,336.50 for this transcript and will subtract the difference ($162) to the total of taxable requested.[1] In any event, the requested rate of $4.95 is reasonable. *Jiangmen Benlida Printed Circuit Co., Ltd. v. Circuitronix, LLC*, No. 21-60125-CIV, 2024 WL 5103550, at *2 (S.D. Fla. Feb. 29, 2024) (approving a $4.80 page rate). This was also the deposition of *Plaintiff*, in a case hinging on Plaintiff's uncorroborated allegations of an alleged oral promise. Therefore, it was the most important deposition in this litigation and MSGM was entitled to hire a reputable court reporting company. In addition, index pages are recoverable when "the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Pediatric Nephrology Associates of S. Florida v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456, at *5 (S.D. Fla. July 9, 2018), *report and recommendation adopted*, No. 1:16-CV-24138-UU, 2018 WL 4777166 (S.D. Fla. July 24, 2018). In this case, the deposition lasted almost seven hours, with 50 exhibits. As a result, the index was necessary to work on the parties' respective cross-motions for summary judgment.

5.      **The priority request for Griffin's deposition ($1,047.60).**

Griffin argues that the cost of the priority request should be denied because the short

---

[1] MSGM requested $5,770.60 in taxable costs. With the $162 adjustment, MSGM is now requesting $5,608.60.

period of time between February 12, 2025, the date of Griffin's deposition, and March 19, 2025, the deadline to file motions for summary judgment was allegedly due to MSGM's own actions. Resp. p. 7. However, the deposition of Griffin was rescheduled for Griffin's own convenience so he would have more time to plan his trip. In addition, although MSGM obtained a short extension of time for the dispositive motion deadline, it could not move the deadline significantly because the case was set on a fast-track and the trial date was approaching. Order Setting Trial and Pre-Trial Schedule, D.E. 10, setting trial date on June 2, 2025. MSGM also was not able to schedule the deposition of Griffin early in the case because Griffin had not produced all documents in response to MSGM's discovery requests. *See* February 18,2025 Order on Discovery Hearing. Accordingly, MSGM was not at fault for deposing Griffin approximately one month prior to the motions for summary judgment filing deadline. In addition, had MSGM not expedited the transcript, it would have received it on March 14, 2025, just five days before the motion for summary judgment and statement of facts deadlines, which would not have given counsel sufficient enough time to prepare these materials. For these reasons, the Court should award the cost for the priority request.

**6.      Court reporter attendance ($715.00).**

Griffin argues that costs associated with the court reporter's attendance are not taxable. Resp. p. 9. However, as stated in the caselaw that Griffin cites, court reporter attendance costs are taxable. *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012) ("[A]ttendance fees of court reporters are taxable costs.") (citing *Rodriguez v. M.I. Quality Lawn Maint., Inc.,* 2012 WL 664275, at *4 (S.D.Fla. Feb.9, 2012) (collecting cases)); *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) ([T]he stenographer's . . . attendance fees are taxable.").

**7.      Video services in connection with Griffin's deposition ($2,145).**

Griffin does not dispute that he failed to object to the video recording of his deposition at the time it was noticed. Resp. p. 9. As such, this cost is taxable. *Morrison v. Reichhold Chemicals, Inc.*, 97F.3d 460, 465 (11th Cir. 1996) ("[W]hen a party notices a deposition to be recorded by [video], *or by both stenographic and [video]*, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.") (emphasis added). Further, the video recording of Griffin's deposition was critical for many reasons. As stated previously, the case hinged on Griffin uncorroborated allegations of an oral promise, and therefore it was important to record his demeanor to show his credibility, or lack of credibility, as a witness. Video recording is used to impeach a witness in addition to live testimony. This is even more important in a case such as this one, where the deponent has often changed his story and where Griffin's alleged oral promises kept changing as the case progressed. *See* Order on Motion for Summary Judgment, D.E. 65 p. 10 (noting that "Griffin's description of Kozko's promise in response to MSG's Motion is broader than what Griffin alleged in the Complaint."). In addition, Griffin had refused to appear in person to his deposition and only complied after the Court denied his Motion for Protective Order. Jan. 24, 2025 Order, D.E. 36, ordering Griffin to be deposed in Miami. Therefore, there was a concern that Griffin would not appear in person for trial. Indeed, Griffin resides in Australia. He just had a newborn baby and his wife's complications from the birth were so severe that she was not able to be deposed at all during the litigation. Accordingly, there was uncertainty as to whether Griffin could leave Australia under those circumstances. Accordingly, MSGM had to preserve its testimony by video. Therefore, the videorecording of Griffin's deposition should be taxed.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests the Court enter judgment in the amount of **$5,608.60** plus post-judgment interests in favor of Defendant MSGM and against Plaintiff Griffin for costs taxable under 28 U.S.C. § 1920.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave., Suite 201
Miami, FL 33127
Tel.: (305) 297-1878

By: */s/ Alice Ferot*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2025, all counsel of record were served the above

Motion via the CM/ECF system.

 */s/ Alice Ferot*
Alice Ferot