## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

     Plaintiff,

v.

MOTORSPORT GAMES INC.,

     Defendant.

_____/

### DEFENDANT MOTORSPORT GAMES INC.'S VERIFIED MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Defendant Motorsport Games Inc. ("MSGM") moves this Court to enter judgment in favor of MSGM and against Plaintiff Zachary Griffin ("Griffin") for reasonable amounts of attorneys' fees and costs pursuant to Local Rule 7.3, Florida Statute § 768.79, and Federal Rule of Civil Procedure 54.

### FACTUAL AND PROCEDURAL BACKGROUND

1.      On May 20, 2024, Griffin filed a complaint against MSGM in the United States District Court for the Southern District of Florida, Case Number 24-cv-21929-BLOOM/Elfenbein. D.E. 1 Complaint.

2.      Griffin sued MSGM, the parent company of his employer, over an alleged oral agreement to relocate from Australia to Miami. Griffin asserted claims for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, and breach of fiduciary duty. *Id.*

3.      On October 24, 2024, this Court dismissed all counts except Griffin's promissory estoppel count. D.E. 22 Order on Motion to Dismiss.

4.      On November 25, 2024, MSGM served a proposal for settlement to Griffin ("Proposal for Settlement"). *See* Proposal for Settlement and Notice of Serving Proposal for Settlement, attached as **Exhibit A**. MSGM's Proposal was in the amount of $25,000. Griffin did not accept the Proposal for Settlement.

5.      On March 19, 2025, both parties filed cross-Motions for Summary Judgment. D.E. 42-43 MSGM's Motion for Summary Judgment; D.E. 44-45 Griffin's Motion for Summary Judgment.

6.      On May 7, 2025, this Court entered an order granting MSGM's Motion for Summary Judgment, denying Griffin's Motion for Summary Judgment, and dismissing the case with prejudice. DE 65, Order on Motions for Summary Judgment.

7.      No final judgment has been entered in this case at the time of filing this Motion.

8.      On June 6, 2025, MSGM filed a Motion for an Award of Taxable Costs. D.E. 57.

9.      On the same day, MSGM timely served the draft of the present motion to opposing counsel, pursuant to the procedure set out in Local Rule 7.3(b). Local Rule 7.3(b); *see also Hsi Chang v. JPMorgan Chase Bank, N.A.*, 138 F. Supp. 3d 1352, 1355–59 (S.D. Fla. 2015) (vacated in part on other grounds) (discussing at length the timeliness of motions for fees based on a settlement offer and finding that the Florida law controls a litigant's substantive entitlement to the fees and that federal procedural law, including Local Rule 7.3, controls the timeliness of a motion for fees); *accord Myers v. Provident Life & Accident Ins. Co.*, No. 8:19-CV-724-CEH-CPT, 2025 WL 1385106, at *4 (M.D. Fla. Apr. 25, 2025), *report and recommendation adopted*, No. 8:19-CV-724-CEH-CPT, 2025 WL 1381951 (M.D. Fla. May 13, 2025) ("[A]t least one court in this

Circuit has determined that the time frames for filing a fee motion under Florida law are procedural in nature under *Erie* and are therefore not controlling in federal court.).

10.     On June 25, 2025, Griffin's counsel belatedly served its objections to the fees requested as well as its draft response. Local Rule 7.3(b).

11.     On June 26, 2025, the parties' counsel met and conferred regarding entitlement and reasonableness of the fees, in a good faith attempt to resolve issues by agreement, pursuant to Local Rule 7.3(b).

12.     Although the parties narrowed some of the objections to the fees and costs requested and clarified their position on certain issues, they were not able to reach an agreement on the fees and costs requested in this Motion.

13.     As a result, MSGM timely filed the instant Motion.[1] Local Rule 7.3(a)(1).

## MEMORANDUM OF LAW

**MSGM is Entitled to an Award of Reasonable Attorneys' Fees and Costs.**

As the prevailing party in this action, MSGM is entitled to its reasonable fees and costs pursuant to Florida Statute § 768.79 and in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.3. Section 768.79 provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees ... from the date of filing of the offer if the judgment is one of no liability." Fla. Stat. § 768.79(1).

"Florida's offer of judgment statute, § 768.79, and the rule implementing it, [Florida] Rule [of Civil Procedure] 1.442, apply in diversity cases where the substantive law of Florida applies." *Guerra v. Se. Freight Lines, Inc.*, No. 13-22070-CIV, 2014 WL 6751589, at *1 (S.D. Fla. Aug. 8,

---

[1] This Motion is the draft previously served, which was refined based on the parties 'subsequent meet and confer.

2014) (citing *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir.2008) and *McMahan v. Toto*, 311 F.3d 1077 (11th Cir.2002)).

To be awarded attorney's fees, the offer of judgment must comply with Section 768.79(2) and the requirements set out in Florida Rule of Civil Procedure 1.442. Both Section 768.79(2) and Florida Rule of Civil Procedure 1.442 state that the offer/proposal must:

| Florida Rule of Civil Procedure Rule 1.442 | Fla. Stat. § 768.79(2) |
|---|---|
| "be in writing and shall identify the applicable Florida law under which it is being made" | "be in writing and state that it is being made pursuant to section" |
| "name the party or parties making the proposal and the party or parties to whom the proposal is being made" | "name the party making it and the party to whom it is being made" |
| "state with particularity the amount proposed to settle a claim for punitive damages, if any" | "state with particularity the amount offered to settle a claim for punitive damages, if any" |
| "exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute" | N/A |
| "state the total amount of the proposal" | "state its total amount" |

Florida Rule of Civil Procedure 1.442 also states that the proposal must "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," "state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim," and "include a certificate of service in the form required by Florida Rule of Judicial Administration 2.516."

Here, MSGM's proposal for settlement strictly complies with Section 768.79(2) and the requirements set out in Florida Rule of Civil Procedure 1.442. *See* Proposal for Settlement, **Ex. A**. The proposal is in writing and states that:

(1) It is made pursuant to Florida Rule of Civil Procedure 1.442 and Florida Statute §768.79.

(2) it is made by MSGM to Griffin to resolve all damages that could be awarded in a judgment, including attorneys' fees;

(3) the amount of the proposal is $25,000 to be paid by MSGM to Griffin;

(4) The money offered is not related to a claim of punitive damages because there is no claim of punitive damages in this case; and

(5) it must be accepted in writing within 30 days after service.

The Proposal does not include non-monetary terms, besides the payment of the settlement and dismissal of the action, as authorized by Florida Rule of Civil Procedure 1.442. Finally, the Proposal was served in compliance with Florida Rule of Judicial Administration 2.516, and not earlier than ninety days after service of process on MSGM, and not later than forty-five (45) days before trial. Accordingly, the Proposal meets all the statutory requirements.

MSGM made the Proposal of Settlement in good faith. At the time, the Court already had dismissed all of Griffin's claims but one, D.E. 22 Order on Motion to Dismiss, and the case rested solely on a promissory estoppel claim, which was barred by the Statute of Frauds and not corroborated by any evidence. Despite viewing Griffin's claim as meritless, in an effort to settle, MSGM still offered $25,000 in settlement. At the time, MSGM already had incurred over $50,000 in attorneys' fees. Therefore, the Proposal was made in good faith.

Further, MSGM has prevailed in this action, resulting in a judgment of no liability. *See* D.E. 65. Accordingly, MSGM is entitled to "reasonable" attorneys' fees and costs pursuant to its Proposal of Settlement.

**MSGM Should Be Awarded $128,820.82 in Reasonable Attorneys' Fees.**

In essence, this action rests on a legally and factually baseless theory relying solely upon one man's fabrication – namely, that MSGM's former CEO supposedly intended to enter into a binding verbal agreement to relocate an affiliate's employee, Griffin, from Australia to Miami (the "Relocation Agreement") and to pay for the costs incurred by Griffin and his wife as a result of Griffin not obtaining his visa. And as often occurs when stories are fabricated,

5

Griffin's story constantly changed during the course of this litigation. At first, Griffin claimed that there was **one** Relocation Agreement. *See* D.E 1, Comp. at ¶ 8 (alleging that "[o]n or around September 8, 2021, Mr. Kozko and Griffin orally agreed to the terms of Griffin's relocation to MSG's Miami office (the "Relocation Agreement")). During his deposition, however, Griffin changed his story to accommodate the dismissal of his contractual claims by testifying that MSGM's former CEO purportedly made **two** oral promises. *See* D.E. 42-1, Griffin Dep. 189:22 -190:1) (Griffin: "[T]he first promise was the relocation. . . .And then this second -- promise was to compensate me . . . for those losses."). Then, Griffin pivoted once again in an attempt to avoid the entry of summary judgment by arguing that the second promise was "closer to a proposed settlement of a potential dispute related to the original promise rather than an entirely separate promise. *See* D.E. 53 p. 6. However, not a single record among over 35,000 documents collected in this case corroborated Griffin's claim. Instead, the record showed that the failure to obtain a visa was due to Griffin's own neglect, D.E. 42-1, Griffin Tr. 86-1:-12, and that his own notes recorded MSGM's CEO stating "You're asking for stuff we never agreed on." DE 42-43 at p. 21 or 23, last row of the table. More importantly, at all relevant times, Griffin was not employed by MSGM, but by its Australian affiliate, and was bound by a written employment agreement that required that any amendments be in writing and signed. DE 13, Motion to Dismiss at p. 13, *see also* D.E. 13-1 and 2, Employment Agreement, as amended.

To make matters worse, Griffin ran up the fees and costs in this case by failing to comply with the discovery process. First, in addition to refusing to produce discoverable materials, Griffen also refused to produce them in the appropriate format, opting to produce one single mega-PDF, despite multiple meet and confer sessions where MSGM's counsel stated that the production was deficient. DE 33, MSGM's Cross Notice of Hearing. As a result, the parties and the Court attended a four-hour discovery hearing and Griffin was compelled to re-produce his responses in a compliant format. D.E. 41, Order After Discovery Hearing. Then, Griffin refused to appear in person to his deposition, although he was the plaintiff in this case. *See* D.E. 34, Griffin's Emergency Motion for Protective Order; *see also* D.E. 36, Paperless

Order at p. 1, finding that Griffin had not shown good cause for the deposition to be taken by alternate means and ordering that the deposition take place in Miami.

Finally, it should be noted that since Griffin's claims rested upon allegation of an unsubstantiated oral promise, MSGM had the onerous task of proving a negative. As a result, and in response to Griffin's extensive discovery requests, MSGM had to engage in extensive e-discovery, including collecting, reviewing, and storing thousands of corporate documents and communications. In total, MSGM collected about 35,000 documents, which had to be filtered down to 7,500 to be reviewed by legal professionals to ultimately produce over 1,700 pages.

The time spent defending Griffin's baseless claims in this case supports a reasonable attorneys' fee award of **$128,820.82.** In accordance with Local Rule 7.3(a)(5)(B)-(D), MSGM has submitted detailed billing records identifying the hours billed to each task and a description of the task completed. *See* Billing Records, attached as **Exhibit B**.

MSGM calculates the amount as follows, starting on November 25, 2024, the day the proposal for settlement was served:

| Time Keeper | Position | Years of Experience | Hourly Rate | Hours Billed | Total |
|---|---|---|---|---|---|
| Jeff Gutchess | Partner | 33 | $850.00 | .8 | $680.00 |
| Joshua Shore | Partner | 18 | $650.00 | 8.2 | $5,330.00 |
| Alice Ferot | Senior Of Counsel | 10 | $550.00 | 180.5 | $99,275.00 |
| Jack Flagg | Counsel | 1 | $350.00 | 20.6 | $7,210.00 |
| Jenna Ferolie | Counsel | >1 | $350.00 | 16.7 | $5,845.00 |
| Lina Cohen | Paralegal | 17 | $250.00 | 13.5 | $3,712.50 |
| Eva Areias | Paralegal | 10 | $200.00 | 5.5 | $1,100.00 |
| Adam Olivero | Paralegal | 5 | $130.00 | 2 | $260.00 |
| Alejandra Pacheco | Paralegal | 3 | $275.00 | 19.67 | $5,408.32 |
| **TOTAL** | | | | **267.47** | **$128,820.82** |

The experience and qualifications of the time keepers are set forth in sworn declarations attached as **Exhibit C.**

In determining an appropriate fee award, courts "employ the lodestar method." *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of [the] fee-shifting jurisprudence . . . [to establish] the 'reasonable' fee"). The lodestar method requires the Court to "first determine an attorney' reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended." *See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302.

Here the hourly rates used are reasonable based on each individual's experience and upon current market rates for lawyers of similar experience in commercial ligation cases. *See* Florida state court orders, attached as **Exhibit D.** Both Orders show Florida courts routinely award hourly rates up to $1,000/hour based on the attorneys' experience. Here the rates used are commensurate with each individual experience as detailed in the attached affidavits. *See* Time Keepers' Affidavits, **Ex. C**. *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, No. 22-MC-20762, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (finding the following rates reasonable in the Southern District of Florida: $850 for an attorney with 35-year experience and another with 26-year experience; $825 for an attorney with 20-year experience; $500 for an attorney with 4-year experience; and $300 for an attorney with 1-year experience); *Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CV, 2021 WL 7630524, at *2 (S.D. Fla. Aug. 16, 2021) (finding that a $820 hourly rate for a partner is reasonable in the Southern District of Florida); *Venus Concept USA, Inc. v. Wilson*, No. 21-CV-21656-JEM, 2024 WL 1077347, at *5 (S.D. Fla. Feb. 22, 2024), *report and recommendation adopted*, No. 21-21656-CIV, 2024 WL 1072396 (S.D. Fla. Mar. 12, 2024) paralegals in this District are typically granted

an hourly rate of $150.")

The hours expended are also reasonable considering that this case was actively litigated. It involved five counts, D.E. 1 Complaint at 6-9, nineteen affirmative defenses, D.E. 23, Answer p. 5-7, and required the parties to fully brief one Motion to Dismiss and two Motions for Summary Judgment, following extensive ESI discovery.

**The Parties' Meet and Confer**

The parties met and conferred on the issue of fees. A spreadsheet listing the time entries requested, as well as Griffin's objections, and MSGM's responses thereto, is attached as **Exhibit E**.[2]

In response to Griffin's objections, MSGM states as follows:

- **The objections are vague, not directed to a specific task**, **and therefore, they should be disregarded.** *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight"); *see also Sierra v. Delta Quality Enterprises, Inc.*, No. 607-CV1064-ORL-31KRS, 2009 WL 1684457, at *3 (M.D. Fla. June 16, 2009) (disregarding vague general objections).

- **The 1.4 hours hours incurred on the day the proposal for settlement was served are recoverable.** Florida Statute § 768.79 is very clear, that defendant shall receiver fees and costs "incurred from *the date* the offer was served." Florida Statute § 768.79 (emphasis added). "Florida applies the plain meaning rule. *All Family Clinic of Daytona Beach Inc. v. State Farm Mut. Auto. Ins. Co.*, 685 F. Supp. 2d 1297, 1301 (S.D. Fla. 2010), *aff'd*, 448 Fed. Appx. 906 (11th Cir. 2011).

---

[2] Both parties use abbreviations in the spreadsheet, the definition of which is stated in the spreadsheet, and which refer to their respective filing.

Where the language of a statute is clear and unambiguous, there is no room for interpretation. *Id.* (citing *State v. Dugan,* 685 So.2d 1210, 1212 (Fla. 1996) ("When interpreting a statute, courts must determine legislative intent from the plain meaning of the statute.")). The statute could have stated that the defendant would recover fees after the offer was settlement was served but instead chose the non-ambiguous and very clearly language "from the date the offer was served." Accordingly, the 1.4 hours billed on November 25, 2025, the day the offer was served, are recoverable. Finding otherwise would not make sense and would require the timekeepers to assign a specific time of the day to each entry to allow the Court to determine if the task was partially or fully completed before the time the Offer of Settlement was served. That does not make any practical sense and is directly contradicted by the plain language of the statute.

- **Blockbilling Objections (B*).** The timekeepers identified the time spent for *each* task within each entry and therefore there is no blockbilling. *Ceres Envtl. Services, Inc. v. Colonel McCrary Trucking, LLC*, 476 Fed. Appx. 198, 203 (11th Cir. 2012) ("Block billing occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task."). Even if a specific time was not assigned, which is not the case, each task is sufficiently detailed to clarify what work was performed and show that the work performed is compensable and reasonable. *River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-CV-1646-ACC-LHP, 2022 WL 20622333, at *10 (M.D. Fla. Dec. 12, 2022), *report and recommendation adopted*, No. 6:18-CV-1646-ACC-LHP, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023) ("[T]he mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing."); *In re Acosta-Garriga*, No. 8:12-cv-731-T-23, 2014 WL 7404122, at *2 (M.D. Fla. Dec. 30, 2014) ("[A] fee applicant's including more than one task in a single billing entry is not invariably block-billing; a detailed description will vindicate the

entry."); *Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, No. 8:08-cv-1189-T-17AEP, 2013 WL 393916, at *4 (M.D. Fla. Jan. 8, 2013), *report and recommendation adopted*, 2013 WL 394014 (M.D. Fla. Jan. 31, 2013) (citation omitted) ("Including more than one task in a single billing entry does not, in itself, constitute inappropriate block billing, especially where a thorough description of the activities performed clarifies rather than obscures the record."); *Gay v. Brencorp, Inc.*, No. 3:09-cv-1002-J-JBT, 2013 WL 2683156, at *3 (M.D. Fla. June 11, 2013) (including multiple tasks in one entry may not be fatal unless it includes clearly non-compensable tasks). Accordingly, objections for blockbilling are not well taken.

- **Clerical Work Objections (C*) and Non-Compensable Paralegal Work (P*)**.

   Clerical work consists of tasks that "do not require professional skill or expertise, such as "time spent preparing letters, summons, and forms, receiving documents, and mailing documents." *Carrasquillo v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-61238, 2022 WL 1271383, at *2 (S.D. Fla. Mar. 17, 2022), *report and recommendation adopted sub nom. Carasquillo v. Comm'r of Soc. Sec.*, No. 20-61238-CIV, 2022 WL 1262090 (S.D. Fla. Apr. 28, 2022). Griffin does not clearly identify which tasks constitute clerical work or non-compensable work and, therefore, these conclusory objections should be rejected.

- **Excessive Time Objections (E*).** Griffin does not explain why a task is excessive in time and only unilaterally attributes a reduced time to these tasks, without any support of justification to do so. These unsupported objections are improper and should be disregarded.

- **Redundant (R*).** Griffin designates many entries as redundant but does not explain why the task is redundant and with which other entry it is redundant. As such, MSGM cannot determine the basis for the objection. Moreover, "[t]here is nothing

inherently unreasonable about a client having multiple attorneys." Accordingly, "a reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work" and not warranted if "each lawyer" provide distinct "contribution . . . to the case" as it is "customary practice of multiple-lawyer litigation." *Id.* (citing *Johnson v. University College of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1208 (11th Cir.1983)). In this case, most of the work (180.5 hours) was handled by a single attorney, Alice Ferot, who was lead counsel. However, in the interest of economy, certain tasks, such as document review or legal research, were assigned to junior attorneys with lower rates such as Jenna Ferolie and Jack Flagg, who worked efficiently and diligently. Jeffrey Gutchess, who has well over 30 years of experience, provided guidance and direction during the key deposition of Griffin and only billed 0.8 hours during this time period. Joshua Shores, who has 18 years of experience, only billed 8.2 hours to assist with complex arguments at the Motion to Dismiss and the Motion for Summary Judgment stages and guidance with the overall strategy of the case. For these reasons, the attorneys were not doing the same work and instead all contributed to the case based on their level of expertise and experience, while providing the best rate for the tasks at issue. Accordingly, the Court should deny Griffin's objections based on redundancy.

- **Unnecessary work (U8).** Griffin does not explain how a specific task was unnecessary. A team with several attorneys necessarily communicates with each other to assign tasks, provide supervision, guidance, and review more junior attorneys' work. *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Florida*, No. 5:16-CV-178-JSM-PRL, 2021 WL 6338846, at *10 (M.D. Fla. Nov. 1, 2021), *report and recommendation adopted*, No. 5:16-CV-178-JSM-PRL, 2022 WL 93580 (M.D. Fla. Jan. 10, 2022), *aff'd,* 74 F.4th 1346 (11th Cir. 2023) (finding that reasonable amount of internal communications are recoverable). In addition, to the extent Griffin objects to the drafting of a letter in response of an

audit, audit responses are billable. *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2023 WL 3568199, at *5 (D. Ariz. May 19, 2023) (finding work related to audit letters related to the litigation and recoverable). The letter described the status of the Griffin litigation and did not address any other case. This work would not have been needed but for this litigation. As a result, this work was needed and the associated fees incurred are recoverable.

For these reasons, the Court should overrule all of Griffin's objections to MSGM's time entries.

### Fee Expert Report

MSGM retained Florida attorney Jose Ferrer as a fee expert. Upon review of the case, the attorneys' and paralegals' credentials, their rates and the hours expended, Mr. Ferrer concluded that:

(1) The hourly rates charged by AXS' attorneys and paralegals in this case are "reasonable and consistent with the hourly rates charged in the community for similar work;"

(2) The hours expended are "reasonable, especially considering the work performed and the results obtained;" and

(3) The "total amount of $128,820.82," which MSGM seeks, "is reasonable."

*See* Notice of Filing Declaration of J. Ferrer, D.E. 74.

Accordingly, MSGM requests an award of **$128,820.82** in reasonable attorneys' fees in this case.

### MSGM Should Be Awarded $8,010.28 In Reasonable Costs.

Federal law allows a prevailing party to recover certain costs from the unsuccessful party. 28 U.S.C. § 1920. However, a court may also tax costs as authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). And Florida Statute § 768.79 provides that a defendant may recover "reasonable costs." *See Millette v. DEK Technologies, Inc.*, 2012 WL

3260284, at *5 (S.D. Fla. Aug. 8, 2012).

Here, MSGM has prevailed in this action, resulting in a judgment of no liability. *See* D.E. 64. Accordingly, MSGM is entitled to "reasonable costs" and seeks an award of **$8,010.28**. All records identifying the listed costs are attached as **Exhibit F.**

Defendant seeks the following costs, taxable under 28 U.S.C. § 1920:

| Deposition of Plaintiff, Zachary Griffin | Transcript<br>Transcript Priority Request<br>Court Reporter Attendance<br>Video Services | $1,498.50<br>$1,047.60<br>$715.00<br>$2,145 |
|---|---|---|
| Deposition of the Corporate Representative of MSGM, Stanley Beckley | Transcript<br>Exhibits | $262.50<br>$102.00 |
| **Total** | | **$5,770.60** |

MSGM has also filed a Motion for Taxation of Costs pursuant to 28 U.S.C. § 1920(1). *See* D.E. No. 57. Accordingly, to the extent that any cost taxed pursuant to 28 U.S.C. § 1920(1) are awarded prior to the ruling on this Motion, they should not be included in the award of costs pursuant to this Motion.

As argued in its Motion for Costs, which MSGM incorporates here by reference, MSGM is entitled to the costs associated with the depositions of the two parties because these depositions were necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2).

In determining the necessity of a deposition, it must only appear to have been reasonably necessary *at the time it was taken*. *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *3 (S.D. Fla. Sept. 15, 2022) (emphasis added), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022). Here the two depositions were necessary because the deponents are the two parties in the case. In addition, the transcripts of these two depositions have been used extensively by both parties in their respective Motions for

Summary judgment and Statements of Material Facts. D.E. 42 and 44. "[D]epositions relied upon for summary judgment motions are taxable." *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *4 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (finding the necessity of a deposition facially evident given that the deposition was referenced in the litigant's statement of material fact.").

Further, "when a party notices a deposition to be recorded by [video], or by both stenographic and [video], and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc*., 97F.3d 460, 465 (11th Cir. 1996). Here, MSGM is entitled to recover the costs of video services because MSGM's Notice of Deposition for Griffin stated that the deposition would be videorecorded, and Griffin did not object. *See Notice of Deposition*, attached hereto **Exhibit F**. Further, the video recording of the deposition was critical and necessary in addition to the transcript, because the entire case hinged on Griffin's allegations of an oral promise purportedly made by a former employee of MSGM to Griffin. As a result, as the only witness testifying on the issue of the oral promise, his demeanor and facial expressions needed to be recorded for the jury, had this case gone to trial. *Birren v. Royal Caribbean Cruises Ltd*., No. 1:20-CV-22783, 2022 WL 6776362, at *6 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (finding persuasive that the "demeanor and facial expressions" of the deponent needed to be recorded for the jury, thus rendering the video recording of the deposition taxable).

Exhibits of a deposition are also "taxable where the prevailing party was the non-deposing party." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (Bloom, J). Here, MSGM seeks only the costs associated with the exhibits for the deposition of MSGM, which was taken by Griffin. As the non-deposing party, MSGM is entitled to costs associated with the exhibits.

Appearance fees are also taxable. *Id.* ("the Court finds that Defendant may recover for the appearance fees."); *see also Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *1 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016) ("[T]he court may tax costs for the attendance of the court reporter."). Griffin's deposition was in person. *See* DE 36, Paperless Order finding that Griffin had not shown good cause to be deposed by alternative means and ordering that his deposition take place in Miami. Accordingly, MSGM is entitled to attendance fees.

MSGM also seeks the costs for priority request of the transcript of Griffin's deposition. Expedited transcripts are taxable "in certain cases where the expedited transcript was essential to the resolution of the case in favor of the prevailing party." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015); *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, No. 08-60996-CIV, 2013 WL 1345374, at *3 (S.D. Fla. Apr. 3, 2013) (finding that expedited costs are recoverable when there is a "need . . . to justify that expense" and not solely "the convenience of counsel."). In this instance, the deposition of Griffin took place on February 12, 2025. The deadline to file motions for summary judgment was March 19, 2025. Typically, a transcript without a rush order is delivered within 30 days. Accordingly, without a rush order, MSGM could not have met the March 19, 2025 deadline. In addition, Griffin's deposition was lengthy and included 50 exhibits. MSGM needed time to go through the transcript and prepare its Motion for Summary Judgment. *See* DE

42, Statement of Facts with 66 supporting exhibits. For these reasons, the expedited transcript was not for the convenience of counsel but was essential for the resolution of the case.

In addition to the costs enumerated above, MSGM seeks the following costs:

**(1) Mediation costs: $650; and**

**(2) ESI Costs: $1,589.68.**

Florida Statute 768.79 is substantive law in diversity cases. *Menchise v. Akerman Senterfit*, 532 F.3d 1146, 1150 (11th Cir. 2008) ("We have held that section 768.79 is substantive law in diversity cases.") (citing *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir.2007)). Since the statute provides for "reasonable costs," it is not limited to taxable costs under 28 U.S.C. § 1920(1), and includes costs taxable in Florida courts, such as mediation costs and ESI costs. Florida Statute § 768.79(7)(a) ("[T]e defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court."); *see also* Florida's Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, attached as **Exhibit G**, ("II. Litigation Costs That May Be Taxed as Costs;" "A. Mediation Fees and Expenses;" "1. Costs and fees of mediator."); *see also Tampa Bay Water v. HDR Eng'g, Inc.*, 2012 WL 5387830, at *21 (M.D. Fla. Nov. 2, 2012) (Defendant is "entitled to recover its reasonable ESI costs."). In this case, the mediation was ordered by the Court, D.E. 19 Order Setting Trial and Pretrial Schedule p. 2. The ESI database was necessary to manage the 35,000 documents collected in this case. As a result, MSGM is entitled to recovery of its mediation fee and ESI costs.

Accordingly, MSGM requests an award of **$8,010.28** as reasonable costs in this case.

MSGM reserves the right to update this Motion with fees and costs incurred and invoiced

after its filing, including fees incurred litigating its entitlement to attorney's fees. *GBS Inv. Group v. United Specialty Ins. Co.*, No. 18-23310-CIV, 2020 WL 5356562, at *4 (S.D. Fla. Aug. 11, 2020), report and recommendation adopted, No. 18-23310-CIV, 2020 WL 5355966 (S.D. Fla. Sept. 6, 2020) (finding that the prevailing party was entitled to fees and costs pursuant to Florida Statute 768.79, including fees incurred litigating its entitlement to attorney's fees but not fees litigating the amount of fees).

Finally, MSGM also requests the award of post-judgment interest on its award of fees and costs. *Ramirez v. Scottsdale Ins. Co.*, No. 1:20-CV-22324-JEM, 2022 WL 4096728, at *7 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla. Sept. 7, 2022) (awarding reasonable fees and costs, including post-judgment interest accruing since the date the District Court entered the final judgment). Such interest will continue to accrue until the date of payment at the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. *Ramirez v. Scottsdale Ins. Co.*, No. 1:20-CV-22324-JEM, 2022 WL 4096728, at *7 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla. Sept. 7, 2022).

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests the Court enter judgment in the amount of **$128,820.82** in favor of Defendant MSGM and against Plaintiff Griffin for the amount of reasonable attorneys' fees which Defendant is entitled to recover from Plaintiff and (2) enter judgment in the amount of **$8,010.28** in favor of Defendant MSGM and against Plaintiff Griffin for the reasonable amount of costs, as well as post-judgment interest accruing from the date of the Judgment.

## CERTIFICATE OF GOOD FAITH EFFORT
## TO RESOLVE ISSUES BY AGREEMENT

I HEREBY CERTIFY that on June 6, 2025, in accordance with Local Rule 7.3(b), I served via e-mail the instant motion and all exhibits on all counsel of record identified in the below certificate of service. I further certify that on June 26, 2025, in accordance with Local Rule 7.3(b), undersigned counsel conferred with Plaintiff's counsel concerning the relief sought in this motion in a good faith effort to resolve the issues in this motion. Pursuant to Local Rule 7.3(a)(8), the parties were unable to resolve the issues set forth in the motion.

## VERIFICATION

I, Alice Ferot, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the foregoing statements are true.

Executed this 3rd day of July2025 at Miami, Florida.

*/s/ Alice Ferot*
Alice Ferot

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave., Suite 201
Miami, FL 33127
Tel.: (305) 297-1878

By: */s/ Alice Ferot*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 3rd 2025, undersigned counsel electronically filed the foregoing document with the Clerk of Courts using CM/ECF, which will provide notices of electronic filing to: J Eduardo A. Maura, Esq., Luis F. Quesada Machado, Esq., Ayala Law, P.A., 2490 Coral Way, Ste 401 Miami, FL 33145 (emails: eduardo@ayalalawpa.com; lquesada@ayalalawpa.com).

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave., Suite 201
Miami, FL 33127
Tel.: (305) 297-1878

By: */s/ Alice Ferot*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Alice Ferot, Esq.
alice@axslawgroup.com
Florida Bar No. 101504
eservice@axslawgroup.com