# Exhibit D

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Darlene Marie Faulkner,

      Plaintiff,

v.                                  Case No.:     23-CA-003048
                                             Division:     G

Peter Takis Frantzis, and Coastline Electric,
Inc.,

      Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO FLORIDA STATUTES SECTIONS 768.79 AND RULE 1.525 OF FLORIDA RULES OF CIVIL PROCEDURE

      THIS CAUSE having come on to be heard on May 5, 2025, upon Plaintiff's

Motion for Attorney's Fees and Costs Pursuant to Florida Stat. Section 768.79 and rule 1.525

of the Florida Rules of Civil Procedure, and after holding an evidentiary hearing, as well as

argument of counsel, it is hereby ORDERED and ADJUDGED as follows:

1. Maryann Furman, BCS, Esq. is entitled to 255.56 hours at a rate of $1,000.00 for a total of $255,560.00.

2. Plaintiff is entitled to prejudgment interest at the current rate of 9.38% from January 13, 2025, through May 5, 2025, which is 112 days, for a total of $7,461.55.

3. Robert Joyce, Esq., the plaintiff's fee expert, is entitled to 20.5 hours at a rate of $1,000.00 per hour.

4. For further rulings see the attached transcript from the hearing.

      DONE AND ORDERED in Chambers in New Port Richey, Pasco County, Florida this

_____ day of May 2025.

                                  Electronically Conformed 5/29/2025
                                  Kimberly Sharpe Byrd
                            _____
                          Honorable Kimberly Sharpe Byrd Circuit Judge

Copies furnished to:
Maryann Furman, Esquire
Barbi L. Feldman, Esquire

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA, CIVIL DIVISION

LAURA VAN KAMPEN,

CASE NO.:  2019-CA-001901

          Plaintiff,

SECTION:  07

vs.

LAKELAND REGIONAL MEDICAL CENTER, INC. D/B/A LAKELAND REGIONAL MEDICAL CENTER,

          Defendant.

_____/

## <u>ORDER ON PLAINTIFF'S AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INTEREST</u>

**THIS CAUSE** came to be heard upon Plaintiff's Amended Motion for Award of Attorneys' Fees, Costs and Interest. The Court held an evidentiary hearing on this matter, which continued over several days.[1] After taking judicial notice of both the trial and appellate record of this case and considering the demeanor and credibility of the witnesses and the weight of the evidence presented, the oral and written arguments of counsel and relevant legal authority, and being otherwise duly advised in the premises, the Court hereby grants Plaintiff's Motion based upon the findings of fact and conclusions of law set forth below.

## <u>RELEVANT PROCEDURAL HISTORY</u>

_____

[1] The three-day evidentiary hearing was conducted on July 10, 2024, 11/5/2024 and 12/13/2024, with the Court announcing oral findings of fact and conclusions of law on March 3, 2025.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

This is a medical malpractice case arising from injuries sustained by the Plaintiff while a patient of the Defendant Hospital in 2018. The Plaintiff served a $1 million Proposal for Settlement to the Defendant, pursuant to Rule 1.442, *Fla. R. Civ. P.* and §768.79, *Fla. Stat.* on June 25, 2020. The Proposal for Settlement was rejected and the case proceeded to jury trial.[2]  On January 13, 2022, following a 9-day trial, the Jury returned a verdict for the Plaintiff in the amount of $3,578,282.77, which was subsequently entered as a Final Judgment for the Plaintiff.

The Plaintiff timely filed both a Motion to Tax Prevailing Party Costs and a Motion for Attorneys Fees, Costs and Interest under the Proposal for Settlement statute. By Agreed Order entered November 14, 2022, the Court granted the motions but reserved for later determination the amount of fees and costs. The Agreed Order was predicated on Florida's proposal for settlement statute, §768.79, and Florida Rule of Civil Procedure 1.442. Under these authorities, a plaintiff who recovers a judgment at trial in an amount at least twenty-five (25%) percent greater than a pre-trial settlement offer to a defendant is entitled to receive, from the defendant, reasonable attorneys' fees incurred from the date of service.  On January 26, 2023, a stipulated cost judgment of $105,000.00 was entered; however, the amount of attorneys' fees remained unresolved, pending the Defendant's appeal of the Final Judgment.

On June 13, 2023, the Sixth District Court of Appeal issued a per curium affirmance of the Final Judgment and contemporaneously granted the Plaintiff's Motion for Appellate Attorneys' Fees.[3]  On February 23, 2024, Plaintiff filed her Amended

---

[2] A second $1 million Proposal for Settlement was served on July 1, 2021, and was likewise rejected.

[3] Filed on January 6, 2023, under the Proposal for Settlement statute.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

Motion for Award of Attorney's Fees, Costs and Interest. This Motion was supplemented of July 3, 2024, with the Affidavit of Frank F. Fernandez, III, as to hours and rates sought by trial and appellate counsel and their staff.  Plaintiff also filed a Request for Judicial Notice of various fee awards throughout the State on July 5, 20245. In response, the Defendant filed its Pre-Hearing Memorandum Regarding's Plaintiff's fee claim, raising a ***Daubert*** challenge to the testimony of Plaintiff's trial fee expert and arguing the applicability of Article I, Section 26 of the Florida Constitution (2004), to "cap" the amount of attorney's fees to which Plaintiff was entitled.

<u>**GOVERNING LAW REGARDING**</u>
<u>**ATTORNEYS' FEES AMOUNT DETERMINATION**</u>

The amount of fees to be awarded must be derived from a "lodestar" analysis, applying the factors outlined in ***Florida Patient's Compensation Fund v. Rowe***, 472 So. 2d 1145, 1150 - 1151 (Fla. 1985). As held in ***Rowe***, the factors this Court must consider in determining a reasonable amount of fees to award are: (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and the ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent. The Court must first

Van Kampen v. Lakeland Regional Hospital
Case No. 2019-CA-001901
<u>Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest</u>

determine "the number of hours reasonably expended on the litigation." ***Rowe***, 472 So.

2d at 1150.

> Rule 1.442 (h)(2) is also instructive in this analysis:

> When determining the reasonableness of the amount of an award of attorneys' fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following factors: (A) The then-apparent merit or lack of merit in the claim; (B) The number and nature of proposals made by the parties; (C) The closeness of questions of fact and law at issue; (D) Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal; (E) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties; and (F) The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.

> In 2003, the Florida Supreme Court specifically addressed attorneys' fee awards

under Proposals for Settlement in ***Sarkis v. Allstate Ins. Co.***, 863 So.2d 210, 218 (Fla.

2003). While not receding or deviating from the criteria set forth in ***Rowe*** and Rule

1.442, the ***Sarkis*** court explained that a multiplier is not to be used when determining

the amount of attorneys' fees to be awarded under §768.79:

> We have recognized that attorney fees awarded pursuant to the offer of judgment statutes are sanctions. These fees are awarded as sanctions for unreasonable rejections of offers of judgment. We have set forth in rule 1.442 the factors to be considered in determining a reasonable amount of attorney fees awarded as sanctions. We have not included the use of a multiplier in the rule as a factor to be considered in the award of attorney fees. Because attorney fees awarded under the offer of judgment statute are sanctions against the party against whom the sanction is levied, we have held that the statute and rule must be strictly construed. *Id.*

> With the issue of a contingency fee multiplier a non-issue in such instances, the

process for determining reasonable fees is straightforward. "[T]he trial judge should (1)

determine the number of hours reasonably expended on the litigation; (2) determine the

reasonable hourly rate for this type of litigation; and (3) multiply the result of one and

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

two." ***Rowe***, 472 So. 2d at 1151. Such is the "lodestar analysis" to be employed by

Florida courts.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

**FINDINGS OF FACT AND LAW**
**REACHED IN THE LODESTAR ANALYSIS OF THIS CASE**

**Article 1, Section 26 of the Florida Constitution**.

As an initial matter, the Court finds that plaintiff's recovery of attorneys' fees is not constitutionally capped by Article 1, Section 26, of the Florida Constitution, as argued by the Defendant.  Article 1, Section 26 applies exclusively to the Plaintiff (the claimant) and not the Defendant. Further, Article 1, Section 26 has clear and unambiguous language that *increases*, not reduces, a claimant's recovery by limiting the percentage a claimant's attorney can deduct from the recovery as a fee in a contingency fee contract.

This language creates a constitutional personal right for the Plaintiff which entitles her, in a medical liability claim involving a contingency fee – such, as here, no less than 70% of the first $250,000.00 and 90% of all damages in excess of $250,000.00. This personal right, as evidenced by the title of Section 26, "Claimant's Right to Fair Compensation," invests personal rights in only the plaintiff, who is claimant, not the defendant. Accordingly, the Court finds that the Defendant lacks standing to invoke the provision.

Further, this Section, like most personal rights, is waivable, which Plaintiff elected to do in the case at bar.  *See* Article 1, Section 26, *Florida Constitution,* 939 So.2d 1038.  *See also,* ***In re: Shambow's Estate***, 15 So.2d 837 (Fla. 1943); and ***City of Treasure Island vs. Strong,*** 215 So.2d 473 (Fla. 1968). For these reasons, the Court finds that  Article 1, Section 26, of the Florida Constitution is inapplicable to limit the amount of attorneys' fees awardable in this matter.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

**Contingency Risk Multiplier Inapplicable**

The Court will not consider a contingency fee multiplier to enhance the attorneys' fees awardable, as Florida courts may not apply a contingency risk multiplier when awarding fees pursuant to a proposal for settlement. *See **Sarkis vs. Allstate Insurance Company***, *supra*. However, the Court will consider the fact that Plaintiff entered into a contingency fee agreement as a factor in determining a reasonable fee, given that the leading case authority on attorneys' fees holds that "whether a fee is fixed or contingent" is a valid factor for consideration in determining a reasonable fee. See, ***Florida Patient's Compensation Fund vs. Rowe***, *supra*.

**Defendant's Challenge to Plaintiff's Counsel's Reconstructed Time Records**

The Court finds credible Attorney Frank Fernandez's testimony that he maintained contemporaneous records of hours expended on the case in the form of extensive notes of time spent at depositions, meetings, court appearances, pleadings, and e-mails. Mr. Fernandez testified that these records were handwritten notes and were either scanned in or manually input in the computer to keep accurate billing time. Mr. Fernandez further testified that his handwritten contemporaneous notes, relied upon to accurately create the fee record Affidavit, were later destroyed.

The Court finds credible the testimony of Attorney Jennifer Fernandez, who testified that Mr. Fernandez would keep contemporaneous records of all time spent litigating the case. Ms. Fernandez testified that these notes were contemporaneous, properly timed, and properly dated. Billing time was then accurately reconstructed from these notes. Both Mr. Fernandez and Ms. Fernandez credibly testified that the notes

Van Kampen v. Lakeland Regional Hospital
Case No. 2019-CA-001901
<u>Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest</u>

have since been either lost or destroyed but not before the time was accurately reconstructed.

The Court notes that a failure to maintain contemporaneously kept time records is not necessarily fatal to a fee award.  The Court finds that the reconstruction in the case by the Fernandez Law Firm is credible, accurate, well founded, and not based on guesswork, but rather on contemporaneously kept notes. Accordingly, the Court accepts the Fernandez Firm's time records in this case as accurate and denies the Defendant's challenge in this regard.  *See* ***Brake v. Murphy***, 736 So.2d 745 (Fla. 3d DCA 1999).

## Summary of Relevant Witness Testimony

The Court has heard and considered the testimony of the following witnesses and finds the following testimony to be relevant.

### Plaintiff's Presentation of Evidence

#### 1.  Frank F. Fernandez, III, Esquire

Mr. Fernandez testified that he was lead counsel for plaintiff. He attended the University of Florida to obtain his bachelor's degree and ultimately a law degree from Stetson Law. He has been a licensed Florida attorney since 1994, and he has continuously practiced plaintiff's personal injury, as a member of the Florida, Orange County and Hillsborough County Bar associations, since that time. Mr. Fernandez established his Tampa law firm in August of 2003, which firm has offices in Tampa, Lakeland, and Orlando.  The law firm's Lakeland office has been open since 2017 and

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

he has handled multiple medical malpractice cases in Polk County, including litigation against the Defendant Hospital.

Regarding medical malpractice cases, his firm handles such cases throughout the State and the cases generally involve very bright, professional lawyers.  The practice is very detailed and complex, and mistakes can be fatal.  He believes the practice is significantly more difficult than auto negligence cases. He also testified that medical malpractice litigation is extremely expensive.

Mr. Fernandez testified that the Plaintiff had a contingency fee contract with a constitutional waiver. Under this contract, he served a proposal for settlement upon Defendant on June 25th, 2020.

Mr. Fernandez testified that, in 2020, he was awarded $750 as an hourly rate and that, at the time, that was the highest reasonable hourly rate he had been awarded. In the pending matter, Mr. Fernandez sought $950 an hour, based on speaking to similar situated Central Florida attorneys.  In support, he testified that 80 percent of medical malpractice cases are lost at trial, that most medical malpractice cases do not go to trial, they settle.  He further testified that this case was complicated because, although the Plaintiff claimed to have fallen, there were no witnesses to the fall and no chart record of it or incident report by the Hospital. It was only through depositions, phone records and analysis of the digital tracking of nursing staff that he was able to prove that the Plaintiff did, in fact, fall and that nurses did not come to her aid quickly enough.

Mr. Fernandez authenticated Plaintiff's Exhibit No. 3, the time records of the plaintiff's attorneys and the paralegals.  He testified that his role in this litigation was to

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

work the case up for trial, depose many witnesses and to prepare Plaintiff's witnesses for trial, as well as question some trial witnesses. The role of his partner, Ms. Fernandez, was in the weeks leading up to trial and the trial itself, with Ms. Fernandez handling voir dire and the pretrial motions. He testified there was no overlap in attorney assignments between him and Ms. Fernandez, and that his handwritten notes were accurately relied upon to create the fee record, but that the notes were not ultimately preserved. Finally, he testified that he is seeking prejudgment interest.

On cross-examination, Mr. Fernandez conceded he is not board certified and that, in interrogatories, was originally seeking $850 an hour. He conceded that $750 an hour is the highest award he has received to date, but that he sought more than that after speaking to similarly situated attorneys.

## 2.  <u>Shea T. Moxon, Esquire</u>

Mr. Moxon was plaintiff's appellate counsel. He is a Harvard Law graduate and has been practicing since 1994. Mr. Moxon testified that he became involved in the case in January of 2022, responding to Defendant's post-trial motions, which were extensive. Mr. Moxon testified that Defendant's post-trial motions and appellate filings issues contained what he believed were substantial factual misrepresentations and omissions and that responding in Plaintiff's appellate filings --- which he wrote --- was time-consuming and complex. Mr. Moxon testified that oral arguments were held in June of 2023 and that the case was ultimately affirmed *per curiam* by the district court of appeal.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest

He said that his firm's time records are kept contemporaneously with the work when it is done and that January of 2022 through mid 2023 is the period for which he is seeking appellate compensation.  He testified that the highest attorney fee ever awarded by any court to him was $600 an hour in an *Engle* tobacco case.  He testified that his firm does have different rates applicable to hourly cases versus contingency cases, and that on a contingency case, the firm always charges national rates due to the risk of loss of nonpayment.

On cross-examination, Mr. Moxon testified that he spent roughly 350 hours on the appeal and 164 hours on post-trial appellate work.  He compared that to Defendant's appellate counsel, Mr. Senn, and the defense spending 461 hours on appeal on behalf of Lakeland Regional.

### 3.  Howard Coker, Esquire

The Plaintiff presented the testimony of civil trial expert Howard Coker. Mr. Coker testified that he has been an attorney, specializing in civil trial practice for 51 years and is a founder partner of Coker Law.  He is board certified by the Florida Bar and the National Bar. He is a past president of the Florida Bar and has served on the Florida Supreme Court Judicial Nominating Commission. Mr. Coker has tried medical malpractice cases in Hillsborough County, Orange County, and Duval County and has served as a fee expert for the last 20 years.

Mr. Coker testified that he charges $1,250 per hour and that he has spent 28 hours on the case.  He testified that he feels the hours spent by the plaintiffs plus the

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

paralegals are reasonable.   He testified that, based upon his review, Plaintiff spent approximately 1,190 hours handling the case during the relevant time and the defendants spent approximately 800 hours.  He said that, to his knowledge, the highest Polk County fee award was about seven years ago, awarding local civil attorney Kent Lilly $600 per hour as a reasonable rate.

Regarding his review of the ***Rowe*** factors, he testified that this case was very complex, in that there were no records of the fall or injury, and that Plaintiff's counsel had to investigate hospital staff and the digital tracking system.   He testified that he believed this type of case precluded other work, in that there were 25 depositions and nine days of trial. As far as a customary local fee, Mr. Coker testified that medical malpractice lawyers travel throughout the state, and that a "local fee" does not exist, but is a market fee or a state fee.

Mr. Coker testified that the results obtained were excellent; a $3.5 million verdict in favor of plaintiff and, ultimately, a PCA at the district court of appeal level. Regarding the relationship with the client, Mr. Coker testified upon his review it's at least a three-year relationship. As to the reputation of Plaintiff's counsel, Mr. Coker testified that they've been in practice for 30 years and that they have an excellent reputation in the community.

Regarding the contingency factor, Mr. Coker testified that this type of case carried a large risk of nonpayment as well as the risk of it taking a long time to ultimately get paid. Mr. Coker found Plaintiff's Exhibit No. 3 -- the fee record -- to be entirely adequate and reasonable. He did not see any duplication, nor did he see any reason to strike any entries.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

On cross-examination, Mr. Coker conceded that he has not testified as an expert in the tenth circuit but has testified in Hillsborough and Orange counties, respectively. He testified that in his opinion, the fee record is reasonable; that all the paralegals' time advanced the case and was not secretarial, ministerial nor duplicative. Mr. Coker conceded that Plaintiff's attorneys are not board certified.

### 4.  Celene Humphries, Attorney at Law

Ms. Celene Humphries, Plaintiff's appellate co-counsel, testified that she has been an appellate attorney for 35 years, graduating from Tulane University with a bachelor's degree and, ultimately, a law degree. Ms. Humphries testified she worked at the Second DCA in Lakeland, Polk County, for four years and that, in 2009, she created her own 12-lawyer appellate firm, one of the largest in Florida. Ms. Humphries testified she's handled over 300 appellate cases, with an 85% success rate.

Ms. Humphries is board certified in appellate practice and typically bills $850 per hour.  She testified that this appeal was complicated because the initial defense brief was very detailed and had a lot of factual inaccuracies. She argued before the appellate court at Oral Argument and testified that she had billed 50.5 total hours for her work in this case. On cross-examination, Ms. Humphries admitted that the highest fee award she has ever received was $700 an hour in the Landy case.

### 5.  Richard B. Rosenthal, Esquire

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

Plaintiff presented the testimony of Mr. Rosenthal, their appellate fee expert. Mr. Rosenthal graduated from law school in 1997, specializes in appellate practice, primarily on the plaintiff's side, and typically charges $850 per hour. Mr. Rosenthal reviewed the time records for both Mr. Moxon and Ms. Humphries as was of the opinion that the time records are reasonable and consistent with Florida law. He found no unreasonable or duplicative entries in plaintiff's appellate attorneys' time sheets and based his opinion the time spent and extensive labor involved, the fee rate throughout the State of Florida, the contingent aspect of the case (which he considered, but not significantly), the amount involved, and the results obtained. Mr. Rosenthal testified that rates similar to those being sought by plaintiff's appellate attorneys are routinely awarded throughout the state. He testified he believed Mr. Moxon should be awarded $800 per hour and Ms. Humphries $850 per hour.

Mr. Rosenthal acknowledged that, in the Landy case (a tobacco case where he served as a fee expert for Mr. Moxon and Ms. Humphries), the court held that Mr. Moxon should receive $600 per hour and Ms. Humphries, $700 per hour. He again acknowledged this historical fact on cross examination, as well as the fact that the Landy decision occurred in 2021, roughly the period of this litigation. Mr. Rosenthal further testified that the Plaintiff and Defendant's appellate counsel billed similar number of hours at both the trial and post-trial litigation phases.

### 6. **Jennifer Gentry Fernandez, Attorney at Law**

Ms. Fernandez testified she graduated from Stetson University and has been licensed to practice law since 1993. Ms. Fernandez had specialized in medical

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

malpractice plaintiff cases since 1998 and has tried medical malpractice cases to verdict throughout the state of Florida. She testified that her involvement in this case was largely in the months leading up to the trial, when she reviewed notes and deposition transcripts, and prepared to handle pre-trial motions and conduct jury selection (which lasted 2 days) as well as to examine and cross-examine expert witnesses.

Ms. Fernandez testified that her law partner, Mr. Fernandez, would keep time records, which were handwritten and scanned in or were manually put into the computer. She testified that these notes were contemporaneous and properly timed and dated, that the time as has been reconstructed is accurate.

At trial, Ms. Fernandez conducted voir dire, direct examination of multiple witnesses and argued the liability portion of the closing, including rebuttal. She testified that the case was fiercely litigated, that the defense contested everything, that the facts were complex because the Defendant was responsible for maintaining the records and had not done so. She testified that she is seeking a reasonable hourly rate of $950 per hour, that she has seen fee orders from contemporaries for similar litigation in that range.

Ms. Fernandez testified on cross examination that she went through notes and records of time entries kept by Mr. Fernandez for accuracy and detail and that they are accurate and detailed.

### Defendant's Presentation of Evidence

#### 1. Mark D. Tinker, Esquire

Defendant presented the testimony of Mark Tinker, Esquire, its appellate fee expert. Mr. Tinker graduated Stetson Law School with honors and has been practicing

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

law for 22 years.  He testified that he currently is an appellate attorney for Cole, Scott, Kissane, that charges $400 an hour. Mr. Tinker is board certified in appellate practice and has been so since 2009.  He testified that his firm has eight appellate attorneys and 600 trial lawyers.

Mr. Tinker testified that he'd been retained to opine on the Plaintiff's appellate fees, and that Plaintiff's appellate counsel has an internal fee structure with a national, middle, and base rate.  (Defendant's Exhibit 3).  He testified that the present case should receive the plaintiff's appellate counsel's base rate because it was fact based and, in his opinion, not overly complex.  He testified that the average high-end appellate fee throughout the state is about $670 per hour, the low end is about $540 per hour.  He considered the *Rowe* factors and recent fee awards and has applied those factors to his opinion.  Mr. Tinker testified that he believes Ms. Humphries and Mr. Moxon should receive $600 an hour, Ms. Macarages, a junior attorney, $350 an hour, and the appellate paralegals $250 per hour.

He testified that the current 2024 fee rates for Ms. Humphries and Mr. Moxon would be $700 per hour and that, pursuant to the Rowe factors, the reasonable number of hours billed are: Ms. Humphries, 40 hours; Mr. Moxon, 310 hours; Ms. Macarages, 13.5 hours; Mr. Brannock; .4 hours, and the paralegals, 30.9 hours.  He believed that the total appellate fee award should be $222,750, to include appellate counsel and paralegals.

On cross-examination, Mr. Tinker admitted that plaintiff's appellate attorneys are amongst the best in the state, with a tremendous reputation.  He admitted that some of

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

the state's top-end appellate lawyers make $800 an hour and that Ms. Humphries and

Mr. Moxon are, in fact, top-end appellate lawyers.  He stated that appellate attorney

rates are not typically formulated locally but rather statewide.

### Neal O'Toole, Esquire

The final witness was Defendant's trial counsel fee expert Mr. Neal O'Toole.  Mr.

O'Toole graduated Tulane Law and started his law practice in 1988. Mr. O'Toole worked

through with the Frost Law Firm in Bartow, Florida, specializing in medical malpractice

and commercial litigation, for five years. He testified that in 2004, he formed Lilly,

O'Toole, and Brown in Lakeland, Florida. Mr. O'Toole testified that, currently, he is

general counsel for Highland Homes, has a mediation practice, also doing nursing

home arbitration.  He testified that 50% of the cases he handled during his law career

were in Central Florida and primarily in Polk County. He testified that top-tier local

attorneys like John Frost charge between $500 and $750 per hour.

Mr. O'Toole testified to is opinion that the most germane *Rowe* factors in his

analysis were the complexity of the litigation, and that he believes, just because there's

a difficult investigation, that that does not necessarily make the case more complex.  He

testified to consideration of all the factors --- precluding other employment, the locality of

the fee, the results, the time limitation, the reputation of the lawyers, and the contingent

fee aspect of the agreement between the plaintiff and her counsel, but that a

contingency multiplier is disallowed.

In Mr. O'Toole's opinion, a reasonable rate for Mr. Fernandez and Ms.

Fernandez would be $500 per hour and for the trial paralegals, a reasonable rate is

$125 per hour.  He testified that he believed that Plaintiff's time records had a lot of

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

clerical, managerial and ministerial duties attached to them and that they lacked, in his opinion, detail and were created long after the events occurred. For those reasons, he testified that there should be a reduction in the hours billed. After deducting what, in his opinion were inappropriate hours (Defendant Exhibit No. 18), Mr. O'Toole opinioned that Plaintiff's trial counsel's hours should be cut by 50% of the hours reflected on the voluminous reconstructed time record, due what he felt was a lack of detail and the length of time it took Plaintiff's counsel to reconstruct the fee record.  Mr. O'Toole ultimately testified that he did not think that the 28 depositions taken in this case, including numerous medical experts, made it a 'complex' case.

The Court finds, as to the fact and expert witness testimony presented: while all such testimony was relevant, that is not to say the Court found it all to be credible. For record purposes, the Court can completely disregard the testimony of any one witness and find it not to be credible and find the testimony of any one witness to be 100 percent entirely credible; likewise, can find the testimony of any one witness partially credible and partially not credible and rely on portions of it and so forth.

## CONCLUSIONS OF LAW

The Court has considered the factors in ***Florida Patient's Compensation Fund vs. Rowe***, *supra,* and finds as follows:

Regarding the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly, the Court finds that the case was labor intensive, involving over three years of litigation, 25 depositions and a nine-day jury trial.  It involved a complex investigation to include obtaining

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

discoverable evidence regarding hospital employees – through a hospital employee tracking system --- to determine what employees were where at the time of the injury.

The Court finds that there were complex legal issues presented, to include proving medical negligence without any records of the fall or injury. The Court finds that the requisite skill to perform the legal service properly was advanced and was employed by the Fernandez Firm, as medical negligence cases involve bright lawyers, intricate legal issues, and is a detailed and complex practice.

Regarding the likelihood of appearing to the client that the acceptance of the particular employment will preclude other employment by the lawyer, the Court finds that the should have been apparent, given that the Plaintiff was suing a large corporate hospital defendant with the financial resources to heavily litigate the case at every turn for years, which ultimately, in fact, the Court finds is exactly what the Defendant did.

Regarding the issue of whether the fee customarily charged in the locality for similar legal services, the Court finds that Polk County, and Lakeland in particular, are no longer small, rural places nestled between two large metropolitan cities, but rather are rapidly growing metropolitan areas with increasingly similar market rates to Lakeland's sister cities of Orlando and Tampa, respectively.

Regarding the amounts involved and the results obtained, the Court notes that after a nine-day trial, Plaintiff prevailed with a $3.5 million jury verdict.

Regarding the time limitations imposed by the client or by the circumstances, the Court finds that litigating a complex medical negligence case against a corporate hospital defendant for three years does cause time limitations to a small firm like the

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

Fernandez Firm, particularly when the litigation involves 25 depositions and three years of litigation.

Regarding the nature and length of the professional relationship with the client, the Court notes it was a three-year period of litigation.

Regarding the experience, reputation, and abilities of the lawyers or lawyer performing the services, the Court finds that Mr. and Mrs. Fernandez are highly skilled, competent, professional attorneys with over 20 years of medical malpractice and personal injury experience.  The Court finds their reputation in the legal community to be excellent.

Whether the fee is fixed or contingent: the Court finds the fee was contingent, subjecting the Fernandez Firm to the risk of zero verdict after three years of litigation. The Court has reviewed all 91-pages of the Fernandez Firm's billing records, which is Plaintiff's Exhibit No. 3, and finds that all services rendered furthered the litigation and helped achieve plaintiff's prevailing party $3.5 million jury verdict. *See **Centex vs. Rooney Construction Company s. Martin County***, 725 So.2d 1255 (Fla. 4th DCA 1999). The Court finds the records to not be inadequate, confusing, or imprecise, and sufficiently detailed as to communicate the nature of the work performed.  *See **Ocean Club Community Association, Inc. v. Curtis***, 935 So.2d 513, Fla. 3rd DCA 2006), and ***Mercy Hospital, Inc. v. Johnson,*** 431 So.2d 687, Fla. 3rd DCA 1983).

The Court, in reviewing the records, did not observe duplicative work, ministerial work, unit billing, or block billing.  *See **North Dade Church of God, Inc. vs. JM Statewide, Inc.***, 851 So.2d 194 (Fla. 3rd DCA 2003); ***Florida Bar vs. Richardson***, 574

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

So.2d 60 (Fla. 1990); and **Chavez v. Mercantil Commerce Bank**, 215 Westlaw 136388

(S. Dist. Fla., January 9, 2015.)

      Accordingly, having considered the *Rowe* factors and the Court's findings as to each of those factors, and having reviewed all of Plaintiff's billing records (Plaintiff's Exhibit No. 3), the Court finds as follows regarding reasonable number of hours expended under the circumstances:

      The Court finds 876.9 hours for lead counsel, Frank Fernandez, to be reasonable.  The Court finds 284.1 hours for co-counsel, Jennifer Fernandez, to be reasonable.  The Court finds 327.6 hours for paralegal, Nancy Brunelli, to be reasonable.

      The Court finds 112.5 hours for paralegal, Brandi Triplett, to be reasonable.

      Regarding the reasonable hourly rate: the Court further notes that Attorney Frank Fernandez  conceded that the highest hourly rate he has been awarded in the last five years is $750 per hour, and that he initially found that rate to be reasonable. He initially sought this rate as compensation in this case until he spoke with similarly qualified Central Florida attorneys, which led him to then request $950 per hour for his services. The Court further finds credible the testimony of defense expert, Mr. O'Toole, that similarly qualified top-tier local attorneys charge in the neighborhood of $500 to $750. Accordingly, the Court finds based on its Rowe factors analysis and the expert testimony and the lay witness testimony that a reasonable hourly rate for Mr. and Mrs. Fernandez is $750 per hour, with a reasonable hourly rate for Paralegal Brunelli of $250 per hour, and Paralegal Triplett of $225 per hour.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

The Court has reviewed the *Rowe* factors and applies its earlier stated findings regarding these factors to the reasonableness of number of hours and hourly rate of appellate counsel's fee award.   The Court has reviewed Plaintiff's Exhibit No. 3 -- 25 pages of appellate counsel's billable hours -- and finds that the services rendered furthered the litigation and helped achieve the per curiam affirmance of the Plaintiff's $3.5 million by the district court of appeal.

The Court finds the records to be adequate, non-confusing, and sufficiently detailed as to communicate the nature of the work performed.  The records likewise did not contain duplicative, ministerial, unit billing, or block billing. *See* **Ocean Club Community Association, Inc. v. Curtis**, 935 So.2d 513, Fla. 3rd DCA 2006), and **Mercy Hospital, Inc. v. Johnson,** 431 So.2d 687, Fla. 3rd DCA 1983). *See also* **North Dade Church of God, Inc. vs. JM Statewide, Inc.**, 851 So.2d 194 (Fla. 3rd DCA 2003); **Florida Bar vs. Richardson**, 574 So.2d 60 (Fla. 1990); and **Chavez v. Mercantil Commerce Bank**, 215 Westlaw 136388 (S. Dist. Fla., January 9, 2015.)

The Court finds the testimony of expert, Mark Tinker, to be both persuasive and credible, and notes that Mr. Tinker testified that Plaintiff's appellate counsel are top-end appellate attorneys with terrific reputations.   Mr. Tinker further agreed that State of Florida top-end appellate attorneys can make up to $800 an hour, and that appellate attorney rates are typically formulated statewide and not locally.   Accordingly, having considered the Court's Rowe findings, the testimony of Mr. Moxon, Ms. Humphries and

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
<u>**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**</u>

Mr. Tinker, the Court finds the following hourly rates and number of hours to be reasonable for Plaintiff's appellate counsel:

Shea Moxon, 398 hours at $650 an hour.

Celene Humphries, 50.5 hours at $700 an hour.

Torri Macarages, 17.5 hours at $350 an hour.

Sarah De Puerta, 21 hours at $250 an hour.

Amber Hammock at 8.1 hours at $250 an hour.

Megan Lewis, 1.1 hours at $250 an hour.

The Court further finds that the Fernandez Firm's fee award is entitled to prejudgment interest. Entitlement for trial level interest on fees shall run from November 14, 2022, when the trial court determined entitlement to fees, and entitlement for appellate interest on fees shall run from June 13, 2023 when the Sixth DCA found entitlement to appellate fees.

Lastly, the Court finds that any delays in achieving its ruling, including bifurcating it multiple times due to its complexity, and continuing it at least one time due to the Court having COVID are not attributable to Plaintiffs, and the Court does not find it to be so.

In view of the above, it is hereby

**ORDERED AND ADJUDGED:** Plaintiff's Amended Motion for Award of Attorney's Fees, Costs and Interest in hereby **GRANTED IN PART** and **DENIED IN PART**, as detailed above.

**Van Kampen v. Lakeland Regional Hospital**
**Case No. 2019-CA-001901**
**Order on Plaintiff's Amended Motion for Attorneys' Fees, Costs and Interest**

Plaintiff Laura Van Kampen shall recover from the Defendant Lakeland Regional Medical Center reasonable attorneys' fees, costs and prejudgment interest in the amount of $1,564,603.56, for which let execution issue.

**ORDERED** in Polk County, Florida on Monday, April 21, 2025.

53-2019-CA-001901-0000-00 04/21/2025 12:05:29 PM

Reinaldo Ojeda, Circuit Judge
53-2019-CA-001901-0000-00 04/21/2025 12:05:29 PM