# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.
_____/

**DECLARATION OF JOSE M. FERRER AS TO**
**REASONABLENESS OF DEFENDANT'S FEE CLAIM**

BEFORE ME, the undersigned authority, personally appeared Jose M. Ferrer, who being fully sworn deposes and says as follows:

**GENERAL BACKGROUND**

1. I am over the age of 18 and have personal knowledge of the facts contained in this affidavit.

2. I have been a member in good standing of the Florida Bar since September 1999, when I was admitted to practice in Florida.

3. I graduated from Florida International University in 1996, and from Tulane Law School in 1999.

4. Since my admission to the Florida Bar, I have practiced in South Florida as a litigator, principally in the area of commercial litigation. In 2020, I earned The Florida Bar's Board Certification in International Litigation and Arbitration.

5. I am also a member in good standing of the District of Columbia Bar and the New

1

York Bar. I am also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Eleventh Circuit, and the United States District Courts for the Southern, Middle, and Northern Districts of Florida.

6. I previously served on the Florida Bar's Evidence Rules Committee and Eleventh Judicial Circuit Grievance Committee ("J"). I am an active member in the trial lawyers and international law sections of the Florida Bar.

7. I am a partner with Mark, Migdal & Hayden, LLC ("MMH"), a litigation law firm in Miami. Prior to joining MMH in July 2021, I was a partner in the litigation department of Bilzin Sumberg Baena Price & Axelrod, LLP ("Bilzin Sumberg"), where I practiced for more than eleven years. Prior to joining Bilzin Sumberg in March 2010, I was a partner in the litigation department of Baker McKenzie, where I practiced for six years.

8. My standard hourly rate is $750.

## ENGAGEMENT AND PREPARATION

9. Motorsport Games Inc. ("Motorsport"), the Defendant in this case, retained me to provide expert testimony on the reasonableness of the fees incurred by AXS Law Group, PLLC ("AXS") in this case. AXS's representation of Motorsport resulted in the trial court's entry of summary judgment in Motorsport's favor.

10. Before preparing this affidavit, I reviewed for context the filings in this case which AXS provided, but focused principally on the following filings:

    a. Complaint, filed on May 20, 2024;

    b. Order Granting Motion to Dismiss, dated October 24, 2024;

    c. Answer and Affirmative Defenses, filed on November 6, 2024;

    d. Offer of Judgment, served on November 25, 2024;

    e. Defendant's Motion for Summary Judgment, filed on March 19, 2025;

2

  f. Defendant's Statement of Material Facts, filed on March 19, 2025;

  g. Plaintiff's Motion for Summary Judgment, filed on March 19, 2025;

  h. Plaintiff's Statement of Material Facts, filed on March 19, 2025;

  i. Plaintiff's Response to Defendant's Statement of Material Facts, filed on April 4, 2025;

  j. Plaintiff's Response in Opposition to Motion for Summary Judgment, filed on April 4, 2025;

  k. Defendant's Response to Defendant's Statement of Material Facts, filed on April 4, 2025;

  l. Defendant's Response to Plaintiff's Motion for Summary Judgment, filed on April 4, 2025;

  m. Plaintiff's Reply in Support of Summary Judgment, filed on April 11, 2025;

  n. Defendant's Reply in Support of Motion for Summary Judgment, filed on April 11, 2025;

  o. Order on Motions for Summary Judgment, entered on May 7, 2025.

 11. I also reviewed the on-line docket for this case to verify the course of proceedings, the unfiled, but served discovery requests and responses, and various paperless orders and minute entries reflected in the docket concerning discovery matters.

 12. Finally, fully informed on the progress of the case, I reviewed the engagement agreement between Motorsport and AXS, which set forth the hourly rates for work performed on this case, and the invoices reflecting time billed by attorneys and paralegals for work on the case after the date of Motorsport's offer of judgment.

### **OPINION**

 13. I have considered and evaluated the eight factors set forth in Rule 4-1.5 of the Rules Regulating the Florida Bar. I also have considered the federal lodestar approach to determining

3

reasonable attorneys' fees, as well as any factors that merit a reduction or enhancement of the attorney's fees in this case. *Florida Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla.1985); *Standard Guar. Ins. Co. v. Quanstrom,* 555 So. 2d 828 (Fla. 1990).

14. In my experience, and based on my review of the materials referenced, consideration of the issues, and assessment of the lawyers and paralegals involved, the hourly rates charged by AXS lawyers and paralegals are consistent with the rates charged for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation in the relevant legal community on similar matters.

15. The bulk of the billable work on this matter was performed by the following attorneys, whose experience and hourly rates are as follows:

   a. **Alice Ferot,** graduated from Universite Paris-Est Creteil in 2003, and practiced law in France for several years. Upon moving to the United States, she obtained an L.L.M degree from NYU in 2008, and her law degree from Florida International University, College of Law in 2008. Ms. Ferot clerked for U.S. District Judge Marcia Cooke and interned for U.S. Magistrate Judge Edwin G. Torres. Prior to joining AXS, Ms. Ferot worked with Black, Srebnick, Kornspan & Stumpf, where she handled general civil litigation matters. A reasonable hourly rate for Ms. Ferot would be in the range of $550 to $650 per hour, so that the $550 hourly rate charged in this matter for her services is reasonable.

   b. **Jeffrey Gutchess,** the founding shareholder of AXS, attended Syracuse University for his undergraduate studies, and Cornell University for law school. He was admitted to practice law in New York in 1992, and in Florida in 2004. Mr. Gutchess focuses his practice on complex litigation, and he is recognized in the community and among his peers for his experience and the quality of his work. Mr. Gutchess was a member of

the litigation teams at some of the largest and most prestigious firms in New York and South Florida. I am familiar with Mr. Gutchess's work, having worked with him in the past, having read his written product, and having observed his advocacy skills. A reasonable hourly rate for Mr. Gutchess would be in the range of $750 to $850, so that the $850 hourly rate charged in this matter for his services is reasonable.

c. **Joshua Shore**, graduated from Washington University in 2003, and from the University of Miami School of Law in 2006, the same year he was admitted to the Florida Bar. He began his career with Podhurst Orseck, a highly regarded civil litigation boutique, and then went on to clerk for two federal judgments: U.S. Magistrate Judge Andrea Simonton and U.S. District Judge Jose Martinez. Prior to joining AXS, he was an attorney with Black, Srebnick, Kornspan & Stumpf, where he handled general civil litigation matters. A reasonable hourly rate for Mr. Shore would be in the range of $650 to $750, so that the $650 hourly rate charged in this matter for his services is reasonable.

d. **John "Jack" Flagg,** graduated from University of Miami School of Law in 2024, and has practiced law for over a year. A reasonable hourly rate for Mr. Flagg is $300 to $400 per hour, so that the $350 hourly rate charged in this matter for his services is reasonable.

e. **Jenna Ferolie**, graduated from the University of Miami School of Law in 2024, and has practiced law for less than a year. A reasonable hourly rate for Ms. Ferolie is $300 to $400 per hour, so that the 350 hourly rate charged in this matter for her services is reasonable.

16. To minimize the expenditure of attorneys' fees, AXS also used the services of several paralegals to handle various tasks in this case. The rates billed for their services ranged from $130 per

5

hour (Adam Olivero) to $275 per hour (Alejandra Pacheco and Lina Cohen), which are reasonable and consistent with the hourly rates charged in the community for similar work.

17. The hours expended by AXS lawyers for their legal services in representing Motorsport in this lawsuit are reasonable, especially considering the work performed and the results obtained.

18. Based on my review and analysis, I find that the total amount of $128,820.82, which Motorsport seeks, in this case is reasonable.

Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true.

_____
JOSE M. FERRER