UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.
_____/

## ORDER GRANTING ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Defendant's Verified Motion for an Award of Reasonable Attorneys' Fees and Costs ("Motion"), ECF No. [73], filed on July 3, 2025. Plaintiff did not file a Response. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On May 20, 2024, Plaintiff filed a Complaint against Defendant, asserting claims for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, and breach of fiduciary duty. ECF No. [1]. On November 25, 2024, Defendant filed a Notice of Serving Proposal for Settlement, pursuant to Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79. ECF No. [25]. Defendant offered Plaintiff a $25,000 settlement, which Plaintiff did not accept. ECF No. [73] ¶ 4. On March 19, 2025, the parties filed cross-motions for summary judgment. ECF Nos. [44], [45]. On May 7, 2025, the Court granted Defendant's Motion for Summary Judgment and dismissed the case with prejudice. ECF No. [65]. On July 9, 2025, following Defendant's filing of the Motion, Plaintiff's counsel filed a Motion to Withdraw as Attorney. ECF No. [75]. The same day, the Court granted Plaintiff's counsel's Motion to Withdraw and ordered Plaintiff to "either retain counsel or notify the Court of his intention to proceed *pro se*" no later than July

30, 2025. ECF No. [76]. The Court stated "[a]ll other case deadlines remain strictly in place." *Id*. Plaintiff failed to respond to the Motion within 14 days, thereby providing sufficient cause for granting the Motion by default.[1] S.D. Fla. L. R. 7.1(c)(1).

Florida Statutes § 768.79 provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability." Fla. Stat. § 768.79(1). Defendant complied with the requirements of Section 768.79 and is therefore entitled to reasonable costs and attorneys' fees from November 25, 2024. *Id.*

Defendants submitted evidence of the attorneys' fees and costs incurred in the form of "detailed billing records identifying the hours billed to each task and a description of the task completed." ECF No. [73] at 7. The Motion includes declarations from each of the attorneys[2] who billed time in the case. ECF No. [73-3] at 1-13. The declarations state the number of years of experience each attorney has, the attorneys' hourly rates, the total number of hours billed in the matter, and that the attached time records are true and accurate. *Id.* Defendant also retained Jose Ferrer as a fee expert, who concluded that (1) the hourly rates charged by the attorneys and

---

[1] Although, in the Motion, Defendant describes some of the details of the parties' conferral meeting, as required by Local Rule 7.3(a)(8), Plaintiff failed to respond to Defendant's Motion, thereby providing sufficient cause for granting the Motion by default. S.D. Fla. L. R. 7.1(c)(1). Plaintiff was also required to "describe in writing and with reasonable particularity each time entry of nontaxable expense to which [he] objects, both as to issues of entitlement and as to amount," and "provide supporting legal authority." S.D. Fla. L. R. 7.3(b). To the extent Plaintiff raised any objections during his conferral with Defendant, these conversations outside the presence of the Court do not qualify as a Response, as required by Local Rule 7.1(c)(1). Furthermore, none of the objections are accompanied by explanations beyond "blockbilling", "clerical work", "excessive", "non-compensable paralegal work", "redundant", or "unnecessary work." ECF No. [73-5]. These vague labels are insufficient to qualify as a Response to the Motion.

[2] The billing attorneys are Jeff Gutchess, Joshua Shore, Alice Ferot, Jack Flagg, and Jenna Ferolie. The paralegals who billed time in the case are Lina Cohen, Eva Areias, Adam Olivero, and Alejandra Pacheco. ECF No. [73] at 7. Ferot, who oversaw the paralegals who worked on the case, stated in her declaration the number of years of experience of each of the paralegals and the number of hours they billed in the case. ECF No. [73-3] at 8-9.

paralegals in this case were "reasonable and consistent with the hourly rates charged in the community for similar work"; (2) the hours expended are "reasonable, especially considering the work performed and the results obtained"; and (3) the total amount of $128,820.82 in attorneys' fees is reasonable. ECF No. [73] at 13 (citing ECF No. [74]). The Court finds that the hourly rates for each of the timekeepers are reasonable and customary for similar legal services in Miami-Dade County.

Additionally, Defendant seeks $5,770.60 in taxable costs and $2,239.68 in non-taxable costs, for a total of $8,010.28 in costs. ECF No. [73] at 14-17. Defendant has already filed a Motion for Taxation of Costs, pursuant to 28 U.S.C. § 1920(1), ECF No. [67], which was referred to Judge Elfenbein for a Report and Recommendation. ECF No. [72]. Although Plaintiff did not respond to this Motion, Plaintiff filed a Response to Defendant's Motion to Tax Costs. ECF No. [70]. Defendant's Motion to Tax Costs relates to the same $5,770.60 in taxable costs that Defendant seeks in this Motion. ECF Nos. [67] at 4, [73] at 14. Defendant concedes that "to the extent that any cost taxed pursuant to 28 U.S.C. § 1920(1) are awarded prior to the ruling on this Motion, they should not be included in the award of costs pursuant to this Motion." ECF No. [73] at 14. Therefore, the Court will defer deciding the matter of taxable costs until Judge Elfenbein has issued her Report and Recommendation and the parties have had an opportunity to file objections. However, the $2,239.68 that Defendant seeks in non-taxable costs was not part of the Motion for Taxation of Costs and is recoverable here. *See* ECF No. [67].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for an Award of Reasonable Attorneys' Fees and Costs, **ECF No. [73],** is **GRANTED IN PART**.

2. Defendant shall recover **$131,060.50** in fees and costs from Plaintiff, plus post-judgment interest. This amount shall consist of:

3

      i. $128,820.82 in attorney's fees;

     ii. $2,239.68 in non-taxable costs;

    iii. Post-judgment interest, accruing from May 7, 2025.

b. The Court reserves judgment on the matter of taxable costs, which will be addressed once the parties have had the opportunity to file objections to Judge Elfenbein's Report and Recommendation. *See* ECF No. [72].

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record