UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21929-BLOOM/Elfenbein

ZACHARY GRIFFIN,

    Plaintiff,

v.

MOTORSPORT GAMES INC.,

    Defendant.
_____/

**ORDER ON MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendant's Motion to Tax Costs ("Motion"), ECF No. [67], filed on June 6, 2025. Plaintiff filed a Response, ECF No. [70], to which Defendant filed a Reply. ECF No. [71]. On July 10, 2025, the Court granted in part and denied in part Defendant's Motion for an Award of Reasonable Attorneys' Fees. ECF No. [78]. The Court "reserve[d] judgment on the matter of taxable costs, which will be addressed once the parties have had the opportunity to file objections to Judge Elfenbein's Report and Recommendation." *Id.* at 4 (citing ECF No. [72]). The Court now withdraws its referral to Judge Elfenbein and considers the Motion. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.**    **BACKGROUND**

On May 20, 2024, Plaintiff filed a Complaint against Defendant, asserting claims for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, and breach of fiduciary duty. ECF No. [1]. On March 19, 2025, the parties filed cross-motions for summary judgment. ECF Nos. [44], [45]. On May 7, 2025, the Court granted Defendant's Motion for Summary Judgment and dismissed the case with prejudice. ECF No. [65]. Defendant

now seeks $5,770.60 in costs plus post-judgment interest. ECF No. [67] at 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III. DISCUSSION

As the prevailing party, Defendant is entitled to the amount of taxable costs incurred. Defendant seeks an aggregate amount of $5,608.60, for the costs associated with two depositions: the deposition of Plaintiff Zachary Griffin and the deposition of the Defendant's corporate representative of MSGM, Stanley Beckley. Here, the record supports that two depositions were necessary as each is a party in the case. In addition, the transcripts of the two depositions were been used extensively by both parties in their respective motions for summary judgment and statements of material facts. *See* ECF Nos. [42] and [44]. "[D]epositions relied upon for summary judgment motions are taxable." *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *4 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (finding the necessity of a deposition facially evident given that the deposition was referenced in the litigant's statement of material fact.").

Defendant is correct that the "court reporter attendance" fee of $715.00 is taxable. *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012) ("[A]ttendance fees of court reporters are taxable costs.") (citing *Rodriguez v. M.I. Quality Lawn Maint., Inc.,* 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) (collecting cases)); *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) ([T]he stenographer's . . . attendance fees are taxable."). Moreover, Plaintiff's failure to object to the video recording of his deposition renders that cost taxable as well. *Morrison v. Reichhold Chemicals, Inc*., 97 F.3d 460, 465 (11th Cir. 1996)

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Tax Costs, **ECF No. [67],** is **GRANTED.**

2. Defendant is entitled to judgment in the amount of **$5, 608.60** plus post-judgment interest against Plaintiff Griffin for costs taxable under 28 U.S.C. § 1920.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 16, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record