**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21929-BLOOM/Elfenbein**

ZACHARY GRIFFIN,

Plaintiff,

v.

MOTORSPORT GAMES INC.,

Defendant.
______________________________/

# ORDER ON MOTION TO SET ASIDE SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff Zachary Griffin's Rule 60(b)(3) and 60(b)(2) Motion to Set Aside Summary Judgment Order ("Rule 60(b) Motion"), ECF No. [84], filed on May 7, 2026. Defendant Motorsport Games, Inc., filed a Response, ECF No. [88], to which Plaintiff filed a Reply, ECF No. [89]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

## I. BACKGROUND

On May 7, 2025, this Court entered an Order on Motions for Summary Judgment in favor of Defendant on Plaintiff's promissory estoppel claim ("Order on Summary Judgment").[1] ECF No. [65]. Plaintiff appealed. ECF No. [66]. The appeal is currently pending. On May 7, 2026, Plaintiff filed the instant Motion, asking this Court to issue an indicative ruling under Rule 62.1 to

[1] On May 20, 2024, Plaintiff filed his Complaint against Defendant, asserting claims for breach of contract (Count I), breach of covenant of good faith and fair dealing (Count II), promissory estoppel (Count III), and breach of fiduciary duty (Count IV). ECF No. [1]. On October 24, 2024, the Court granted Defendant's Motion to Dismiss in part, dismissing all claims against Defendant except Count III, the claim of promissory estoppel. ECF No. [22].

set aside this Court's Order on Summary Judgment. *See* ECF No. [84]. On May 13, 2026, the Court issued an Order determining that Plaintiff's Rule 60(b) Motion raises a substantial issue that warrants further consideration and ordered full briefing pursuant to U.S. Ct. of App. 11th Cir. R. 12.1-1(d).[2] ECF No. [87].

Plaintiff's Motion seeks to set aside the Court's Order on Summary Judgment. ECF No. [84]. The Order on Summary Judgment was based, in part, on the Court's conclusion that Plaintiff did not offer evidence contradicting Defendant's showing of performance on the visa-sponsorship promise. *Id.* Plaintiff argues that Defendant withheld material documents that Plaintiff was recently able to discover and those documents would have impacted summary judgment. *Id.*

In support of his Motion, Plaintiff filed a Declaration stating that several months after the Order on Summary Judgment was entered, he "discovered" he had access to a backup of some documents, which were kept in commercial storage in Australia. ECF No. [84-1] ¶ 2. Email communications were contained on a ".PST" file on an internal SSD laptop hard-drive and Microsoft Teams communications were contained on an iPhone Plaintiff used during his employment with Defendant. *Id.* Plaintiff had difficulty extracting and accessing the .PST file, and he built a tool to export the records. *Id.* ¶ 3. Plaintiff does not recall when he was first able to access the correspondence but believes it was "around the end of 2025." *Id.* Plaintiff then compared those documents to Defendant's discovery productions and concluded the backup files contained thousands of pages of documents that were not previously disclosed. *Id.* ¶¶ 5-6. Plaintiff did not have "practical access" to these backup materials during the summary judgment briefing. *Id.* ¶ 13.

[2] Rule 12.1-1(d) states, "[I]f the district court determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating. The district court may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." U.S. Ct. of App. 11th Cir. R. 12.1-1(d).

Plaintiff argues that certain communications he discovered were responsive to Plaintiff's discovery requests but were not produced by Defendant. ECF No. [84] at 5. The communications concern Defendants' internal efforts to facilitate Plaintiff's visa sponsorship, communications reflecting Plaintiff's authority to act on behalf of Defendant, and communications concerning Plaintiff's executive work for Defendant related to a Moscow studio investigation. *Id.* Plaintiff argues the newly obtained documents are material because they show that the failure to file the visa petition resulted from Defendant's failure to provide employer-side cooperation necessary to complete the promised visa sponsorship. *Id.* at 8.

Plaintiff filed the instant Motion arguing that the Order on Summary Judgment must be set aside under Rule 60(b)(2) or Rule 60(b)(3) because of the newly discovered documents that Defendant failed to produce. *Id.* Defendant responds that Plaintiff's claims never had merit and the evidence he seeks to include in proceedings after judgment would not have changed the ultimate outcome of the litigation. ECF No. [88] at 1. Therefore, Plaintiff has not satisfied his burden that setting aside the Order on Summary Judgment is necessary under Rule 60(b)(2) or Rule 60(b)(3). *Id.* at 4-5.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)).

"By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's

conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

## III. DISCUSSION

### A. Filed Within a Reasonable Time

As an initial matter, Defendant argues that Plaintiff did not file the Motion within a reasonable time. ECF No. [88] at 9. The one-year timeframe for motions under Rule 60(b)(1)-(3) is the outer limit, but Courts have denied Rule 60(b) motions when filing has been delayed by a few months. *Id.* Plaintiff waited eight months after he discovered the information before filing the Motion. *Id.* at 10. Where the material was in Plaintiff's possession and he had actual knowledge of the documents by at least late 2025, waiting until May 2026 to file cannot be considered reasonably timely. *Id.* at 11.

Plaintiff responds that he filed the Motion within the one-year filing deadline. ECF No. [89] at 6. Plaintiff argues there was no unreasonable delay because the materials were in backup data from old devices and storage media. *Id.* at 7. Plaintiff had to extract, review, and compare those materials against Defendant's discovery productions. *Id.* Plaintiff argues that Defendant has not experienced meaningful prejudice from the timing of the filing because the appeal remains pending and no trial has occurred. *Id.* Considering the facts of this case and the time to extract and review the information, the time Plaintiff filed the Motion is reasonable. *Id.*

Rule 60(b) motions must be filed within a reasonable time. Fed. R. Civ. P. 60(c). If the motion is made under Rule 60(b)(1)-(3), the motion must be filed no more than a year after entry

of the judgment. *Id.* A court may deny Rule 60(b) relief filed within the one-year timeline if the movant fails to provide an acceptable reason for the delay in filing. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014) (finding that a five-month delay in filing a 60(b)(3) claim was unreasonable because movant did not provide a reason why he waited five months after his attorney was licensed before filing).

Plaintiff filed the Motion on May 7, 2026, exactly one year from the Order on Summary Judgment. Plaintiff represents he discovered the material "at the end of 2025." Prior to filing the Motion, Plaintiff states he had to gain access to, review, and compare the files to Defendant's discovery production. Where Plaintiff outlines the steps taken to retrieve and review the information contained on the hard-drive and iPhone, the Court does not conclude that a delay of several months, yet still within the one-year deadline, was unreasonable. Accordingly, the Court addresses the Motion on the merits.[3]

**B. Rule 60(b)(3)**

Plaintiff argues that the Order on Summary Judgment should be set aside under Rule 60(b)(3) because Defendant wrongly concealed or withheld relevant documents in discovery. ECF

[3] Defendant also argues that Plaintiff's Motion should be denied because Plaintiff failed to meet and confer as required under S.D. Fla. Local Rule 7.1(a)(3). ECF No. [88] at 6. Plaintiff sent Defendant an email after business hours and approximately five hours before the one-year deadline to file the Motion. *Id.* at 8. The email was "perfunctory" and failed to enclose the evidence discovered, when it was discovered, or the basis Plaintiff seeks relief from judgment. *Id.* The failure to confer prevented Defendant from the ability to correct misunderstandings and misstatements of the facts. *Id.* Plaintiff responds that Rule 7.1(a)(3) does not prevent consideration of a motion when enforcing the rule would not fulfill the rule's purpose of fostering cooperation to resolve issues without the Court's intervention. ECF No. [89]. Because Defendant is unlikely to agree to set aside the Order on Summary Judgment, conferral would not serve any purpose. *Id.*

Plaintiff's attempts at conferral are insufficient. Sending an email after business hours and a few hours prior to filing the Motion is not a "reasonable effort" to confer nor does it represent a "good faith effort to resolve by agreement the issues raised in the motion," as required by Rule 7.1(a)(3). However, enforcing Rule 7.1(a)(3) to dismiss the Motion would not promote the Rule's purpose because conferral would be unlikely to resolve the issues raised in the Motion. The Court agrees it is unlikely Defendant would have agreed to set aside the Order on Summary Judgment. Therefore, the Court proceeds to address the Motion on its merits.

No. [84] at 12-13. The withheld documents show that Defendant was required to perform certain tasks to execute Plaintiff's visa sponsorship, undertook those tasks, and failed to complete them. *Id.* at 14. That evidence shows that Defendant failed to fulfill its promise to sponsor Plaintiff for a visa, which was a significant basis for the Court entering summary judgment against Plaintiff. *Id.* The concealed evidence is exactly the type of evidence Plaintiff needed to contradict Defendant's showing of performance. *Id.* at 15. The other uncovered evidence reveals Defendant withheld documents it considered damaging, which denied Plaintiff an opportunity to fairly adjudicate his dispute, even if it may not have affected the Order on Summary Judgment. *Id.*

Defendant responds that Plaintiff has not met the requirements to obtain relief under Rule 60(b)(3). ECF No. [88] at 17. Plaintiff has not produced any evidence that Defendant committed misconduct. *Id.* Rather, Plaintiff failed to conduct a diligent search and production of materials that were within his possession, custody, and control at all times, and only produced 56 documents during discovery. *Id.* After the Court's Order on Summary Judgment, Plaintiff then "discovered" he had access to a computer containing 22,000 documents. *Id.* In contrast, Defendant collected over 34,000 documents from three custodians, and counsel then filtered and reviewed the documents to produce over one thousand documents. *Id.* At no point during discovery did Plaintiff raise issues with missing documents. *Id.* Moreover, Plaintiff does not provide any justification, other than bare speculation, that the non-production of seven documents, two of which are not responsive to any discovery request, constitutes affirmative misconduct. *Id.* at 18. If there was misconduct in this case, it was Plaintiff's own conduct for his failure to disclose documents in his possession that he was ordered to produce. *Id.*

Plaintiff replies that Defendant had access to the documents because the documents at issue are between Defendant's employees, are maintained on Defendant's servers, and are controlled by

Defendant. ECF No. [89] at 2. Defendant prevented Plaintiff's access to those documents when Plaintiff was terminated. *Id.* Defendant always had access to those documents, but Plaintiff was surprised to learn that he had access to some of those communications on an old hard-drive and iPhone. *Id.* Plaintiff does not accuse Defendant of bad faith or fraudulent intention and has shown Defendant's misconduct through Defendant's erroneous failure to produce a relevant document in discovery. *Id.* at 3. Defendant's failure to produce those documents prevented Plaintiff from fully and fairly presenting his case and that is sufficient to warrant Rule 60(b)(3) relief.

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003) (internal citations omitted). "Rule 60(b)(3) applies to misconduct in withholding information called for by discovery[.]" *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). However, "[e]vidence of an opposing party's carelessness is insufficient to justify relief." *See Attea v. University of Miami*, 678 F. App'x 971, 974-75 (11th Cir. 2017) (finding no abuse of discretion in denying Rule 60(b)(3) motion where the alleged fraud "at most amounted to carelessness" and "[plaintiff] did not demonstrate that the defendants knowingly withheld discovery documents."); *see also First Nat. Life Ins. Co. v. California Pac. Life Ins. Co.*, 876 F.2d 877, 883 (11th Cir. 1989) ("Although we do not endorse the somewhat careless and indifferent manner CPL's counsel displayed in failing to bring the district court's attention to the factual error, we cannot conclude that such conduct amounts to fraud."); *Rozier*, 573 F.2d at 1341-42 (finding misconduct where defendant stated it could not find a report

specifically requested in an interrogatory, discovered the report a month later, but failed to disclose it or amend the inaccurate interrogatory response).

Here, Plaintiff has not demonstrated that Defendant's failure to produce relevant documents in response to discovery requests constitutes misconduct. Plaintiff's argument that Defendant "erroneously" failing to produce a relevant document constitutes misconduct under Rule 60(b)(3) is not an accurate statement of the law. Relief requires more than mere carelessness. Plaintiff argues *Rozier* supports his position that he does not need to show that the documents were maliciously or mistakenly withheld. However, *Rozier* does not support that conclusion.

In *Rozier*, the Fifth Circuit concluded that the plaintiff demonstrated misrepresentation and other misconduct. 573 F.2d at 1341-42. The plaintiff's interrogatory, refined by the district court's discovery order, called for production of a particular document. The defendant stated in its written responses that it could not find that report. One month later, defendant's in-house attorney discovered the document but did not disclose it and did not amend its inaccurate discovery response. *Id.* Here, in contrast, Plaintiff's discovery requests were broad, requesting "all documents evidencing communications" between various individuals. *See* ECF No. [88-5]. At the parties' discovery hearing, the Magistrate Judge ruled on the parties' discovery objections and limited the scope of Defendant's search for communications. *See* ECF No. [41]. Defendant outlined the steps taken to produce those documents. Unlike *Rozier*, Plaintiff does not allege that Defendant denied having any particular communications, later discovered the relevant communications, and still failed to produce those communications to Defendant.

Without showing a knowing and intentional failure to disclose responsive documents, Plaintiff has not presented clear and convincing evidence that Defendant's conduct amounts to misconduct. Plaintiff's Reply acknowledges as much when he states asserts Defendant's

"erroneous" failure to disclose, but Plaintiff does not allege bad faith or fraudulent intention. *See* ECF No. [89] at 3 n.1. Nor has Plaintiff shown that Defendant's lack of production of those documents prevented Plaintiff from fully presenting his case as the documents were in Plaintiff's possession throughout discovery and summary judgment briefing. As such, relief under Rule 60(b)(3) is not warranted.

**A. Rule 60(b)(2)**

Plaintiff argues in the alternative that the Order on Summary Judgment should be set aside under Rule 60(b)(2) because of the discovery of new evidence. ECF No. [84] at 12. The identified documents would have materially affected Plaintiff's briefing on summary judgment and would have impacted the Court's assessment of whether Plaintiff had presented evidence regarding Defendant's fulfillment of its promise. *Id.* at 8. Plaintiff contends Rule 60(b)(2) relief is warranted because the evidence was located after judgment, is not cumulative, and would have materially changed the record on summary judgment. *Id.* at 15.

Defendant responds that Plaintiff has not met the requirements to obtain relief under Rule 60(b)(2). ECF No. [88] at 11. The materials underlying Plaintiff's motion are not newly discovered because they were in his possession prior to the judgment. *Id.* at 12. Plaintiff has not demonstrated reasonable diligence to discover the material before the entry of the Court's Order on Summary Judgment when the materials were in his possession in storage and he neglected to comply with a Court Order to search an iPhone in his possession. *Id.* at 12-13. Plaintiff has also not shown that the materials are non-cumulative, material, or justify a different result. *Id.*

Plaintiff's Reply does not respond to Defendant's arguments regarding Rule 60(b)(2). *See generally* ECF No. [89].

"For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Waddell*, 329 F.3d at 1309 (internal citations omitted). The evidence does not need to raise a new issue that was not previously litigated; instead, "[w]hat matters is whether the movant presents new evidence to support the motion." *In re Global Energies, LLC*, 763 F.3d 1341, 1347-48 (11th Cir. 2014). "[E]vidence cannot be 'newly discovered' under Rule 60 if it is in the possession of the moving party or that party's attorney prior to the entry of judgment." *Gundotra v. U.S. Dep't of I.R.S.*, 160 F. App'x 834, 836 (11th Cir. 2005) (citing *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)).

Plaintiff states he discovered the purported new evidence when he realized he had access to backups of information on a hard-drive and an iPhone held in storage in Australia, which falls within Plaintiff's possession. Therefore, such information cannot be newly discovered. Plaintiff's request for Rule 60(b)(2) relief fails on that basis alone.

Plaintiff has also not demonstrated due diligence in discovering the new evidence. "To demonstrate due diligence, the moving party must show why he did not have the evidence at the time of the trial." *Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 F. App'x 797, 805 (11th Cir. 2011). Courts find lack of due diligence when the party had the ability to obtain the evidence prior to judgment and did not do so. *See Kissinger-Campbell*, 418 F. App'x at 805 (treating the failure to locate a witness prior to trial as a lack of due diligence, concluding: "Simply put, Defendants could have (and potentially should have) procured before or during trial the

testimony that they now seek to present. They failed to do so."); *Richitelli v. United States Postal Serv.*, No. 24-11222, 2024 WL 5265229, at *2 (11th Cir. Dec. 30, 2024) (affirming Rule 60(b)(2) denial because "Richitelli and her mother waited four years after the incident, two years after filing suit, and eight months after entry of judgment to begin seeking accounts of similar incidents at the collection box. She failed to adequately explain the lack of diligence."); *Harduvel v. Gen. Dynamics Corp.*, 801 F. Supp. 597, 605 (M.D. Fla. 1992) (finding movant did not act with due diligence when the purported new evidence was obtained from the Air Force but movant had previously sent FOIA requests to the Air Force during discovery, which the Air Force had fulfilled).

Plaintiff states he was "surprised" to discover he had access to the hard-drive and iPhone, but he does not state that those items were inaccessible to him during this case. Plaintiff describes the actions he took to recover the information from the hard-drive and iPhone but provides no explanation for why Plaintiff could not have taken any of those actions prior to entry of the Order on Summary Judgment. Where Plaintiff had the documents in his possession and had the ability to obtain those documents prior to judgment, Plaintiff did not act with due diligence.

Because the Court concludes the information is not newly discovered and that Plaintiff did not exercise due diligence, it need not consider whether the information is material, non-cumulative, or would produce a different result. Rule 60(b)(2) relief is not warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [84]**, is **DENIED**.[4]

---

[4] Because the Court denies Plaintiff's Motion, no remand from the Eleventh Circuit is necessary. Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion . . . .").

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record